DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

     950 Pennsylvania Avenue NW, Room B-200
     Washington, D.C. 20530
     Telephone:  (771) 217-6091
     E-mail:  christopher.rigali2@usdoj.gov
     Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ALEXANDER SMIRNOV,<br><br>        Defendant. | No. 2:24-cr-00091-ODW<br><br>GOVERNMENT'S 18 U.S.C. App. 3, § 2 NOTICE AND REQUEST TO DESIGNATE A CLASSIFIED INFORMATION SECURITY OFFICER; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>PROPOSED ORDER FILED SEPARATELY |

    Plaintiff, United States of America, by and through its counsel of record, the Office of Special Counsel David C. Weiss, hereby notifies the Court that the United States will invoke the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, in this case.  The United States provides this notice pursuant to 18 U.S.C. App. 3, § 2, and submits the following memorandum of law summarizing the procedures mandated by CIPA for protecting classified information and further requests that the Court enter an order appointing a Classified Information Security Officer ("CISO").

1

2   Dated: March 1, 2024               Respectfully submitted,

3                              DAVID C. WEISS
                             Special Counsel

4

5                              LEO J. WISE
                             Principal Senior Assistant Special
                             Counsel

6

7                              DEREK E. HINES
                             Senior Assistant Special Counsel

8                              SEAN F. MULRYNE
                             Assistant Special Counsel

9

10

11                              CHRISTOPHER M. RIGALI
                             Assistant Special Counsel

12                              Attorneys for Plaintiff
                             UNITED STATES OF AMERICA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.   INTRODUCTION....................................................1

II.  CIPA PROCEDURAL FRAMEWORK......................................1

     A.   Section 1 - Definitions..................................2

     B.   The Executive Branch Decides Whether to Disclose
          Classified Information...................................3

     C.   Section 2 - Pretrial Conference..........................4

     D.   Section 3 - Protective Orders............................5

     E.   Section 4 - Protection of Classified Information
          During Discovery.........................................5

     F.   Section 5 - Procedures for Cases Involving Classified
          Information Possessed by a Defendant.....................9

     G.   Section 6 - Pretrial Procedures Regarding the
          Admission of Classified Information.....................10

          1.   Section 6(a) and (b) - Pretrial Hearing on
               Disclosure and Notice..............................11

          2.   Section 6(c) and (d) - Alternative Procedure for
               Disclosure of Classified Information...............13

          3.   Section 6(e) - Prohibition on Disclosure and
               Relief for Defense.................................14

          4.   Section 6(f) - Reciprocity.........................15

     H.   Section 7 - CIPA's Interlocutory Appeal Framework.......15

     I.   Section 8 - Procedures Governing the Introduction of
          Classified Information at Pretrial Proceedings or
          Trial...................................................15

     J.   Section 9 - Security Procedures and Designation of a
          CISO....................................................16

III. CONCLUSION....................................................17

**TABLE OF AUTHORITIES**

AUTHORITY                                                            PAGE(S)

**Cases**

C.I.A. v. Sims,
471 U.S. 159 (1985) .............................................. 2

Dep't of the Navy v. Egan,
484 U.S. 518 (1988).............................................. 3

Roviaro v. United States,
  353 U.S. 53 (1957) ............................................. 7

United States v. Abu Ali,
  528 F.3d 210 (4th Cir. 2008) ............................... 6, 13

United States v. Abu-Jihaad,
  630 F.3d 102 (2d Cir. 2010) .................................... 8

United States v. Amawi,
  695 F.3d 457 (6th Cir. 2012) ................................ 7, 8

United States v. Aref,
  533 F.3d 72 (2d Cir. 2008) .................................. 7, 8

United States v. Asgari,
  940 F.3d 188 (6th Cir. 2019) ................................... 7

United States v. Badia,
  827 F.2d 1458 (11th Cir. 1987) ............................... 10

United States v. Baptista-Rodriguez,
  17 F.3d 1354 (11th Cir. 1994) ........................... 6, 9, 11

United States v. Collins,
  720 F.2d 1195 (11th Cir. 1983) ......................... 9, 10, 11

United States v. Dumeisi,
  424 F.3d 566 (7th Cir. 2005) ................................ 1, 5

ii

<u>United States v. Giffen</u>,
  473 F.3d 30 (2d Cir. 2006) ....................................... 13

<u>United States v. Hanna</u>,
  661 F.3d 271 (6th Cir. 2011) .................................. 8, 9

<u>United States v. Johnson</u>,
  139 F.3d 1359 (11th Cir. 1998) ................................... 5

<u>United States v. Klimavicius-Viloria</u>,
   (9th Cir. 1998) ......................................... 6, 7, 8

<u>United States v. Lemonakis</u>,
  485 F.2d 941 (D.C. Cir. 1973) .................................... 2

<u>United States v. Mallory</u>,
  40 F.4th 166, 174-78 (4th Cir. 2022) ........................... 13

<u>United States v. Marzook</u>,
  412 F. Supp. 2d 913 (N.D. Ill. 2006) ............................ 1

<u>United States v. McVeigh</u>,
  923 F. Supp. 1310 (D. Colo. 1996) ............................... 6

<u>United States v. Mejia</u>,
  448 F.3d 436 (D.C. Cir. 2006) ................................... 9

<u>United States v. Miller</u>,
  874 F.2d 1255 (9th Cir. 1989) .................................. 10

<u>United States v. North</u>,
  708 F. Supp. 399 (D.D.C. 1988) .................................. 2

<u>United States v. O'Hara</u>,
  301 F.3d 563 (7th Cir. 2002) .................................... 2

<u>United States v. Poindexter</u>,
  698 F. Supp. 316 (D.D.C. 1988) ................................. 12

<u>United States v. Rewald</u>,
  889 F.2d 855 (9th Cir. 1989) ................................... 10

*United States v. Rezaq*,

 134 F.3d 1121 (D.C. Cir. 1998) ....................................... 7

*United States v. Sarkissian*,

 841 F.2d 959 (9th Cir. 1988) ................................... 1, 8, 9

*United States v. Sedaghaty*,

 728 F.3d 885 (9th Cir. 2013) ..................................... 7, 9

*United States v. Shih*,

 79 F.4th 1077 (9th Cir. July 18, 2023) .......................... 7, 8

*United States v. Smith*,

 780 F.2d 1102 (4th Cir. 1985) ..................................... 12

*United States v. Smith*,

 899 F.2d 564 (6th Cir. 1990) ....................................... 8

*United States v. Varca*,

 896 F.2d 900 (5th Cir. 1990) ....................................... 6

*United States v. Wilson*,

 750 F.2d 7 (2d Cir. 1984) ......................................... 12

*United States v. Yunis*,

 867 F.2d 617 (D.C. Cir. 1989) ......................... 6, 7, 8, 12

**Statutes**

18 U.S.C. App. 3............................................... passim

18 U.S.C. § 201(b)(2)(C)............................................1

18 U.S.C. § 3713...................................................1

Pub L. 96-456.....................................................19

**<u>Rules</u>**

Federal Rule of Criminal Procedure 16(d)(1)..........................9

**<u>Executive Orders</u>**

Exec. Order 13526 § 4.1(a)(3)...................................4, 8

**<u>Other</u>**

S. Rep. No 96-823, at 5-6 (1980),

1980 U.S.C.C.A.N. 4294 .............................. 4, 7, 12, 14, 16

1

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

**I.    INTRODUCTION**

3    Defendant Alexander Smirnov is charged in a two-count indictment
4 with making a false statement to law enforcement, in violation of 18
5 U.S.C. § 1001, and causing the creation of a false and fictitious
6 record in a federal investigation, in violation of 18 U.S.C. §§ 1519 &
7 2. (Dkt. 1).  Trial is scheduled to begin on April 23, 2024. (Dkt. 40).

8    The United States anticipates that it may need to bring to the
9 Court's attention certain discovery issues or other matters relating
10 to classified material, and to do so, it will need to proceed under
11 the Classified Information Procedures Act, 18 U.S.C. App. 3 ("CIPA").
12 Section 2 of CIPA authorizes a party to move for a pretrial conference
13 any time after the filing of an indictment to consider matters relating
14 to classified information.  The United States expects that, in the
15 coming weeks and following its further assessment of the nature and
16 scope of classified material at issue, it will request that the Court
17 hold a CIPA Section 2 hearing.  For now, however, the United States
18 respectfully requests that the Court designate a Classified Information
19 Security Officer ("CISO"), as detailed below.

20

**II.   CIPA PROCEDURAL FRAMEWORK**

21    CIPA mandates several protocols for protecting all forms of
22 classified information in criminal proceedings.  Essentially, CIPA is
23 "a procedural tool for a court to address the relevance of classified
24 information before it may be introduced." <u>United States v. Marzook</u>,
25 412 F. Supp. 2d 913, 917-18 (N.D. Ill. 2006) (citing <u>United States v.</u>
26 <u>Dumeisi</u>, 424 F.3d 566, 578 (7th Cir. 2005)); <u>see also</u> <u>United States v.</u>
27 <u>Sarkissian</u>, 841 F.2d 959, 965 (9th Cir. 1988) ("CIPA creates a pre-
28 trial procedure for ruling upon the admissibility of classified

information.").   CIPA's fundamental purpose is to "protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial." United States v. O'Hara, 301 F.3d 563, 569 (7th Cir. 2002).

## A.   Section 1 - Definitions

Section 1 of CIPA defines "classified information" as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. App. 3, § 1(a). "National security," in turn, is defined as "the national defense and foreign relations of the United States." Id. at § 1(b). It is important to bear in mind that CIPA applies equally to classified testimony and classified documents. United States v. North, 708 F. Supp. 399, 399-400 (D.D.C. 1988).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure, noting that "[t]he Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." C.I.A. v. Sims, 471 U.S. 159, 175 (1985) (internal punctuation omitted). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant . . . ." United States v. Lemonakis, 485 F.2d 941, 963 (D.C. Cir. 1973).

2

**B.    The Executive Branch Decides Whether to Disclose Classified Information**

The decision whether to disclose classified information to anyone is committed to the Executive Branch.  <u>Dep't of the Navy v. Egan</u>, 484 U.S. 518, 528-29 (1988).  In enacting CIPA, Congress made this clear by giving the government the statutory right to seek an expedited appeal from a "district court order in a criminal case authorizing the disclosure of classified information, imposing sanctions for non-disclosure of classified information, or refusing a protective order." 18 U.S.C. App. 3, § 7.  Thus, although district courts have the power to order, after conducting the appropriate analysis under CIPA, disclosure of certain information in discovery to a defendant, district courts are not authorized to disclose unilaterally any classified information to a defendant or his counsel.

At present, the government does not anticipate relying on or introducing classified information in its case-in-chief, and the government does not anticipate that classified information will be admissible in a defense case.  The government is in the process, however, of assessing whether any classified information needs to be provided to the defense in furtherance of the government's discovery obligations.

Regarding the (potential) provision of classified information to defense counsel, the government notes that the decision whether to grant a security clearance to anyone, including defense counsel, is committed to the Executive Branch agencies responsible for protecting the classified information.  <u>Egan</u>, 484 U.S. at 528-29.  Moreover, a security clearance at a given level is insufficient by itself to entitle any individual to access or receive national security information

1    classified at that level.  Rather, in addition to receiving a security
2    clearance after a favorable determination of eligibility and execution
3    of a non-disclosure agreement, an individual must have a "need to know"
4    the classified information at issue.  <u>See</u> Exec. Order 13526 § 4.1(a)(3).
5    "Need to know" is defined as "a determination within the executive
6    branch . . . that a prospective recipient requires access to specific
7    classified information in order to perform or assist in a lawful and
8    authorized governmental function."  <u>Id.</u> § 6.1(dd).

9    **C.   Section 2 - Pretrial Conference**

10    Section 2 of CIPA provides that "[a]t any time after the filing
11    of the indictment or information, any party may move for a pretrial
12    conference to consider matters relating to classified information that
13    may arise in connection with the prosecution."  18 U.S.C. App. 3, § 2.
14    After such a motion is filed, Section 2 mandates that the district
15    court "shall promptly hold a pretrial conference to establish the
16    timing of requests for discovery, the provision of notice required by
17    Section 5 of [CIPA], and the initiation of the procedure established
18    by Section 6 of [CIPA]."  <u>Id.</u>  The Section 2 pretrial conference is
19    not a conference to address or resolve substantive issues concerning
20    the use of classified information.  <u>See</u> S. Rep. No 96-823, at 5-6
21    (1980), 1980 U.S.C.C.A.N. 4294, 4298-99.[1]

22    As noted above, the government expects requesting the Court to
23    hold a Section 2 hearing in the coming weeks and following its further
24    assessment of the nature and scope of classified material at issue;
25    this will enable the government to better apprise the Court regarding

26    _____

27    [1] Indeed, to foster open discussions at the pretrial conference,
     § 2 provides that no admission made by the defendant or his or her
28    attorney at the pretrial conference may be used against the defendant
     unless the admission is in writing and signed by both the defendant
     and his or her attorney.  18 U.S.C. App. 3, § 2.

4

its expectations for CIPA litigation in this matter.[2]

**D.    Section 3 – Protective Orders**

Section 3 of CIPA requires the Court, upon the request of the United States, to issue an order "to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case. . . ."  18 U.S.C. App. 3, § 2.  In addition to prohibiting such disclosure, protective orders issued under CIPA generally set forth rules for all parties governing the use and storage of classified information and provide for the appointment of a CISO, who will assist the Court and the parties with the logistics and processes for producing, storing, filing, and handling classified information.  In other words, the CISO is a resource for the Court and both parties regarding the handling and use of classified information in this litigation.

**E.    Section 4 - Protection of Classified Information During Discovery**

Section 4 of CIPA provides a procedural mechanism to protect classified information, sources, and methods, while simultaneously ensuring that the government is able to satisfy its discovery obligations.

CIPA does not create any new right of discovery or expand the rules governing the admissibility of evidence.  Dumeisi, 424 F.3d at 578 ("CIPA does not create any discovery rights for the defendant."); United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA

---

[2] Section 2 hearings are typically public, and as such, the hearings do not involve a discussion about the nature or scope of classified information.  Should the Court require additional information about the nature and scope of the classified information at issue, the government can make itself available for an *ex parte* Section 2 hearing in a classified setting.

has no substantive impact on the admissibility or relevance of probative evidence."). Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of such information to protect the government's national security interests. United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363-64 (11th Cir. 1994); United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989).

CIPA thus does not, and was not intended to, "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." United States v. Varca, 896 F.2d 900, 905 (5th Cir. 1990); see United States v. McVeigh, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of Brady"); see also United States v. Abu Ali, 528 F.3d 210, 247 (4th Cir. 2008). Nor does CIPA provide that the admissibility of classified information be governed by anything other than the "well-established standards set forth in the Federal Rules of Evidence." Baptista-Rodriguez, 17 F.3d at 1364 (citations omitted).

Accordingly, pursuant to CIPA Section 4, district courts have the opportunity to assess whether, and the extent to which, specified items of classified information should be disclosed. Specifically, Section 4 provides that "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a

1  statement admitting the relevant facts that classified information
2  would tend to prove."  18 U.S.C. App. 3, § 4; see also United States
3  v. Sedaghaty, 728 F.3d 885, 904 (9th Cir. 2013); United States v.
4  Rezaq, 134 F.3d 1121, 1142 (D.C. Cir. 1998).

5      Similar to Federal Rule of Criminal Procedure 16(d)(1), which
6  gives the district court the authority to "deny, restrict, or defer
7  discovery or inspection, or grant other appropriate relief" for "good
8  cause," CIPA Section 4 authorizes the district court "upon a sufficient
9  showing" to deny, or otherwise restrict, discovery by the defendant of
10  classified documents and information belonging to the United States.
11  18 U.S.C. App. 3, § 4; see, e.g., United States v. Asgari, 940 F.3d
12  188, 191 (6th Cir. 2019); Rezaq, 134 F.3d at 1142; Yunis, 867 F.2d at
13  619-25.  The legislative history of CIPA makes clear that Section 4
14  was intended to simply clarify the district court's power under Rule
15  16(d)(1) to deny or restrict discovery in order to protect national
16  security.  See S. Rep. No. 96-823, at 6, 1980 U.S.C.C.A.N. at 4299-
17  4300; see also United States v. Aref, 533 F.3d 72, 78-79 (2d Cir.
18  2008).

19      Thus, a district court has the authority to withhold disclosure
20  of classified information if it determines that the information is not
21  "relevant and helpful to the defense of an accused."  Klimavicius-
22  Viloria, 144 F.3d at 1261 (internal quotation and citation omitted);
23  see also United States v. Shih, 73 F.4th 1077, 1102 (9th Cir. 2023)
24  (quoting Sedaghaty, 728 F.3d at 904)); Asgari, 940 F.3d at 191; United
25  States v. Amawi, 695 F.3d 457, 469-70 (6th Cir. 2012); see also Yunis,
26  867 F.2d at 623 ("[A] defendant seeking classified information . . .
27  is entitled only to information that is at least 'helpful to the defense
28  of [the] accused.'" (quoting Roviaro v. United States, 353 U.S. 53,

7

60-61 (1957))).  "Under this [relevant and helpful] test, information meets the standard for disclosure 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" _Klimavicius-Viloria_, 144 F.3d at 1261 (quoting _United States v. Bagley_, 473 U.S. 667, 682 (1985)).

CIPA Section 4 also provides, similar to Rule 16(d)(1), that the government may demonstrate that the use of an alternative discovery procedure—such as deletion or substitution—is warranted.  CIPA further specifically provides that the government may make this showing _in camera_ and _ex parte_.  18 U.S.C. App. 3, § 4; _see_ _Amawi_, 695 F.3d at 472 ("[E]very court that has considered this issue has held that CIPA permits ex parte hearings."); _United States v. Hanna_, 661 F.3d 271, 295 (6th Cir. 2011) ("This court has already stated that CIPA 'permits the government to have the trial court examine classified information in camera and ex parte and determine whether it is necessary for the defense.'" (quoting _United States v. Smith_, 899 F.2d 564, 565 n.1 (6th Cir. 1990))); _see also_ _Shih_, 73 F.4th at 1102; _United States v. Abu-Jihaad_, 630 F.3d 102, 140 (2d Cir. 2010); _Aref_, 533 F.3d at 81; _Yunis_, 867 F.2d at 622-23; _Sarkissian_, 841 F.2d at 965.

As noted above, a security clearance at a given level is not sufficient to entitle any individual to access or receive national security information classified at that level. Rather, in addition to receiving a clearance after a favorable determination of eligibility and execution of a non-disclosure agreement, an individual must have a "need to know" the classified information at issue.  _See_ Exec. Order 13526 § 4.1(a)(3).

1    Likewise, while the defendant may be entitled to notice when the

2    government initiates CIPA proceedings under Section 4 or 6, there is

3    "no due process right to receive a description of materials in the

4    government's possession that are not discoverable." Sedaghaty, 728

5    F.3d at 909 (citing United States v. Mejia, 448 F.3d 436, 458 (D.C.

6    Cir. 2006) (noting that, in the context of CIPA, as in other discovery

7    in criminal cases, defendant is "'not entitled to access to any of the

8    evidence reviewed by the court . . . to assist in his argument' that

9    it should be disclosed" (citation omitted))). Indeed, a district court

10   considering a motion to withhold classified information "must first

11   determine whether the material in dispute is discoverable." Hanna,

12   661 F.3d at 295; see Sedaghaty, 728 F.3d at 904 ("[A] district court

13   must first determine whether . . . the information at issue is

14   discoverable at all."). Only if the information is discoverable must

15   the court then examine whether it is also relevant and helpful to the

16   defense. Sedaghaty, 728 F.3d at 904. A defendant, however, may be

17   permitted to file his own ex parte submission outlining his theory of

18   the defense to aid the court in the review of any classified materials.

19   See id. at 906 n.10; see also United States v. Abdul-Latif, CR11-

20   0228JLR, Dkt. 87 (Order Granting Government's In Camera, Ex Parte

21   Motion) (W.D. Wash. 2012).

22   **F.    Section 5 - Procedures for Cases Involving Classified**
          **Information Possessed by a Defendant**
23

24   If a defendant reasonably expects to disclose or cause the

25   disclosure of classified information, Sections 5 and 6 of CIPA apply.

26   See, e.g., Baptista-Rodriguez, 17 F.3d at 1363; Sarkissian, 841 F.2d

27   at 965-66; United States v. Collins, 720 F.2d 1195, 1199-1200 (11th

28   Cir. 1983).

Section 5 requires the defendant to provide timely written notice to the Court and the government describing any classified information that he reasonably expects to disclose.  See 18 U.S.C. App. 3, § 5(a). Pursuant to Section 5, notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial."  Id. at § 5.  Although the description of the classified information may be brief, it must inform "[t]he government . . . exactly to which documents [the defendant] was referring, and [to] what information was contained in them" that the defendant reasonably believes to be necessary to his defense.  United States v. Rewald, 889 F.2d at 855, amended, 902 F.2d 18 (9th Cir. 1990) (quoting United States v. Miller, 874 F.2d 1255, 1276 (9th Cir. 1989)); see also Collins, 720 F.2d at 1199.  The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information.  See United States v. Badia, 827 F.2d 1458, 1465-66 (11th Cir. 1987).

Section 5 specifically prohibits a defendant from disclosing any classified information until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under Section 7 has been decided or the time for filing an appeal has expired.  18 U.S.C. App. 3, § 5(a). If the defendant fails to provide the requisite notice, then the Court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such information.  Id. at § 5(b).

**G.   Section 6 – Pretrial Procedures Regarding the Admission of Classified Information**

10

Section 6 describes the procedures by which the Court shall, upon request by the United States, conduct a hearing to make determinations of use, relevance, or admissibility of classified information. 18 U.S.C. App. 3, § 6(a). Following such a hearing and formal findings of admissibility, the United States may move to substitute an admission of relevant facts or summaries for the classified information the Court rules to be admissible. 18 U.S.C. App. 3 § 6(c). See, e.g., Baptista-Rodriguez, 17 F.3d at 1363; Collins, 720 F.2d at 1197-99.

        1.   Section 6(a) and (b) – Pretrial Hearing on Disclosure and Notice

CIPA Section 6 sets forth the steps that a court must take concerning specific classified information that may be subject to disclosure by either party at trial or in pretrial proceedings.

If either the government or the defense seeks to introduce or cause the disclosure of classified information, the government may move to protect that information. First, Section 6(a) provides that, upon motion of the government, the Court must hold a hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding." 18 U.S.C. App. 3 § 6(a). The hearing is to be held in camera if the Attorney General certifies that a public proceeding may result in the disclosure of classified information. Id. If the government's Section 6(a) motion is filed before trial or a pretrial proceeding, "the court shall rule [on the use, relevance, or admissibility of the classified information at issue] prior to the commencement of the relevant proceeding." Id.

Section 6(b) requires that before any hearing is conducted under Section 6(a), the government must notify the defendant of the hearing

1    and identify the classified information at issue.  If the information

2    was not previously made available to the defendant, the government may,

3    with the court's approval, provide a generic description of the

4    material to the defendant.  Thus, as Congress recognized in enacting

5    CIPA, "the government would not have to disclose the identity of an

6    undercover intelligence agent not previously disclosed to the

7    defendant; instead, the government would describe the information as

8    'the identity of an undercover intelligence agent' if this meets with

9    court approval."  S. Rep. No. 96-823, at 8, 1980 U.S.C.C.A.N. at 4301.

10        If the defense has indicated that it intends to seek to introduce

11   into evidence classified information and the government seeks to

12   protect that information from disclosure, a court at the Section 6(a)

13   hearing hears the defense proffer and the arguments of counsel, then

14   rules whether the classified information identified by the defense is

15   relevant under Rule 401 of the Federal Rules of Evidence.[3]  See Yunis,

16   867 F.2d at 622; United States v. Smith, 780 F.2d 1102, 1105-06 (4th

17   Cir. 1985).  A court's inquiry does not end there, however, because

18   under the Federal Rules of Evidence, "[n]ot all relevant evidence is

19   admissible at trial."  Smith, 780 F.2d at 1106.  A court must analyze

20   and apply other pertinent rules of evidence to assess whether the

21   information meets the standards for admissibility.  At the conclusion

22   of the Section 6(a) hearing, a court must state in writing the reasons

23   for its determination as to each item of classified information.  18

24   U.S.C. App. 3 § 6(a).

---

26        [3] CIPA does not change the "generally applicable evidentiary rules
     of admissibility."  United States v. Wilson, 750 F.2d 7, 9 (2d Cir.
27   1984); accord Yunis, 867 F.2d at 623.  Rather, CIPA alters the timing
     of rulings concerning "use, relevance or admissibility" so as to
28   require them to be made before trial.  United States v. Poindexter,
     698 F. Supp. 316, 318 (D.D.C. 1988); see also United States v. Smith,
     780 F.2d 1102, 1106 (4th Cir. 1985).

2.   <u>Section 6(c) and (d) – Alternative Procedure for</u>
<u>Disclosure of Classified Information</u>

If a court rules that one or more items of classified information that either party seeks to introduce as evidence are admissible, the government may propose a "substitution" for the classified information at issue.[4]  18 U.S.C. App. 3 § 6(c)(1).  Specifically, <u>if disclosure</u> <u>of the information is necessary, the United States may move the court</u> <u>to substitute for specific classified information a statement admitting</u> <u>relevant facts that the classified information would tend to prove, or</u> <u>to substitute for specific classified information a summary of that</u> <u>information</u>.  Section 6 authorizes substitutions for classified material in the form of "redactions and substitutions so long as these alternatives do not deprive the defendant of a fair trial."  18 U.S.C. App. 3 § 6(c)(1)(A), (B); <u>see</u> <u>Abu Ali</u>, 528 F.3d at 255; <u>see also</u> <u>United</u> <u>States v. Giffen</u>, 473 F.3d 30, 33 (2d Cir. 2006); <u>Smith</u>, 780 F.2d at 1105.  A court must grant the motion for substitution if it finds that the admission or summary "will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information."  18 U.S.C. App. 3 § 6(c)(1).

Any hearing under Section 6(c) shall be held <u>in camera</u> at the request of the Attorney General.  18 U.S.C. App. 3 § 6(c)(1).  In connection with a hearing, the government may submit to the court an affidavit of the Attorney General certifying that disclosure of classified information would cause identifiable damage to national

---

[4] Substitutions and summaries are not the only means by which the government may seek judicial approval to protect classified information from public disclosure.  Additional measures, such as the "Silent Witness Rule," may be proposed to protect classified information from unauthorized public disclosure.  <u>See, e.g.</u>, <u>United States v. Mallory</u>, 40 F.4th 166, 174-78 (4th Cir. 2022).

13

security and explaining the basis for the classification of that information.  A court must review that affidavit in camera and ex parte if requested by the government.  18 U.S.C. App. 3 § 6(c)(2).  The court shall seal and preserve the record of any in camera hearing at the close of which the court determines that classified information may not be disclosed or elicited at trial or a pretrial proceeding.  18 U.S.C. App. 3 § 6(d).

### 3.    Section 6(e) – Prohibition on Disclosure and Relief for Defense

If the court determines that an item of classified information is relevant and admissible, and denies the government's motion for substitution under Section 6(c), the government may object to disclosure of the classified information.  In such cases, the court "shall order that the defendant not disclose or cause the disclosure of such information."  18 U.S.C. App. 3 § 6(e)(1).  Section 6(e)(2) sets forth a sliding scale of remedies that the court may impose in such a case, to include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment.  See 18 U.S.C. App. 3 § 6(e)(2); S. Rep. No. 96-823, at 9, 1980 U.S.C.C.A.N. at 4302-03.  An order imposing any such sanctions shall not take effect until the government has had the opportunity to appeal the order under CIPA Section 7, and thereafter withdraw its objection to disclosure.[5]  18 U.S.C. App. 3 § 7.

---

[5] As noted above, if the court determines after an in-camera hearing that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal.  18 U.S.C. App. 3 § 6(d).

14

4. <u>Section 6(f) – Reciprocity</u>

If the court determines under Section 6(a) that the defense may disclose classified information in connection with a trial or pretrial proceeding, the court shall order the government to provide the defense with information it expects to use to rebut the classified information, unless the interests of fairness do not so require.  18 U.S.C. App. 3 § 6(f).  The court may place the government under a continuing duty to disclose rebuttal information, and if the government fails to comply, exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information.  <u>Id.</u>

**H.   Section 7 – CIPA's Interlocutory Appeal Framework**

Section 7 sets forth the United States' exclusive right to seek an interlocutory appeal of a "decision or order authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information."  18 U.S.C. App. 3, § 7(a).  The term "disclosure" relates both to information which the court orders the government to divulge to the defendant as well as to information already possessed by the defendant which he or she intends to make public.  The appeal can be taken before or during trial.  <u>Id</u>. at § 7(b).  "Prior to trial, an appeal shall be taken within fourteen days after the decision or order appealed from and the trial shall not commence until the appeal is resolved."  <u>Id.</u>  The trial must be adjourned until an appeal is resolved if the appeal is taken during trial.  <u>Id.</u>

**I.   Section 8 – Procedures Governing the Introduction of Classified Information at Pretrial Proceedings or Trial**

1     Section 8 prescribes additional protections and procedures
2  governing the introduction of classified information into evidence.
3  Section 8(a) provides that classified documents may be admitted into
4  evidence without changing their classification status.  To prevent
5  "unnecessary disclosure" of classified information, Section 8(b)
6  permits the court to order admission into evidence of only a part of a
7  writing, recording, or photograph, or the entirety of said items with
8  all or part of the classified information contained therein excised,
9  unless fairness requires that the entirety of the relevant item be
10  considered.  Lastly, Section 8(c) provides a procedure to address
11  issues presented by any question or line of inquiry that would require
12  a witness to disclose classified information not previously deemed
13  admissible.  If the government poses an objection to the examination,
14  the court "shall take suitable action to determine whether the response
15  is admissible as will safeguard against the compromise of any
16  classified information," to include requiring a proffer from the
17  government of the anticipated response and a proffer from the defendant
18  of the information sought to be elicited.  18 U.S.C. App. 3, § 8(c).
19  In effect, this procedure supplements the notice provision under
20  Section 5 and the hearing provision in Section 6(a) to cope with
21  situations that cannot be handled effectively by those sections, such
22  as where defense counsel does not realize that the answer to a given
23  question will reveal classified information.  See S. Rep. No. 96-823,
24  at 11, reprinted in 1980 U.S.C.C.A.N. at 4304-05.

25     **J.   Section 9 – Security Procedures and Designation of a CISO**
26     Federal law explicitly provides that federal courts must have
27  security procedures for the handling of classified information.  See
28  18 U.S.C. App. 3, § 9.  Pursuant to Paragraph 2 of the Revised Security

Procedures Established Pursuant to Pub L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information, courts may appoint a qualified individual to be the Classified Information Security Officer, or CISO, in a case. The United States anticipates that it may need to bring to the Court's attention certain discovery issues or other matters relating to classified material, and the CISO will assist the Court, Court personnel, and the parties in the handling of any proceedings under CIPA and implementing any related orders. As such, the United States requests that the Court designate W. Scooter Slade as the CISO for this case, to perform the duties and responsibilities prescribed for CISOs in the Security Procedures. The United States further requests that the Court designate the following persons as Alternate CISOs, to serve in the event Mr. Slade is unavailable: Jennifer H. Campbell, Daniel O. Hartenstine, Daniella M. Medel, Matthew W. Mullery, and Harry J. Rucker.

**III. CONCLUSION**

Through this Notice, the government hereby provides the Court and the defendant notice that it is invoking CIPA in the instant case. The government requests that this Court issue the proposed order filed concurrently with this motion designating a Classified Information Security Officer in this case. As noted, the government anticipates making a request for a CIPA Section 2 hearing in the coming weeks.