DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

UNITED STATES OF AMERICA,
Plaintiff,
v.
ALEXANDER SMIRNOV,
Defendant,

CASE NO. 2:24-CR-00091-ODW

**DEFENDANT'S RENEWED EMERGENCY *EX PARTE* MOTION FOR (1) PROVISION OF PAIN-REDUCING EYE DROPS, AND (2) A COURT ORDER SCHEDULING EYE SURGERY FORTHWITH WITH A GOVERNMENT-CONRACTED DOCTOR, OR FOR A MEDICAL FURLOUGH UNDER 18 U.S.C. § 3142(i) FOR EYE SURGERY WITH DR. H. GEORGE TANAKA**

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD and hereby Submits his Renewed Emergency *Ex Parte* Motion for the following relief:

1. Immediate provision of Mr. Smirnov's pain-reducing eye drops; and

2. a court order that: (a) immediately schedules eye surgery with a government-contracted surgeon and, further, orders that Mr. Smirnov be taken to that surgery forthwith; *or* (b) releases Mr. Smirnov under 18 U.S.C. § 3142(i) for a medical furlough, during which he will have eye surgery performed by his doctor, H. George Tanaka, M.D., under any timetable, any reasonable conditions of release deemed appropriate by this Court.

Undersigned counsel conferred with counsel for the government regarding the relief sought in this motion between May 8-10, 2024. Undersigned counsel also contacted the United States Marshal's Service. As of 10:45 a.m. on May 10, however, Mr. Smirnov had not (according to his communication with undersigned counsel) received his eye drops, and had not had his eye surgery rescheduled with any eye doctor. Because the government does not agree to this Court ordering these remedies, the government should be deemed to oppose this Motion.

Dated this 10th day of May, 2024.

                                          Respectfully Submitted:

                                        CHESNOFF & SCHONFELD

                                        /s/  David Z. Chesnoff
                                        DAVID Z. CHESNOFF, ESQ.
                                        *Pro Hac Vice*
                                        RICHARD A. SCHONFELD, ESQ.
                                        California Bar No. 202182
                                        520 South Fourth Street
                                        Las Vegas, Nevada 89101
                                        Telephone: (702)384-5563
                                        rschonfeld@cslawoffice.net
                                        dzchesnoff@cslawoffice.net
                                        Attorneys for Defendant
                                        ALEXANDER SMIRNOV

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. FACTS AND PROCEDURAL HISTORY.

### *1. Back in February, Mr. Smirnov advises this Court about his severe eye condition and seeks treatment, which this Court rejects.*

As this Court is aware, on February 26, 2024, at the detention hearing for Mr. Smirnov, defense counsel advised of his concern related to Mr. Smirnov's glaucoma and the need for eye surgery. Notwithstanding this concern, Mr. Smirnov (who had been rearrested in Nevada on February 22, 2024, having spent the two prior days on conditions of release, with no incident) was formally ordered detained. He has been in the continuous custody of the United States Marshal's Service since February 22.

As this Court is also aware, Mr. Smirnov filed on March 11, 2024 an Emergency *Ex Parte* Motion seeking remedies for his deteriorating eye condition. *See* Dkt. 52 (Mar. 11, 2024). Mr. Smirnov's motion requested either: a) that he be released on a medical furlough under 18 U.S.C. § 3142(i) to have his eye surgery performed by his treating physician Dr. Tanaka; or b) that this Court order the Marshal's Service to transport him to Dr. Tanaka, for eye surgery which had been scheduled (at that point) for March 27, 2024.[1]

[1] In his prior motion, Mr. Smirnov explained the need for a court order compelling the Marshal's Service to take action:

On March 13, 2024, after the government filed an opposition, this Court denied Mr. Smirnov's motion and, among other things, urged him to pursue internal medical remedies, that is, those offered by the Marshal's Service and/or any other jail- or government-contractors. *See* Dkt. 56 (Mar. 13, 2024).[2]

---

> On March 8, 2024, Counsel Chesnoff spoke to a United States Marshals' Office Los Angeles representative . . . . The representative . . . stated that it would not be within the Marshals' protocol to travel with a prisoner for six hours to San Francisco for surgery. He further stated that the process requires the Defendant to first notice the medical staff at the Santa Ana City jail of his medical problem issues. After that, a medical staff member will be assigned to evaluate Defendant's request for surgery and his underlying medical issues. That medical staff member in turn should make a recommendation to the national USMS medical center who in turn either denies the request for the surgery or directs the jail and the USMS to utilize a surgeon under contract to the jail for the procedure. As stated herein, it is respectfully submitted that this protocol will not address Defendant's serious eye issues in a timely manner and may result in irreparable harm. For that reason, that Defendant is seeking the alternative remedy of a Court Order directing the USMS to transport Defendant for the surgery and post-operative care with Dr. Tanaka.

Dkt. 52 at 2, n.1.

Mr. Smirnov also attached to his March 11 motion a letter from Dr. Tanaka: "Dr. Tanaka recites in his letter that Mr. Smirnov has a history of advanced open angle glaucoma in both eyes. Mr. Smirnov has undergone several surgeries to treat his glaucoma and prevent blindness; however, his intraocular pressure continues to be poorly controlled despite maximal tolerated medical therapy. Mr. Smirnov has suffered severe optic nerve damage from glaucoma."

[2] Of particular relevance to this renewed motion, this Court stated on March 13: "There are procedures in place to assure the medical needs of inmates are met.

    *2. After a lengthy delay, Mr. Smirnov receives his eye drops; however, the eye surgery promised by the government-contracted doctor is abruptly cancelled when that doctor expresses concerns about his payment.*

Since the Court's March 13 order denying Mr. Smirnov's motion, his subsequent efforts to receive urgent medical care have been almost completely frustrated. First, after a lengthy, initial delay of several weeks, Mr. Smirnov was eventually provided with his medically prescribed eye drops to treat the intense pain in his eyes. Unfortunately, despite this interim period of humane compliance, Mr. Smirnov advised counsel (in an email dated May 8, 2024) that he awakened on that day with "strong eye pain" and has been without his pain-reducing eye drops notwithstanding having filed an official Inmate Grievance Form on May 4, 2024.

Second, Mr. Smirnov's efforts to pursue the internal remedial "process" touted by this Court (*see supra* at n.2) have proven fruitless. *See* Dkt. 56 (Court recognizes that, as of its March 13 order, Mr. Smirnov had indeed "initiated that process"). At some point after this Court's order, Mr. Smirnov was taken to an eye doctor (apparently named Dr. Lee) who served as a government contractor. That

---

The first step in the established protocol . . . is a request made to the detaining facility, in this case the Santa Ana City Jail. The Court has also been provided with correspondence . . . detailing the process an inmate follows in requesting medical attention . . . . *Defendant has apparently initiated that process and his request has been evaluated. Assuming the necessary procedure cannot be performed at his current facility, upon approval by the USMS, he will be transported to an appropriate medical facility under contract with the USMS, for the necessary medical procedure*." Dkt. 56 at 1-2 (emphases added).

doctor assured Mr. Smirnov that his eye surgery should indeed take place and scheduled that surgery.

The surgeon's office, however, thereafter cancelled the surgery, on short notice. As relayed to defense counsel by the Marshal's Service, the surgeon's office had expressed concern about whether they would be paid for performing the eye surgery. Hearing this, defense counsel told the Marshal to advise the doctor's office that counsel would personally guarantee payment for his client's necessary eye surgery.

It is now the second week of May. Critically, Mr. Smirnov—whom this Court agreed has properly "initiated" the protocol-approved treatment back in March—has not, to date, received eye surgery from *any* doctor.

### B. THE COURT SHOULD ORDER THAT MR. SMIRNOV BE IMMEDIATELY GRANTED THE MEDICAL CARE TO WHICH HE IS ENTITLED.

Just as this Court commanded the Marshal's Service back on February 22, 2024 to arrest Mr. Smirnov in Nevada, detain him, and transport him "promptly" to the Central District of California, this Court should—with the same authority—now command the Marshal to provide Mr. Smirnov with medical care. *See* Order Setting Hearing on Gov. Mot. for Review of Release Order (Feb. 22, 2024) (Dkt. 27) at 2 (court adds, in boldface emphasis, the following: "**The U.S. Marshal Service is advised there is to be no deviation from this Order**.").

First, this Court should order the Marshal—immediately, and with "no deviation"—to provide Mr. Smirnov with his pain-relieving eye drops.

Second, with regard to surgery, this Court should—as urged in Mr. Smirnov's motion of March 11, 2024—immediately enter an order: 1) scheduling eye surgery with a government-contracted surgeon and further ordering that Mr. Smirnov be taken to that surgery forthwith; or 2) releasing Mr. Smirnov under 18 U.S.C. § 3142(i)[3] for a medical furlough, during which he will have eye surgery performed by his own doctor, H. George Tanaka, M.D., under any timetable, any reasonable conditions of release, and any posting of reasonable bond that this Court deems appropriate. *See* Dkt. 52 at 7-9 (arguing that Mr. Smirnov's eye condition is a "compelling reason" and explaining the bases for ordering surgery).

[3] Section 3142(i) provides that this Court (as "judicial officer") "may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for . . . *another compelling reason*." *Id*. (emphasis added).

## C. **CONCLUSION**

Defendant requests that this Court grant this Renewed Emergency *Ex Parte* Motion, and order the relief requested in that Motion and in our prior Motion (Mar. 11, 2024) (Dkt. 52).

DATED this 10th day of May, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff

DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

**DECLARATION OF COUNSEL**

I, David Z. Chesnoff, do hereby declare that the following statements are true and correct:

1. I am co-counsel of record for Defendant Alexander Smirnov in this case;

2. The assertions in the underlying Renewed Emergency *Ex Parte* Motion are true and correct to the best of my knowledge and belief.

3. Undersigned counsel conferred with counsel for the government via email on March 8, 2024, but the parties could not resolve the issues.

4. This Renewed *Ex Parte* Motion is brought in light of the emergency issues related to Defendant's health, specifically Defendant's eyes and as detailed above, in Dkt. 52, and in the attachments to that prior motion.

5. Undersigned counsel has also notified counsel for the government via email of the filing of this Renewed *Ex Parte* Motion. Specifically, the following counsel for the government are being notified by email of this Motion:

Derek Edward Hines
US Department of Justice
Office of Special Counsel David C. Weiss
950 Pennsylvania Avenue NW Room B-200
Washington, DC 20530
771-217-6091
Email: deh@usdoj.gov

Leo J. Wise
US Department of Justice
Office of Special Counsel David C. Weiss
950 Pennsylvania Avenue, NW, Room B-200
Washington, DC 20530
771-217-6091
Email: LJW@USDOJ.GOV (Inactive)

Christopher Michael Rigali
Office of Special Counsel, U.S. Dept. of Justice
950 Pennsylvania Avenue NW, Room B-200
Washington, DC 20530
202-616-2652
Email: christopher.rigali2@usdoj.gov

Sean F Mulryne
Office of the Special Counsel - Weiss
950 Pennsylvania Avenue NW, Room B-200
Washington, DC 20530
202-430-4880
Email: sfm@usdoj.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of May, 2024.

DAVID Z. CHESNOFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of May, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell____
Employee of Chesnoff & Schonfeld