DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail: christopher.rigali2@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S SECOND RENEWED EMERGENCY *EX PARTE* MOTION FOR (1) PROVISION OF EYE DROPS, AND (2) MEDICAL FURLOUGH |

    Defendant Alexander Smirnov ("Defendant") filed a second renewed emergency motion yesterday seeking the immediate provision of eye drops to Defendant and a medical furlough during which Defendant may pursue surgery with his doctor, Dr. Tanaka. ECF No. 70. This afternoon, defense counsel—for the first time—clarified *which* eye drops they believe Defendant needs, naming three prescriptions. ECF No. 71. Thereafter, government counsel was able to confirm that Defendant, through Santa Ana City Jail, has in fact been receiving two of these prescriptions, and counsel for Defendant (Mr. Chesnoff) just confirmed to government counsel that Defendant is indeed already getting two of these prescriptions (but stated it is Dr. Tanaka's view that Defendant needs all three).

In any event, the motion should be denied. As explained below, the government understands that Defendant is being moved (imminently) to a different prison facility where the U.S. Marshals Service expects he will have access to medical care he needs. Defendant's extraordinary request for a medical furlough should be denied for the reasons set forth in its prior filings—namely, that Defendant is a flight right and the U.S. Marshals Service have reasonable procedures in place to ensure that the medical needs of persons in its custody are met. Regarding Defendant's request for the immediate provision of eye drops, government counsel provided the list of prescriptions recommended by Dr. Tanaka to a Deputy U.S. Marshal, who is providing the information to the new prison facility. In short, the Marshals Service is actively taking steps to address Defendant's medical needs, including by moving him to a facility where they expect he will have access to appropriate medical care.

Dated: May 22, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/

LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. BACKGROUND & ARGUMENT

On March 11, 2024, Defendant filed a motion seeking a "medical furlough" during which he would be released from custody for approximately 30 days. Specifically, Defendant sought release for surgery with a doctor in San Francisco and then to attend weekly post-operative care visits. Alternatively, if his furlough was denied, Defendant asked this Court to order the United States Marshals Service ("USMS") to transport him to his surgery and post-operative visits. On March 13, 2024, the Court denied Defendant's motion, noting the established protocol for inmates to request and receive medical treatment through USMS and the local custodial facility, and concluding: "The Court finds the established protocol is reasonable, considering the limited resources of the USMS and the fact that he is presently housed in a large metropolitan area equipped with first-rate medical resources necessary to address defendant's needs while not compromising the security interests of the government." ECF No. 56. The Ninth Circuit affirmed this Court's denial of Defendant's motion. No. 24-1133, ECF No. 14. On March 26, 2024, this Court also denied Defendant's motion for reconsideration. ECF No. 63.

On May 10, 2024, Defendant filed a renewed motion for the immediate provision of eye drops and a court order directing the immediate scheduling of, and transportation to, his eye surgery. ECF No. 67. On May 15, 2024, this Court denied Defendant's motion as moot, noting that "surgery has been scheduled to take place in less than two weeks[.]" ECF No. 69.

Defendant now files a second renewed motion seeking similar relief, *i.e.*, (1) the immediate provision of eye drops and (2) a medical furlough so Defendant may pursue surgery with his doctor, Dr. Tanaka, in San Francisco. The Court should deny (once again) this extraordinary request for relief.

Reading Defendant's motion, government counsel was under the impression that it was the defense's assertion that Defendant was receiving no eye drops whatsoever.

Government counsel asked defense counsel (Mr. Chesnoff) this morning to specify the prescriptions they believed Defendant needs; thereafter, defense counsel furnished the name of three prescriptions recommended by Dr. Tanaka, and later filed a supplement to the instant motion to that effect. *See* ECF No. 71 (identifying three prescription medications). Late this afternoon, a Deputy U.S. Marshal advised government counsel that Defendant was actively receiving two medications for his eyes—both of which were on the list furnished by defense counsel. Counsel Chesnoff subsequently confirmed that Defendant is indeed already getting two of these prescriptions (but stated it is Dr. Tanaka's view that Defendant needs all three). As such, it is not the case that Defendant is not receiving any prescription medication to address his apparent eye issues (and it is not clear from Dr. Tanaka's letter if he was aware Defendant is in fact receiving two of these prescriptions). In any event, government counsel furnished a Deputy U.S. Marshal with the list of prescriptions recommended by Dr. Tanaka, and the Deputy U.S. Marshal confirmed he would provide that list to the facility where Defendant is housed.

The Marshals Service is also actively taking other steps to address Defendant's medical needs. Earlier today (May 22, 2024), a Deputy U.S. Marshal advised that, to facilitate Defendant's medical needs and access to certain care, the Marshals Service requested to move Defendant to a Bureau of Prisons ("BOP") facility—MDC Los Angeles—where the Marshals Service expects Defendant to have access to medical care that will address the issues he raises in his motion (whether at the facility or through services provided by outside providers). Upon arrival at MDC Los Angeles, Defendant will undergo a medical screening, where his current medical needs will be assessed and treated accordingly.[1] And again, the Deputy U.S. Marshal advised that he intends to furnish MDC Los Angeles with the above-referenced prescription information provided

---

1 Government counsel was advised today that the medical procedure that was previously scheduled for next week is not currently on the schedule. It is anticipated that once he receives his medical screening at MDC Los Angeles, any necessary appointments and procedures will be rescheduled.

2

by defense counsel. The Deputy Marshal has advised that the transfer from the Santa Ana City Jail to MDC Los Angeles will happen <u>imminently</u>. As with any inmate, the government expects the inmate to receive, in accordance with applicable policies and procedures, necessary medical treatment while in BOP and Marshals Service custody.

Defendant's request for a medical furlough should be denied for the reasons argued by the government in its prior briefings on this issue, *see* ECF Nos. 54, 62, 68; for the reasons set forth by this Court in its previous orders denying the same request, *see* ECF Nos. 56 & 63; and because Defendant presents a substantial flight risk as recognized by both this Court and the Ninth Circuit, *see* ECF Nos. 15 & 46; No. 24-1133, ECF No. 14. Further, Defendant's request for immediate provision of eye drops should be denied because the Marshals Service is actively taking steps to address Defendant's medical needs, including by (a) ensuring he is receiving prescription medication for his eyes; and (b) expeditiously moving him to a facility where they expect he will have access to medical care that he needs (including the specific issues raised in his motion(s)).

## II.   <u>CONCLUSION</u>

Based on the above, this Court should deny Defendant's Second Renewed Emergency *Ex Parte* Motion for (1) Provision of Eye Drops, and (2) Medical Furlough.

**DECLARATION OF COUNSEL**

I, Christopher M. Rigali, do hereby declare that the following statements are true and correct to the best of my knowledge and belief:

1. I am co-counsel of record for the United States of America in this case.

2. The assertions in the underlying brief are true and correct to the best of my knowledge and belief.

3. Undersigned counsel conferred with the United States Marshals Service ("USMS"), specifically a Deputy U.S. Marshal, on May 22, 2024.

4. The Deputy U.S. Marshal advised that, according to Santa Ana City Jail, Defendant is currently receiving, on a daily basis, (a) timolol (twice per day), and (b) bimatoprost (once every evening).

5. The Deputy U.S. Marshal advised that, to further facilitate Defendant's medical needs, Defendant was being transferred from the Santa Ana City Jail to MDC Los Angeles.

6. The Deputy U.S. Marshal stated that he expects Defendant to have access to medical care he needs once in a Bureau of Prisons facility. He also advised that Defendant would receive a medical screening upon intake at MDC Los Angeles. The Deputy U.S. Marshal advised he would specifically raise Defendant's medical concerns to the MDC Los Angeles staff.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for Defendant.

Dated: May 22, 2024                             /s/ _____

                                          LEO J. WISE
                                          Principal Senior Assistant Special Counsel

                                          DEREK E. HINES
                                          Senior Assistant Special Counsel

                                          SEAN F. MULRYNE
                                          CHRISTOPHER M. RIGALI
                                          Assistant Special Counsels