DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:24-CR-00091-ODW |
| v. | ) |
| | ) |
| ALEXANDER SMIRNOV, | ) |
| | ) |
| Defendant, | ) |

**DEFENDANT'S SUPPLEMENT TO MOTION TO REOPEN DETENTION HEARING AND TO IMPOSE CONDITIONS OF PRETRIAL RELEASE (ECF 75)**

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD and hereby submits this Supplement to the Motion to Reopen the Detention Hearing (ECF No. 75).

This Supplement is based upon circumstances that arose after the filing of the Motion to Reopen Detention Hearing. Specifically, the undersigned counsel wants to inform the Court

1

of new information in support of Mr. Smirnov's request for release on the conditions that were previously proposed, as follows:

Since the time the Motion to Reopen Detention Hearing was filed, Mr. Smirnov has been transferred from the Santa Ana Jail to the Metropolitan Detention Center ("MDC") in Los Angeles. Mr. Smirnov has been designated to the Special Housing Unit ("SHU")[1]. As described herein, the SHU designation has drastically diminished Mr. Smirnov's ability to assist his counsel in defending this case.

Mr. Smirnov has requested multiple attorney calls on his own paper because "kites" have not been provided and those requests have not been acted on. Mr. Smirnov has been given one legal call, on May 30, 2024 (presumably as a result of counsel Chesnoff sending an email to the United States Marshal Service), and has otherwise not been able to make any calls to his counsel because he has not given access to a computer to sign into the system to allow calls and has been told that the MDC employee (a Lieutenant) has to do it for him and he is away on leave. Not only has Mr. Smirnov been unable to speak to his lawyers remotely, he has not been able to speak to his wife and other family members for support. Since he has been at the MDC, he has received permission to make one call to family, which occurred last Sunday, May 26, 2024,.

During an in person visit on May 29, 2024, counsel Chesnoff asked the person in the SHU control room whether he was permitted to bring a laptop or USB drive to review discovery with Mr. Smirnov, since all of the discovery produced in this case has been in digital form (and would otherwise be too voluminous to take to the MDC), he was informed that computers were

---

[1] It should be noted that as of the date of the filing of this Motion, to the undersigned counsel's knowledge Mr. Smirnov has not received the medically necessary eye surgery that was allegedly to take place by the end of May, 2024.

not permitted in the SHU, thereby rendering it impossible for Mr. Smirnov to effectively aid in his defense.

When Mr. Smirnov was brought into the room for his attorney visit, he was handcuffed and his legs were shackled. The handcuffs and shackles remained for the entire visit[2]. Counsel will need to spend many hours with Mr. Smirnov preparing his defense and for him to be shackled and handcuffed in a locked attorney room with only his lawyer or lawyers present is inhumane and will make the work exceptionally difficult. Moreover, the room has a table with a plastic partition with an opening and counsel Chesnoff was instructed that he had to sit across from Mr. Smirnov and was required to pass documents through the opening (with Mr. Smirnov being handcuffed on the other side). Mr. Chesnoff asked if he could sit next to Mr. Smirnov, to which the officer responded "haven't you been to the SHU before" or words to that effect, and then he said no.

It is also significant that Mr. Smirnov has no access to emails thereby preventing him from preparing during the times that we are not physically meeting. The Santa Ana City Jail used the Smart Communication system, which made working with Mr. Smirnov much easier.

---

[2] While counsel Chesnoff was able to print some discovery to review with Mr. Smirnov, the electronically produced discovery is voluminous, and it would be unmanageable to print all discovery to review in hard copy with Mr. Smirnov at MDC visits. It is for that reason that counsel Chesnoff asked if he could bring a laptop or USB drive.

These circumstances were addressed by email from counsel Chesnoff to the United States Marshal Service. In response, the Marshal Service confirmed the following: 1) Mr. Smirnov will received one social phone call every 30 days; 2) Mr. Smirnov will be in full restraints (including leg irons) for his legal visits (a policy that will not be deviated from); 3) Mr. Smirnov can review discovery in the SHU with a thumb drive maintained by the SHU Lieutenant, which in this case, would violate the Protective Order that prohibits Mr. Smirnov and the jail personnel from possessing confidential discovery.

The email also suggested that if Mr. Smirnov's counsel requested that he be transferred back to the Santa Ana Jail, that could be facilitated. Accordingly, on May 30, 2024, counsel Chesnoff sent an email requesting that Mr. Smirnov be transferred back to the Santa Ana Jail forthwith. In response, counsel Chesnoff was advised that Mr. Smirnov would not be transferred due to medical support issues[3]. Accordingly, based on the emails, Mr. Smirnov will remain in the SHU if his pretrial detention continues.

---

[3] The fact that the Santa Ana Jail could not administer three eye drops, which were identified by Dr. Tanaka, remains baffling.

4

The above stated circumstances further support the positions asserted by Mr. Smirnov in support of the Court reopening the Detention Hearing and granting release on specified conditions.

Dated this 31st day of May, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

   /s/    David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant ALEXANDER SMIRNOV

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld

6