DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail:     SFM@usdoj.gov; sean.mulryne@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND TO IMPOSE CONDITIONS OF PRETRIAL RELEASE |
|---|---|

Defendant Alexander Smirnov ("Defendant") has moved to reopen the detention proceedings that this Court held and concluded three months ago, on February 26, 2024, and thus is seeking—once again—his pretrial release subject to conditions. ECF No. 75 ("Def. Mot."). Pursuant to the Court's local rules, a hearing was requested for June 24, 2024. Because Defendant has not presented new information that has a material bearing on the issue of detention, as required by statute, the Court should deny the motion (and do so without a hearing, as it is clear from the papers that Defendant has failed to satisfy his burden). As this Court and the Ninth Circuit have recognized, Defendant presents a substantial flight risk for whom pretrial detention is both appropriate and necessary. Accordingly, Defendant's motion to reopen his detention hearing should be denied.

Dated: May 31, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/

LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

ii

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   BACKGROUND

On February 14, 2024, Defendant was indicted in the Central District of California on one count of making false statements to federal law enforcement, in violation of 18 U.S.C. § 1001 (Count One), and one count of fabricating information in a federal investigation, in violation of 18 U.S.C. § 1519 (Count Two). On February 20, 2024, a magistrate judge in the District of Nevada—where Defendant had been arrested—held a detention hearing wherein the judge found that Defendant was a flight risk but concluded that sufficient conditions existed to ensure Defendant's presence at trial. The government then filed a motion with this Court seeking to revoke the magistrate judge's release order. ECF No. 11.

On February 22, 2024, this Court granted the government's motion and issued an arrest warrant for Defendant. ECF Nos. 15 & 16. As part of its revocation order, the Court explained that on the day Defendant was arrested after returning to the United States on an international flight, he "admitted that officials associated with Russian intelligence were instrumental in passing to him a fabricated story about a public official of the United States and his son." ECF No. 15, at 1-2. The Court then articulated the combination of factors that led it to conclude that detention was necessary in this case:

> Now having considered the history of Defendant's relationship with his FBI handler during which he has proven himself not to be trustworthy, his admitted extensive and recent contacts with agents of foreign intelligence agencies, including Russian intelligence, and his stated intention to once again leave the country, this court has conduct[ed] its own de novo review, and as a result this court reverses the release order and requests the issuance of an arrest warrant for Defendant.
>
> Considering the fact Defendant has at his immediate disposal several million dollars, the ability to secure a passport at the Israeli embassy and foreign interests likely willing to assist Defendant in evading capture. An ankle bracelet is at best an irritant and insignificant impediment to his ability to leave

> the country. In this court's considered opinion, the only effective measure to assure Smirnov makes his court appearances is detention.

*Id.* at 2.

On February 26, 2024, the Court permitted a further hearing on detention, which it was not required to hold, as part of its *de novo* review of the magistrate judge's bail proceedings. At the outset of the hearing, the Court explained that it must determine whether there are "conditions or combinations of conditions which will assure that [Defendant] will show up for trial," and the Court explained that it had reviewed "all of the papers" and would "entertain further discussion," but "to let you know what I'm thinking, I'm not satisfied that there are conditions or combinations of conditions which will … satisfy my concern as to whether or not [Defendant] will not flee the jurisdiction." ECF No. 38, at 6. During the hearing, the Court and the parties addressed multiple issues including Defendant's foreign contacts and financial situation. At the conclusion of the hearing, the Court stated that "I have not changed my mind." *Id.* at 25. The Court noted again that "I've read everyone's papers, I understand the arguments," *id.* at 24, and continued that "[t]here is nothing garden variety about this case. To compare this to all the cases that we normally see, this is an outlier." *Id.* at 25.

Defendant appealed the Court's pretrial detention order to the Ninth Circuit. *See United States v. Alexander Smirnov*, No. 24-1133 (9th Cir.). A panel of the Ninth Circuit affirmed this Court's detention order, holding that "[t]he district court correctly found that the government has met its burden of showing, by a preponderance of the evidence, that 'no condition or combination of conditions will reasonably assure the defendant's appearance,' and that appellant thus poses a risk of flight." No. 24-1133, ECF No. 14 (brackets and citations omitted). The Ninth Circuit just recently denied Defendant's Petition for Rehearing with Suggestion for Rehearing En Banc. No. 24-1133, ECF No. 16.

Nearly three months after the Court's revocation order, arrest warrant, and hearing,

Defendant now moves for the Court to reopen the detention hearing, release Defendant from custody, and impose conditions.

## II.   ARGUMENT

Pursuant to 18 U.S.C. § 3142(f)(2), a detention hearing

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

*Id.*; *see also United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012) ("[T]he new information must be of a nature that would increase the likelihood that the defendant will appear at trial[.]").

Defendant now moves to reopen the detention proceedings under this provision, arguing that the "new information" warranting another detention hearing is a letter by Defendant's eye doctor, Dr. H. George Tanaka, dated May 17, 2024, in which Dr. Tanaka notes Defendant's glaucoma diagnosis and the need for continued treatment including medications and surgery. Def. Mot. at 3-4; *see also* Exh. 1 to Def. Mot. (Dr. Tanaka's letter). However, this information is neither new nor was it "not known to the movant at the time of the hearing[.]" 18 U.S.C. § 3142(f)(2). Indeed, Defendant acknowledges in his motion that his severe eye condition and the need for treatment and surgery were well documented in Defendant's "earliest filings." Def. Mot. at 4 (citing ECF No. 33). In other words, the basis for Defendant's current motion was known to the Court and the parties at the time of his detention hearing on February 26, 2024, when defense counsel cited

3

Defendant's eye condition and treatment as a reason for Defendant's pretrial release.[1] Moreover, Defendant has filed multiple emergency *ex parte* motions with the Court since March 11, 2024, each seeking relief related to Defendant's eye condition including requests for medical furloughs and/or transportation to San Francisco for surgery with Dr. Tanaka, an order requiring eye surgery by a government contractor, and the immediate provision of eye drops. *See, e.g.*, ECF Nos. 52, 60, 67, 70. With the exception of Defendant's most recent motion, which remains pending, the Court has denied Defendant's previous motions. *See* ECF Nos. 56, 63, 69. And the Ninth Circuit previously affirmed the Court's denial of temporary release. *See* No. 24-1133, ECF No. 14 ("[T]he district court did not err by subsequently concluding that appellant had not shown compelling reasons for temporary release under 18 U.S.C. § 3142(i).").[2]

---

[1] The hearing before this Court on February 26, 2024, concluded with defense counsel raising "some eye medication that [Defendant] needs," and the Court responded, "Let's go off the record." ECF No. 38, at 25. Notably, earlier in the hearing, defense counsel mentioned Defendant's medical needs as a basis for his pretrial release, representing that Defendant takes daily medication for an eye condition and "has another surgery scheduled." *Id.* at 16. Consequently, Dr. Tanaka's letter does not present new information previously unknown to the Court or the parties. Moreover, Defendant recently has been transferred from Santa Ana City Jail to MDC-Los Angeles, which should help to facilitate any requisite treatment or procedure.

[2] Defendant argues that "an additional basis to reopen the detention hearing" is his current placement in the "Secure (Special) Housing Unit ('SHU')" of MDC-Los Angeles. Def. Mot. at 4-5 n.1. According to Defendant, his SHU placement "may complicate his medical treatment . . . and impair his trial preparation." *Id.* But Defendant has provided no factual information to support his assertion that his current placement in the SHU has in fact complicated his medical treatment. Furthermore, Defendant, raised similar concerns during the hearing before this Court on February 26, 2024, *see* ECF No. 38, at 11-12, and those concerns did not provide an ample basis for release then nor do they now.

4

Defendant's motion should be denied because there is no new information or basis to justify reopening the detention proceedings, let alone pretrial release. But even assuming *arguendo* that such information or a basis existed, the fact remains that Defendant is a substantial flight risk for whom no conditions or combination of conditions will ensure his appearance. The Court already has weighed the relevant facts and circumstances and concluded that Defendant is a flight risk warranting pretrial detention. *See* ECF No. 15. The Ninth Circuit affirmed the Court's ruling. *See* No. 24-1133, ECF No. 14. Nothing has changed to alter or disrupt this Court's analysis and conclusion. Defendant, in his motion, proposes another condition of release: "round-the-clock monitored security, paid for by [Defendant]." Def. Mot. at 6; *see also* Exh. 2 to Def. Mot. (letter from Official Security, Inc.). However, Defendant already proposed this condition during the hearing held before this Court on February 26, 2024. *See* ECF No. 38, at 15 ("If the Court wants, we will hire private security to monitor his [sic] 24 hours a day where he is."). This proposal is not new, does not guarantee Defendant's appearance at trial—especially when he would be paying and financing the very individuals tasked to watch him—and already has been rejected by this Court.[3]

---

[3] Defendant's proposed arrangement also would invite an uncomfortable question about whether a defendant, whom multiple courts have found presents a significant flight risk, should be able to essentially pay for his pretrial release based on his substantial personal wealth—the extent of which Defendant misrepresented to Pretrial Services, as the Court is aware. *See* ECF No. 38.

### III.   CONCLUSION

Based on the above, the Court should address Defendant's request on the papers without a hearing, and should deny Defendant's Motion to Reopen Detention Hearing and To Impose Conditions of Pretrial Release.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for Defendant.

Dated: May 31, 2024                          /s/ _____

LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels