DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail:    SFM@usdoj.gov; sean.mulryne@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>SUPPLEMENT TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND TO IMPOSE CONDITIONS OF PRETRIAL RELEASE |

    Defendant Alexander Smirnov ("Defendant") has moved to reopen the detention proceedings that this Court held and concluded more than three months ago and is seeking, again, his pretrial release subject to conditions. ECF No. 75. A hearing on the motion is currently scheduled for June 24, 2024. ECF Nos. 75 & 81. The government provides this Supplement to update the Court on information relevant to Defendant's present motion.

    //
    //
    //

Dated: June 20, 2024

        Respectfully submitted,

        DAVID C. WEISS
        Special Counsel

        /s/ _____

        LEO J. WISE
        Principal Senior Assistant Special Counsel

        DEREK E. HINES
        Senior Assistant Special Counsel

        SEAN F. MULRYNE
        CHRISTOPHER M. RIGALI
        Assistant Special Counsels

        United States Department of Justice

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   BACKGROUND

Nearly three months after this Court revoked Defendant's pretrial release, issued an arrest warrant, and held a hearing to further address his detention on February 26, 2024, Defendant moved to reopen the detention hearing, release Defendant from custody, and impose conditions.  ECF No. 75.  The government has opposed Defendant's pending motion, arguing that the Court can and should deny the motion on its merits and without a hearing.  ECF No. 77.  On May 31, 2024—the same day when the government submitted its opposition—Defendant filed a supplement to his original motion, claiming that his conditions of detention at MDC-Los Angeles, in the facility's Special Housing Unit ("SHU"), restrict his ability to prepare for trial.  ECF No. 78.

## II.   UPDATE

Since submitting its opposition to Defendant's motion to reopen detention proceedings, the government has had multiple contacts with the U.S. Marshals Service ("USMS") concerning Defendant's detention and medical treatment through MDC-Los Angeles.  Among those contacts, undersigned counsel exchanged emails with a Deputy Marshal on or about June 6 and June 18, 2024, and spoke with the Deputy Marshal on or about June 7, 14, and 20, 2024.  Moreover, the government spoke today with medical personnel at an ophthalmologist's office with whom Mr. Smirnov visited on or about June 11, 2024.  Based on those communications, the government provides the following information to the Court:

- Regarding Defendant's medical condition, Defendant visited with an ophthalmologist, outside the facility, on or about June 11, 2024.  The doctor prescribed multiple medications that were "ordered already in BEMR [Bureau of Prison ("BOP")'s Bureau of Electronic Medical Records System.]"  Defendant has access to eye drops.  A follow-up appointment

- with the ophthalmologist is scheduled for the week of July 1, 2024. There also is an apparent appointment with an eye specialist being possibly scheduled for the week of July 22, 2024.

- According to medical personnel at the ophthalmologist's office that Mr. Smirnov visited on June 11, 2024, Mr. Smirnov's eye condition is being treated with medications. The ophthalmologist's office confirmed that it will be meeting again with Mr. Smirnov during the week of July 1, 2024, to further evaluate and assess the medication's efficacy, and that Mr. Smirnov also is scheduled to meet with a glaucoma specialist in late July. The ophthalmologist's office has been in contact with Dr. Tanaka of San Francisco. According to medical personnel at the ophthalmologist's office, they need to evaluate the use and efficacy of the medication before making any surgical determination.

- BOP officials had determined that, *for the safety of Defendant himself*, "the safest place" for Defendant at MDC-Los Angeles is in the SHU.

- Defendant is "afforded the opportunity to make legal calls in SHU via inmate requests to staff. He has made multiple legal calls since being housed in [SHU]. By policy, he is only entitled to (1) social call every 30 days." BOP noted, however, that additional social calls may be authorized "if requested, based on inmate compliance and programming."

- "Inmates are authorized to view their discovery in [SHU.]" Defendant "can review discovery anytime he wants via request to use the law library."
- Defense counsel may bring a laptop into the facility when meeting with Defendant to review records and prepare for trial.

### III.  CONCLUSION

Based on the above, the government maintains that the Court can address Defendant's motion on the papers without a hearing, and should deny Defendant's motion to reopen the detention hearing.

## DECLARATION OF COUNSEL

I, Sean F. Mulryne, do hereby declare that the following statements are true and correct to the best of my knowledge and belief:

1. I am co-counsel of record for the United States of America in this case.

2. The assertions in the underlying supplement are true and correct to the best of my knowledge and belief.

3. The assertions in the underlying supplement are based on my contacts with the United States Marshals Services, including e-mails exchanged with a Deputy Marshal on or about June 6 and June 18, 2024, and phone calls with the Deputy Marshal on or about June 7, 14, and 20, 2024.

4. The assertions in the underlying supplement also are based on my contacts with medical personnel at the ophthalmologist's office that Mr. Smirnov visited on or about June 11, 2024. Those contacts occurred today, June 20, 2024.

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for Defendant.

Dated: June 20, 2024                          /s/_____

LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels