DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:24-CR-00091-ODW |
| v. ) | |
| ) | |
| ALEXANDER SMIRNOV, ) | Date of Hearing:     June 24, 2024 |
| ) | Time of Hearing:    10:00 a.m. |
| Defendant, ) | |
| ) | |

**DEFENDANT'S SUPPLEMENT TO MOTION TO REOPEN DETENTION HEARING AND TO IMPOSE CONDITIONS OF PRETRIAL RELEASE (ECF 75)**

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD and hereby files this Supplement to his Motion to Reopen the Detention Hearing and to Impose Conditions of Pretrial Release ("Def. Mot.") (ECF No. 75).

1

Attached hereto as Exhibit 1 is a supplemental letter from Dr. Tanaka dated June 20, 2024 which directs this Honorable Court's "<u>urgent attention</u>" to "<u>the critical medical situation</u>," specifically, the risk of "<u>complete and irreversible blindness</u>" that Mr. Smirnov is facing. As stated in part in Dr. Tanaka's supplemental letter:

> Before his incarceration, Mr. Smirnov was scheduled to undergo glaucoma surgery, a necessary intervention to manage his condition. However, during his time in prison, he was denied access to his prescribed glaucoma medications. This lack of treatment led to significant pain and progressively worsening blurry vision. Follow-up testing performed on June 11, 2024, by Dr. Erika Lauren Doss at Alliance Eye Surgery Partners has confirmed that his glaucoma has rapidly advanced due to the absence of necessary medical care.
>
> Mr. Smirnov is now scheduled to undergo the previously postponed glaucoma surgery by an external ophthalmologist. It is imperative to understand that glaucoma surgery is not a one-time intervention but requires meticulous post-operative care. Regular follow-up visits are crucial to monitor intraocular pressure, ensure proper healing, and adjust medications as necessary to prevent further deterioration of vision.

*See* Exhibit 1.

Dr. Tanaka further states in part:

> Neglecting these post-operative requirements would not only negate the benefits of the surgery but could also result in complete and irreversible blindness for Mr. Smirnov. As his attending physician, I strongly urge the court to ensure that Mr. Smirnov receives appropriate medical follow-up care post-surgery by releasing him from custody during his post-operative recovery period. This would allow Mr. Smirnov to receive regular care by a qualified glaucoma specialist and access to necessary medications and treatments which have thus far been unavailable while he is incarcerated.
>
> The neglectful treatment Mr. Smirnov has endured thus far has already caused significant and avoidable damage to his vision. Ensuring his access to the required post-operative care is essential to prevent further harm and to uphold the standard of medical care that every individual is entitled to, regardless of their incarceration status. In addition, it must be noted that this neglect has led to Mr. Smirnov's inability to read the voluminous discovery in the case and to assist his lawyers.

*See id.*

Accordingly, it is imperative that this Honorable Court grant the instant Motion, so that Mr. Smirnov can receive the necessary treatment outlined by Dr. Tanaka in order to prevent Mr. Smirnov from suffering complete and irreversible blindness.

In addition, it should be noted that on information and belief, Mr. Smirnov has only made a total of two legal calls since being housed at MDC-Los Angeles in the SHU (one to Mr. Chesnoff and one to Mr. Khoury). As such, it is not clear what information the government is relying on regarding Mr. Smirnov's ability to make legal calls. Moreover, while in the SHU, Mr. Smirnov is not permitted to keep any discovery covered by the protective order in this case or to possess a laptop without the presence of counsel. Furthermore, while other pre-trial detainees have regular access to social calls, Mr. Smirnov, a non-convicted (and presumed innocent), defendant remains isolated and is unable to have visitation with even his own family members, including his first cousin, who was recently denied visitation by the legal department.

Accordingly, in light of the still unresolved eye issues and logistical impediments infringing upon Mr. Smirnov's constitutional rights, including, but not limited to, his right to due process, a fair trial, effective counsel, right to assist in his defense, and right to be free from cruel and unusual punishment, this Honorable Court should grant Defendant's Motion.

Dated this 20th day of June, 2024.

Respectfully Submitted:
CHESNOFF & SCHONFELD

 /s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
Attorneys for Defendant
ALEXANDER SMIRNOV

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 20th day of June, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.


<u>/s/ Camie Linnell</u>
Employee of Chesnoff & Schonfeld