DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
  950 Pennsylvania Avenue NW, Room B-200
  Washington, D.C. 20530
  Telephone:  (771) 217-6090
  E-mail:    LJW@usdoj.gov, DEH@usdoj.gov
  E-mail:    SFM@usdoj.gov; CMR@usdoj.gov
  Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>Defendant. | No. CR 2:24-cr-00091-ODW<br><br>UNOPPOSED EX PARTE APPLICATION TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY THE SPECIAL COUNSEL AND DISMISS THE INDICTMENT IN THIS CASE<br><br>Hearing Date:   August 26, 2024<br>Hearing Time:   11:30 a.m.<br>Location:       Courtroom of the Hon. Otis D. Wright II |

The United States, by and through its counsel of record, hereby files this unopposed ex parte application for an order permitting the government to file a sur-reply in opposition to the defendant's motion to disqualify the Special Counsel and dismiss the indictment in this case, ECF 93. The defendant filed his motion on July 15, 2024, and the government filed a response in opposition on August 5, 2024, ECF 99. On August 9, 2024, the defendant filed a reply in support of his motion, in which he raised a new argument that

he had not included in his motion. ECF 102. Specifically, the defendant argued for the first time in his reply brief that the indictment in this case exceeds the scope of Special Counsel Weiss's Appointment Order. *Id*. at 1-5.

The government seeks leave to file a short sur-reply to address this argument. *See* Local Rule 7-10. "A decision to grant or deny leave to file a sur-reply is generally committed to the sound discretion of the court." *Tounget v. Valley-Wide Recreation & Park Dist.*, No. EDCV 16-88-JGB, 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020). "Good cause to permit a party to file a sur-reply may exist where," as here, "the movant raises new arguments in its reply brief." *McGechie v. Atomos Ltd*., No. 2:22-CV-01812-DJC-DB, 2023 WL 2918681, at *1 (E.D. Cal. Apr. 12, 2023) (citation omitted). Because the defendant raised the argument regarding the scope of the Appointment Order for the first time in his reply brief, the government has not yet had the opportunity to respond to it. Granting the government leave to file the sur-reply would benefit the Court's review of the defendant's motion by allowing the government to fully address all of the issues raised by the defendant.

The government's application is based on the attached declaration of Senior Assistant Special Counsel Derek E. Hines. Pursuant to Local Rule 17-19, on August 14, 2024, government counsel informed the defendant that it intended to file this ex parte application seeking leave to file a sur-reply and requested the defense's position. Defense counsel stated, "We do not oppose you filing a Surreply, provided that you inform the Court that we do not agree with your rationale for the need to file a surreply."

Accordingly, the Court should grant the government leave to file its sur-reply.

| | | |
|---|---|---|
| Dated: | August 14, 2024 | Respectfully submitted, |

DAVID C. WEISS
Special Counsel

/s/ _____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

3

## DECLARATION OF DEREK E. HINES

I, Derek E. Hines, declare as follows:

1. I am Senior Assistant Special Counsel, and I represent the government in *United States of America v. Alexander Smirnov*, No. CR 2:24-cr-00091-ODW.

2. I make this declaration in support of the government's ex parte application for an order permitting the government to file a sur-reply in opposition to the defendant's motion to disqualify the Special Counsel and dismiss the indictment in this case, ECF 93.

3. For the first time in his reply brief, the defendant raised a new argument about Special Counsel Weiss's appointment, contending that this prosecution exceeds the scope of his Appointment Order. ECF 102 at 1-5.

4. Because this argument was raised for the first time in reply, the government has not yet had the opportunity to respond to it. Granting the government leave to file the sur-reply would benefit the Court's review of the defendant's motion by allowing the government to fully address all of the issues raised by the defendant.

5. On August 14, 2024, I contacted defense counsel regarding the defendant's position on the government's ex parte application for leave to file a sur-reply. *See* Local Rule 17-19. Defense counsel stated, "We do not oppose you filing a Surreply, provided that you inform the Court that we do not agree with your rationale for the need to file a surreply."

6. A true and correct copy of that email is attached hereto as **Exhibit 1**.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 14th day of August, 2024, in the Commonwealth of Pennsylvania.

/s/
DEREK E. HINES
Senior Assistant Special Counsel

5