1  DAVID Z. CHESNOFF, ESQ.
2  *Pro Hac Vice*
   RICHARD A. SCHONFELD, ESQ.
3  California Bar No. 202182
   CHESNOFF & SCHONFELD
4  520 South Fourth Street
5  Las Vegas, Nevada 89101
6  Telephone: (702) 384-5563
7  dzchesnoff@cslawoffice.net
   rschonfeld@cslawoffice.net
8  Attorneys for Defendant, ALEXANDER SMIRNOV
9

10           UNITED STATES DISTRICT COURT
11           CENTRAL DISTRICT OF CALIFORNIA
                    * * * * * *
12

13  UNITED STATES OF AMERICA,     )    CASE NO. 2:24-CR-00091-ODW
14                                 )
15           Plaintiff,            )    **DEFENDANT'S NOTICE OF**
                                   )    **MOTION AND MOTION TO DISMISS**
16  v.                             )    **COUNT TWO OF THE INDICTMENT**
17                                 )
18  ALEXANDER SMIRNOV,             )
                                   )
19           Defendant,            )    **Honorable Otis D. Wright II**
20  _____  )    **September 23, 2024 at 10:00 a.m.**
21
22       PLEASE TAKE NOTICE that on September 23, 2024, or as soon thereafter
23  as counsel may be heard, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"),
24  by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A.
25  SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, will ask this
26
27
28
                              1

Honorable Court to enter an order Dismissing Count Two of the Indictment pursuant to the authority vested in Federal Rule of Criminal Procedure 12(b)(3)(B).

This Motion is made and based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and any argument that is heard.

On August 19, 2024, defense counsel conferred with the United States Government who will oppose this Motion and will assert that the Indictment pleads facts to support the elements of the charge in Count two.

Dated this 19th day of August, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3      **A.      Background**

4          Mr. Smirnov was charged by way of a two-count Indictment filed on

5

6      February 14, 2024.  The Indictment charged Mr. Smirnov with: 1) Making False

7      Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2)

8      Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. §

9
10     1519.

11         The Indictment alleges that Mr. Smirnov served as a confidential human

12     source ("CHS") for the FBI for several preceding years. As to Count two, the

13
       Indictment asserts:
14

15         Between on or about June 26 and 30, 2020, in the Central District of
           California, the defendant, ALEXANDER SMIRNOV, did knowingly cause
16         the making of a false entry in an FBI Form 1023, a record and document, with
           the intent to impede, obstruct, and influence a matter that the Defendant knew
17         and contemplated was within the jurisdiction of the United States Department
18         of Justice, a department and agency of the United States, in violation of Title
           18, United States Code, Section 1519, and Title 18, United States Code,
19         Section 2.

20

21         This recitation is defective. The Indictment, as shown, fails to allege the

22     requisite elements of an offense under 18 U.S.C. § 1519: it fails to allege that on

23
       June 26 and June 30, 2020, Mr. Smirnov knowingly falsified a record that was part
24

25     of an actual or contemplated investigation.

26

27

28
                                          3

1

2

3    Equally defective is paragraph 23, which alleges:

On or about June 26, 2020, FBI Pittsburgh contacted the Handler regarding
the 2017 1023. That same day, the Handler spoke with the Defendant [Mr.
Smirnov], who was in Los Angeles, by telephone. The information the
Defendant provided the Handler was memorialized on a Form 1023 (hereafter
the "2020 1023"), an official record of the FBI, which was finalized on June
30, 2020.

In fact—and, reinforcing the Indictment's failure to state a required element

of the charged offense (*viz.*, that there be an actual or contemplated investigation)--

the Indictment instead refers to the recited information as being a "non-relevant"

discussion regarding the uncharged Hunter Biden.

Thus, paragraph 24 states in part:

During their call on June 26, 2020, when the Handler asked the Defendant
about the "brief, non relevant discussion about former [Public Official 1]'s
son, [Businessperson 1], who is currently on the Board of Directors for
Burisma Holdings," the Defendant described, for the first time, two purported
meetings and two purported phone calls with various Burisma executives
where Businessperson 1 and Public Official 1 were discussed.

Accordingly, the Indictment states only that the alleged (and, supposedly

unlawful) June 26, 2020 conversation pertained to the Government characterized as

a prior "non-relevant" discussion.  Tellingly, there is no allegation in the Indictment

that Mr. Smirnov intended to create a false record (or even knew that a record would

be created) related to an actual or contemplated investigation of Hunter Biden.

4

**B.     Statement of the Law:**

The foregoing defects compel dismissal of Count two. Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move to dismiss an indictment that "fail[s] to state an offense." In considering such a motion, a court must, first, accept the Indictment's allegations as true and, second, "analyz[e] whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). To determine whether a "cognizable offense" has been charged, "the district court is bound by the four corners of the indictment." *Id*. A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986).

To repel a challenge under 18 U.S.C. § 1519, as charged in Count two, the government bears the burden of alleging facts to demonstrate that: "(1) [Mr. Smirnov] knowingly falsified a record or document; (2) [Mr. Smirnov] acted with the intent to impede, obstruct, or influence an actual or contemplated investigation; *and* (3) the investigation concerned a matter within the jurisdiction of the U.S. Department of Justice or the Federal Bureau of Investigation." *United States v. Gonzalez*, 906 F.3d 784, 793 (9th Cir. 2018) (emphasis added).

Applying these principles to the present case yields a straightforward result. An express element of a Section 1519 offense is that the Defendant intended to

5

obstruct an actual or contemplated investigation. *United States v. Katakis*, 800 F.3d 1017, 1023 (9th Cir. 2015); here, however, there is no assertion in the Indictment that there was an actual or contemplated investigation *or* that the alleged June 26, 2020 conversation was *part* of that unstated "investigation." Moreover, there is no assertion that Mr. Smirnov was aware that an FBI form 1023 would be created as a result of the alleged conversation.

Accordingly, the Indictment as to Count two is facially deficient as it fails to assert that: 1) Mr. Smirnov had knowledge that an FBI form 1023 would be created; 2) Mr. Smirnov acted with intent to falsify any such record; and most significant, 3) that there was an actual or contemplated investigation of Hunter Biden.

## C.   Conclusion

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court grant this motion and dismiss Count two of the Indictment.

DATED this 19th day of August, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell_____
Employee of Chesnoff & Schonfeld