DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEXANDER SMIRNOV, ) <br> ) <br> Defendant, ) <br> _____ ) | CASE NO. 2:24-CR-00091-ODW |

**REPLY IN SUPPORT OF MOTION FOR ACCESS TO CIPA § 4 FILING**

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD and hereby

1

files his Reply to the Government's Opposition ("Gov. Opp.") (ECF No. 108) to Mr. Smirnov's Motion for Access to CIPA § 4 Filing ("Def. Mot.") (ECF No. 98).

This Reply is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and any argument that is heard.

Dated this 22nd day of August, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

 /s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

# REPLY MEMORANDUM

## A. Discussion

The arguments raised in the Government's Opposition lack merit. Particularly unfounded is the following comment:

> Given that defense counsel have declined to agree to terms for a protective order commonly used in CIPA cases and have forced the issue to be litigated before the Court, it is perplexing that they also complain about their lack of access to classified discovery because no protective order is in place.

Gov. Opp. at 3, n.3.

The Government attorneys prosecuting this case know perfectly well that—during Mr. Smirnov's many years of work on behalf on behalf of this country—he has amassed an incalculable wealth of information that will be central to his trial defense in this case. The Government also knows that, once Mr. Smirnov signs their proposed protective order, that order will prevent him—on pain of sanctions—from fully discussing with his defense attorneys the wealth of information stored in his memory, but not actually written down. To date, however, the Government has not made—and, has shown no indication of making—any exception to the protective order's prohibitions for the classified information stored in Mr. Smirnov's head.

Thus, because Mr. Smirnov's case is not a one that is "commonly" seen in the CIPA context —and, because the Government's position regarding a blanket protective order boils down to: "Sign this, or else you're getting nothing"—Mr.

3

Smirnov elects not to sign the defense-restricting contract of adhesion tendered by the Government. *Compare, e.g., In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 127 (2d Cir. 2008) (noting, in contrast to Government's position in present case, that reasonable concessions can be made: "[T]he terms of the protective order entered by the District Court gave [defense] counsel access to *all classified material arguably relevant to [the defendant's] defense*, and provided [defendant] himself with access to *all of the relevant facts* set forth in that material. In light of the government's *willingness to stipulate* to the information [defense] counsel was seeking to adduce from the classified material, the District Court did not err in concluding that there was nothing to be gained—and much to be lost—by providing [defendant] himself with access to the original material . . . . In sum, we hold that the *combined effects* of the protective order and the District Court's evidentiary decisions . . . did not violate [defendant's] Fifth Amendment and Sixth Amendment rights to present a defense.") (emphasis added).

Elsewhere, the Government purports to distinguish *United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2013)—but does so in a way that is misleading. Citing the Court's dicta and commentary—in which the Ninth Circuit rejects "broadside challenges" and "*ex parte* proceedings" in CIPA cases—the Government ignores that, in this case: 1) Mr. Smirnov invoked *Sedaghaty* to set forth the correct procedural framework for CIPA proceedings, not to erect the strawmen "rebutted"

in the Government's opposition (*compare* Def. Mot. at 3-5, *with* Gov. Opp. at 5-6); and 2) that the primary concern articulated in Mr. Smirnov's opening papers—a concern that is reinforced by the Government's casual reference to "substitut[ing] [its own] summary" in place of the suppressed discovery (Gov. Opp. at 3)—was to ensure that the Government provide an evenhanded, court-approved summary, not the biased summary condemned in *Sedaghaty. See id*. at 905-6 ("[I]t is a fundamental principle underlying CIPA that the summary should be evenhanded, worded in a neutral fashion and not tilted or shaded to the government's advantage."); *see also* S. Rep. No. 96–823 at 9 (1980), reprinted in 1980 U.S.C.C.A.N. at 4302–03 (stating that the 'judge should ensure that a substitution . . . is crafted so that the Government obtains no unfair advantage in the trial'").

Finally, the Government's attempt to distinguish *United States v. Stillwell*, 986 F.3d 196 (2d Cir. 2021) (cited at Def. Mot. at 9) is unavailing. Despite the Government's mischaracterization of *Stillwell* as presenting an "incredibly unusual situation" (Gov. Opp. at 9), that case—like the one presented in *United States v. Mejia*, 448 F.3d 436, 456 (D.C. Cir. 2006), but with a different result—correctly and properly provided for the disclosure of a classified Section § 4 submission to cleared defense counsel. *See United States v. Hunter*, 32 F.4th 22, 28 (2d Cir. 2022) (explaining that Stillwell stands not for the "incredibly unusual situation" presented by its facts but, rather, as the Second Circuit having vacated the district judge's *ex*

*parte* "protective order [in *Stillwell*] and eventually order[ing] that the withheld [classified] information be disclosed, first to the [prosecutor], and then to defense counsel."). The same result should be reached here,

## B. Conclusion

For these reasons and for those set forth in our opening papers, Mr. Smirnov respectfully requests that this Court grant this motion and impose a protective order (under whatever conditions this Court deems appropriate) to grant Mr. Smirnov's defense team access to the complete discovery provided or referenced in the Government's CIPA filings.

DATED this 22nd day of August, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
rschonfeld@cslawoffice.net
dzchesnoff@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of August, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld