```
                    UNITED STATES DISTRICT COURT

         CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION


UNITED STATES OF AMERICA,      ) Case No. LA CR 24-00091-ODW
                               )
          Plaintiff,           ) Los Angeles, California
                               )
vs.                            ) Monday, September 23, 2024
                               )
ALEXANDER SMIRNOV,             )
                               ) (9:54 a.m. to 10:03 a.m.)
          Defendant.           )
_____)


      TRANSCRIPT OF MOTION TO DISMISS COUNTS TWO [107]
          BEFORE THE HONORABLE OTIS D. WRIGHT II
                 UNITED STATES DISTRICT JUDGE


Appearances:              See next page.

Court Reporter:           Recorded; CourtSmart

Courtroom Deputy:         Sheila English

Transcribed by:           Chinago Okonta
                          Echo Reporting, Inc.
                          9711 Cactus Street, Suite B
                          Lakeside, California 92040
                          (858) 453-7590
```

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

ii

```
 1  APPEARANCES:
 2  For Plaintiff:              LEO J. WISE, ESQ.
                                DEREK E. HINES, ESQ.
 3                              United States Department of
                                Justice
 4                              Principal Senior Assistant
                                  Special Counsel
 5                              950 Pennsylvania Avenue, NW
                                Room B-200
 6                              Washington, DC 20530
                                (771) 217-6091
 7
    For Defendant:              DAVID Z. CHESNOFF, ESQ.
 8                              RICHARD A. SCHONFELD, ESQ.
                                Chesnoff and Schonfeld
 9                              520 South 4th Street
                                Las Vegas, NV 89101
10                              (702) 384-5563

11  Transcribed by:             Echo Reporting, Inc.
                                Contracted Court Reporter/
12                              Transcriber
                                echoreporting@yahoo.com
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1

1  Los Angeles, California; Monday, September 23, 2024 9:54 am
2                              --oOo--
3       (Call to order of the Court.)
4           THE CLERK: Calling item two, CR 24-91, United
5  States of America versus Alexander Smirnov.
6           Counsel, may I have your appearances, please.
7           MR. WISE: Good morning. Leo Wise and Derek Hines
8  for the United States.
9           MR. HINES: Good morning, your Honor.
10          MR. CHESNOFF: May it please the Court -- your
11 Honor, David Chesnoff, Richard Schonfeld, present with Mr.
12 Smirnov who is in custody.
13          THE COURT: Good morning.
14          MR. CHESNOFF: Good morning, your Honor.
15          THE COURT: All right. Okay. We're on the
16 Defendant's motion to dismiss count two of the indictment.
17 I read the motion papers, and I've read the government's
18 opposition to that motion. My tentative is to deny the
19 motion, and I bet that comes as no surprise to anyone.
20          MR. CHESNOFF: When you hear the argument, well,
21 you may feel differently, your Honor.
22          THE COURT: Oh, you're going to raise something
23 different than what's in your papers?
24          MR. CHESNOFF: Well, it's a -- Mr. Schonfeld, the
25 brains of the operation, would like to be heard, your Honor.

2

1    THE COURT: I'm surprised you didn't put your best
2 foot forward to begin with, but that's your choice. Go
3 ahead.
4    MR. CHESNOFF: Thank you, your Honor.
5    MR. SCHONFELD: Thank you, your Honor. As the
6 Court is aware, under Federal Rules of Criminal Procedure
7 12(b)(3), a defendant may move to dismiss an indictment if
8 the indictment fails to state an offense.
9    In considering the motion, the court looks to the
10 four corners of the indictment and nothing more than that,
11 and we find that in U.S. vs. Boren, 278 F.3d 911. In this
12 instance, we're moving to dismiss count two, which is
13 brought under 18 United States Code 1519, as it fails to
14 state a claim against Mr. Smirnov -- fails to state an
15 offense.
16    Specifically, count two of the indictment charges,
17    "Between June 26 and June 30 of 2020,
18    the Defendant did knowingly cause the
19    making of a false entry in an FBI Form
20    1023, a record and document, with the
21    intent to impede, obstruct, and
22    influence a matter that a -- the
23    Defendant knew and contemplated was
24    within the jurisdiction of the United
25    States Department of Justice."

3

1           Curiously, the count does not assert that the FBI
2  Form 1023 was a record and document that was part of an
3  investigation or contemplated investigation.  The reason
4  that language is missing, which results in a fatal defect,
5  is that it was not part of an investigation or contemplated
6  investigation.  Rather, if we look at paragraph 40 of the
7  indictment, it refers to the FBI Pittsburgh office closing
8  their "assessment," not investigation.
9           The government was careful not to call it an
10 investigation because it was not one.  However, the
11 government still charged Mr. Smirnov with count two, and we
12 would speculate that's because count two provides a sentence
13 exposure of 20 years, whereas count one provides a
14 sentencing exposure of five years.
15          A violation of 18 U.S.C. 1519 requires the
16 government to assert and later prove that the Defendant
17 knowingly falsified a record or document with the intent to
18 impede or obstruct or influence an actual or contemplated
19 investigation.  And we find that language directly in U.S.
20 v. Gonzalez, 906 F.3d 784, a Ninth Circuit case, where the
21 Ninth Circuit noted that the district court properly
22 instructed the jury on the elements of this offense to be,
23 number one, the defendant knowingly falsified a record or
24 document, number two, the defendant acted with the intent to
25 impede, obstruct, or influence an actual or contemplated

4

investigation, and number three, the investigation concerned a matter within the jurisdiction of the U.S. Department of Justice or the Federal Bureau of Investigation.

Missing from this indictment are allegations that Mr. Smirnov knew that a false record would be created, that Mr. Smirnov intended to impede or obstruct, and, most glaringly, that there was an actual or contemplated investigation.  To the contrary, the indictment, as stated, appears to have been carefully drafted to call it an assessment and not an actual or contemplated investigation.  Moreover, according to paragraph seven of the indictment, the assessment was a follow up to a "non-relevant discussion" between Mr. Smirnov and his handler.  The indictment is, therefore, fatally defective on its face.

In United States vs. Boren, 278 F.3d 911, which is Ninth Circuit 2002, the court noted that in ruling on a motion to dismiss for failure to state an offense, the court is bound by the four corners of the indictment.  And the court noted in that case that the indictment either stated an -- either the indictment states an offense or it does not.  You can't draw inferences as to what the indictment intended to state.

Contrary to the government's assertions that the indictment need only recite the elements of an offense, which, even in this instance, it does not, there's more

5

1  that's required.  The government cited Buckley and Mancuso.
2        In Buckley, the Ninth Circuit stated that an
3  indictment alleging a scheme to defraud must provide
4  sufficient facts -- not just elements, facts -- to fulfill
5  the purposes of an indictment.  The court recognized the
6  propriety of a dismissal when the indictment failed to
7  identify with particularity in that case the nature of the
8  alleged fraudulent scheme.
9        In Mancuso, the court recognized that indictment
10 "must provide the essential facts necessary to apprise the
11 defendant of the crime charged."  There are no facts in this
12 indictment, your Honor, related to what actual or
13 contemplated investigation was taking place and that the
14 Defendant intended to obstruct or impede that actual or
15 contemplated investigation.  As a result, count two in this
16 indictment is fatally defective and should be dismissed.
17        THE COURT:  Is that it?
18        MR. SCHONFELD:  If you have no questions, your
19 Honor, that concludes my argument.
20        THE COURT:  Thank you.
21        MR. WISE:  Good morning, your Honor.
22        THE COURT:  Good morning.
23        MR. WISE:  The Defendant has moved to dismiss
24 count two, which charges the Defendant with violating 18
25 U.S.C section 1519 and section two.  The Defendant is

6

1 charged in count two with knowingly causing the creation of
2 a false document, specifically as pled beginning in
3 paragraph 23 of the indictment and FBI Form 1023 in June of
4 2020, with the intent to impede an FBI investigation or in
5 contemplation of an FBI investigation, which in 2020, as
6 pled in the indictment beginning at paragraph 22, was an
7 investigation being conducted by the FBI Pittsburgh field
8 office under the number 58APG3250958, which was being done
9 in conjunction with the U.S. Attorney's Office for the
10 Western District of Pennsylvania.  Let me be clear about
11 something that counsel seems to misunderstand.  An
12 assessment is an investigation.
13         Defendant has moved pursuant to federal criminal
14 rule of -- to Federal Rule of Criminal Procedure 12(b) for
15 failure to state an offense.  But an analysis of the
16 sufficiency of an indictment doesn't start with Rule 12(b),
17 rather, it begins with Federal Rule of Criminal Procedure 7,
18 which requires, "A plain, concise, and definite written
19 statement of the essential facts constituting the offense
20 charged."  Defendant never addressed or even cited Rule 7 in
21 his motion.  And since the indictment comports with Rule 7,
22 the Defendant's motion should be denied on that basis alone.
23         THE COURT:  It can be if you stop talking.
24         MR. WISE:  Thank you, your Honor.
25         THE COURT:  My tentative stands.  You've been

```
                                                                    7
 1  adequately advised of the charges that you are called upon
 2  to defend.  That's all that's necessary.  They don't have to
 3  prove their case in the indictment.
 4           All right.  We're done.
 5           MR. WISE:  Thank you, your Honor.
 6           MR. CHESNOFF:  Have a good day, your Honor.
 7           THE COURT:  You too.
 8           THE CLERK:  The court is in recess.
 9      (Proceedings concluded.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                8
 1          I certify that the foregoing is a correct
 2  transcript from the electronic sound recording of the
 3  proceedings in the above-entitled matter.
 4
 5  /s/Chinago Okonta                    9/26/2024
    Transcriber                          Date
 6
 7  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:
 8
 9  /s/L.L. Francisco
    L.L. Francisco, President
10  Echo Reporting, Inc.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```