# EXHIBIT 1



**U.S. Department of Justice**

*Office of Special Counsel David C. Weiss*

---

Leo J. Wise                                                                 950 Pennsylvania Ave NW, Room B-200
*Principal Senior Assistant Special Counsel*                                       Washington, D.C. 20530
Leo.Wise@usdoj.gov

April 5, 2024

**<u>Via Email</u>**
David Z. Chesnoff, Esq.
Richard A. Schonfeld, Esq.
Chesnoff and Schonfeld
520 South 4th Street
Las Vegas, NV 89101

      Re:  <u>*United States v. Alexander Smirnov (24-cr-091-ODW) – Production 1*</u>

Dear Counsel:

      In response to your March 5, 2024, letter, and pursuant to the Court's Protective Order (ECF 59), the government is providing discovery materials via a file-sharing platform. The materials have been produced in load ready format that include image, native, and text files and are Bates stamped USA-01-00000001 through USA-01-00000785. The confidential materials are Bates stamped USA-01-00000001 through USA-01-00000484. An index of both the confidential and non-confidential materials have been provided for reference.  We expect to make additional discovery productions on a rolling basis.

      Your client is charged with an offense, the time, date and place of which are detailed in the indictment (ECF 1) and discovery materials.  Pursuant to Rule 12.1, the government demands prompt written notice of any alibi defense within fourteen (14) days of the receipt of this demand. This notice should detail the specific place or places at which the defendant claims to have been at the time of the offense and the names, addresses, and telephone numbers of all witnesses upon whom the defendant intends to rely to establish such an alibi.  Failure to comply with Rule 12.1 may result in the exclusion of testimony of any undisclosed witness regarding the defendant's alibi. *See* Rule 12.1(e).

      Pursuant to Rule 12.2, the government demands written notice of any planned insanity or mental defect defense, and/or expert testimony of the defendant's mental condition, within the time provided for filing a pretrial motion, or at any later time the court sets.  The government demands prompt notice of any entrapment defense per *United States v. Levin,* 606 F.2d 47, 49 (3d Cir. 1979).

      The government demands reciprocal disclosure of Jencks materials pursuant to Rule 26.2 and *United States v. Nobles*, 422 U.S. 225 (1975).  The government will provide any Jencks and impeachment materials at least one week prior to trial.  I request that you supply any defense Jencks materials in a similarly reasonable fashion.

This production includes photographs and copies of physical items that may be introduced at trial. To the extent you would like to view the physical items, the government is willing to discuss arrangements for inspection.

If the government decides to offer at trial any evidence covered by Federal Rule of Evidence 404(b), reasonable notice will be provided.

Respectfully submitted,

DAVID C. WEISS
Special Counsel
United States Department of Justice

By: /s/
Leo J. Wise
Principal Senior Assistant Special Counsel
Derek E. Hines
Senior Assistant Special Counsel
Sean F. Mulryne
Christopher M. Rigali
Assistant Special Counsels