DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 2:24-CR-00091-ODW | |
| ) | | |
| Plaintiff, ) | **DEFENDANT'S NOTICE OF** | |
| ) | **MOTION AND MOTION *IN*** | |
| v. ) | ***LIMINE* TO PRECLUDE ANY** | |
| ) | **REFERENECES TO** | |
| ) | **DEFENDANT'S** | |
| ALEXANDER SMIRNOV, ) | **ALLEGED DISLOYALTY** | |
| ) | | |
| Defendant, ) | **Honorable Otis D. Wright II** | |
| _____ ) | **November 25, 2024 at 10:00 a.m.** | |

PLEASE TAKE NOTICE that on November 25, 2024 at 10:00 a.m., or as soon thereafter as counsel may be heard, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, will ask this Honorable Court to enter an order granting his Motion

1

*in Limine* to Preclude Any References to Mr. Smirnov's Alleged Disloyalty to the United States Government. *See* Fed. R. Evid. 401, 402, 403, 404(b).

This Motion is made and based upon the attached Memorandum of Points and Authorities, filed October 31, 2024.

On October 22, 2024, Mr. Smirnov sent an email to counsel for the government, seeking the government's position on this motion *in limine*. Counsel for the government subsequently advised that the government opposed this motion.

Dated this 31st day of October, 2024.

        Respectfully Submitted:

        CHESNOFF & SCHONFELD

        /s/ David Z. Chesnoff
        DAVID Z. CHESNOFF, ESQ.
        *Pro Hac Vice*
        RICHARD A. SCHONFELD, ESQ.
        California Bar No. 202182
        520 South Fourth Street
        Las Vegas, Nevada 89101
        Telephone: (702)384-5563
        dzchesnoff@cslawoffice.net
        rschonfeld@cslawoffice.net
        Attorneys for Defendant
        ALEXANDER SMIRNOV

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### A. **Background**

The two-count Indictment in this case (ECF No. 1, Feb. 14, 2024) charges Mr. Smirnov with: 1) Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. As alleged in the Indictment, Mr. Smirnov served as a confidential human source ("CHS") for the FBI during the preceding years, reaching back to 2013.

Despite the Indictment's allegations of Mr. Smirnov's dishonesty, the discovery produced to date shows that, starting back in 2011, the FBI eagerly continued to "work" him until October 13, 2023—the date when Mr. Smirnov's FBI handlers compiled his final, complimentary Field Office Annual Source Report (FD-1040a), covering the period from October 2022 to October 2023. *See* BATES USA-05-00000088-99 (noting, among other things, that Mr. Smirnov had never been a subject of an FBI investigation and had maintained clean affiliations and traits; report notes no instance of counterespionage or any other form of compromised loyalty or allegiance).

The FBI's decision to keep Mr. Smirnov working for them *until late 2023* should thus be borne in mind—particularly when considering that the allegations in Count One revolve primarily around false statements made back in 2015 to 2017

(*see* ECF No. 1 at 34-35, ¶57), and that Count Two's allegations pertain to acts and statements that allegedly took place in June 2020—three years *before* the Government decided to stop using him as a source of information and, instead, prosecute him federally.

Despite this exculpatory chronology and Mr. Smirnov's blemish-free service to the United States Government, Mr. Smirnov expects the prosecution—at trial and based on the contents of their Indictment—to "dirty him up" by seeking to portray him as a "Russian Spy" or some sort of equally derogatory, disloyal type of operative. Indeed, the prosecution's fruitless efforts along these lines started back in February, at Mr. Smirnov's very first detention hearing in Nevada. ECF No. 20 at 38 (after prosecutor warns that Mr. Smirnov—an Israeli-American citizen born in Ukraine—might flee to Russia, Magistrate Judge states: "I understand the concern about foreign intelligence agencies potentially resettling Mr. Smirnov outside of the United States, . . . but I think on some level that's speculative . . . I don't know what Mr. Smirnov will be thought of in Russia, but my guess is . . . he probably thinks that's not the most attractive place to go either if he was in fact inclined to go hide somewhere."). Indeed—and as Mr. Smirnov will demonstrate at trial under Rule 405(b)—his 12 years of service to the United States demonstrates (through the FBI's own records) countless specific instances of Mr. Smirnov providing helpful information, with reproach-free conduct. *See, e.g., United States v. Kail*, No. 18-CR-

00172-BLF-1, 2021 WL 261135, at *6 (N.D. Cal. Jan. 26, 2021) ("[W]hen a person's character or character trait is an essential element of the crime charged, the character may also be proved by relevant specific instances of conduct.") (citing Fed. R. Evid. 405(b) and *State of Ariz. v. Elmer*, 21 F.3d 331, 335 (9th Cir. 1994)).

Against this backdrop of Mr. Smirnov's undivided, years-long loyalty to the United States, this Court should rule *in limine* that the Government cannot, at trial, adduce any evidence or make any references to the effect that Mr. Smirnov was unpatriotic, was working as a "double agent" for another government, or the like. *See* Fed. R. Evid. 402, 403.

**B.    This Court Should, Under Rule 403, Preclude Unfounded References to Mr. Smirnov's Alleged Disloyalty to the United States Government**

While Rules 401 and 402 of the Federal Rules of Evidence exclude irrelevant evidence (that is, evidence that is not probative of a disputed fact "of consequence"), Rule 403 provides that even evidence containing some peripheral relevance should also be excluded where—as here—its limited probative value is significantly outweighed by countervailing considerations:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403; *see also United States v. Krug*, No. CR 09-01148-MMM, 2013 WL 12218761, at *2 (C.D. Cal. Jan. 4, 2013) (in prosecution charging threat to

government employee, district court, under Rule 403, denies government's motion *in limine* to exclude defendant's reference to Bureau of Prisons employee's refusal to submit to a memory test);*United States v. Salman*, 618 F. App'x 886, 889 (9th Cir. 2015) ("Federal Rule of Evidence 401 provides that evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action,' and Federal Rule of Evidence 402 requires that irrelevant evidence be excluded.").

While Rule 403 decisions are reviewed on appeal under an abuse of discretion standard, *see, e.g., Mulligan v. Nichols*, 835 F.3d 983, 992 (9th Cir. 2016), the Ninth Circuit does not hesitate to find error in district court admissions of unfairly prejudicial evidence. Thus, for example:

> Evidentiary rulings are reviewed for an abuse of discretion. *See EEOC v. Pape Lift, Inc.*, 115 F.3d 676, 680 (9th Cir.1997). Evidence is inadmissible if it is not relevant, Fed. R. Evid. 401, or "if its probative value is substantially outweighed by the danger of unfair prejudice," Fed. R. Evid. 403.
>
> The testimony elicited by the Government regarding Lawrence's ["unconventional"] marriage and the circumstances of that relationship was *not* probative of Lawrence's guilt or innocence of the [fraud and false statement] crimes with which he was charged. Any relevance this testimony may have had is *easily outweighed by the unfair prejudicial effect* it had on the jury's ability to focus on the issues relevant to the charges. *See United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992) . . . . Accordingly, *the district court abused its discretion in allowing this testimony to be heard by the jury.*

*United States v. Lawrence*, 189 F.3d 838, 842–43 (9th Cir. 1999) (emphasis added); *see also United States v. Fawbush*, 634 F.3d 420, 421-423 (8th Cir. 2011) (Eighth Circuit reverses and remands for new trial: "'Unfair prejudice' . . . means *an undue tendency to suggest decision on an improper basis,* commonly, though not necessarily, *an emotional one.*" Fed. R. Evid. 403 advisory committee's note. We believe the evidence that Fawbush had sexually abused his daughters . . . to have been so inflammatory on its face as to divert the jury's attention from the material issues in the trial . . . . Consequently, the prejudicial effect of this evidence outweighed any legitimate probative value it may have had.") (emphases added).

These principles compel exclusion of evidence of (or references to) Mr. Smirnov's alleged "disloyalty" to the United States. First, such references would be false and, therefore, probative of *nothing* "of consequence" to the counts charged in the indictment. As such, without needing even to address Rule 403, this Court should hold that Rule 402 precludes the Government's irrelevant evidence. *See, e.g., Hitt*, 981 F.2d at 423-24 ("The photograph's probative value [depicting a gun not probative of defendant's guilt] was exceedingly small. . . . . [E]ven if the rifle's inside condition were somehow related to its outside appearance, it's virtually impossible to tell whether the gun is clean or dirty from the photograph, in which the rifle is seen from several feet away. The photograph might well have been excludible under

7

Rule 402 as totally irrelevant, had a Rule 402 objection been made.") (reversing conviction).

But if this Court assumes that falsely smearing Mr. Smirnov's patriotism is probative of *something*, that meager, imaginary value is substantially outweighed by the risk of unfair prejudice, in addition to confusing the issues and misleading the jury about the primary (if not solitary) fact "of consequence" under Section 1519: that is, whether the Government can prove beyond a reasonable doubt that Mr. Smirnov indeed made statements that actually "obstructed" a federal investigation. This the Government cannot do—at least, they cannot do it without unfairly prejudicing him and districting the jury with a side-trial about the non-issue of "patriotism." *See, e.g.*, *United States v. Preston*, 873 F.3d 829, 841–42 (9th Cir. 2017) ("[T]he district court abused its discretion by finding the evidence admissible under Rule 403. Rule 403 is meant to 'ensure that *potentially devastating evidence of little probative value will not reach the jury*" .... We have long held that '[w]here the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's *even a modest likelihood of unfair prejudice or a small risk of misleading the jury.*" *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012) (quoting *Hitt*, 981 F.2d at 424) (emphases added)); *see also United States v. Schulte*, No. S-2 17 CR. 548 (PAC), 2020 WL 264687, at *3 (S.D.N.Y. Jan. 17, 2020) (denying Government's attempt to introduce post-arrest evidence—not present in

this case—of unpatriotic statements: "The motion is denied as it relates to 'patriotism.' Schulte's statements about his anger towards the Government because he believes he was falsely arrested and indicted . . . do not contradict his patriotism pre-arrest. With respect to 'bias' concerning racist statements . . . , the probative value of the statements is substantially outweighed by prejudice; they are excluded under FRE 403.").

Particularly in today's polarized political world—where the national party that created the present prosecution team believes "Russian collusion" to be a threat of real, ongoing substance, while the other party (which may have won a Presidential election by the time this motion is ripe for resolution) deems it is a mere "witch hunt"—this Court should invoke Rule 403 (if not 402 or even Rule 404(b)) and preclude the references that the Government plainly intends to proffer against Mr. Smirnov. *See United States v. Trump*, No. 23-80101-CR, 2024 WL 2890801, at *7 (S.D. Fla. June 10, 2024) (under Rule 404(b), which cannot be invoked to introduce to show that a defendant, by acting in a certain, uncharged way, had a "propensity" to act the same way as charged in the indictment: "[T]he permissibility of Rule 404(b) evidence is not always self-evident except until trial when the contours of defenses are crystallized and when the Court can assess the potential probative value and/or prejudicial impact of such evidence in light of the full evidentiary picture."). Because any such references risk inflaming the jury and leading them to convict

based on uncharged conduct (namely, that Mr. Smirnov is "deceitful" and "disloyal" to the United States in some unexplained way), they should be precluded.

C.  **Conclusion**

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court grant this motion *in limine*.

DATED this 31st day of October, 2024.

          Respectfully Submitted:

          CHESNOFF & SCHONFELD

          /s/ David Z. Chesnoff
          DAVID Z. CHESNOFF, ESQ.
          *Pro Hac Vice*
          RICHARD A. SCHONFELD, ESQ.
          California Bar No. 202182
          520 South Fourth Street
          Las Vegas, Nevada 89101
          Telephone: (702)384-5563
          rschonfeld@cslawoffice.net
          dzchesnoff@cslawoffice.net
          Attorneys for Defendant
          ALEXANDER SMIRNOV

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Camie Linnell
Employee of Chesnoff & Schonfeld