DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> ALEXANDER SMIRNOV, ) <br> ) <br> Defendant, ) <br> _____ ) | CASE NO. 2:24-CR-00091-ODW <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO TAKE JUDICIAL NOTICE OF CONTENTS OF HEARING TRANSCRIPT** <br><br> **Honorable Otis D. Wright II** <br> **November 25, 2024 at 10:00 a.m.** |

PLEASE TAKE NOTICE that on November 25, 2024 at 10:00 a.m., or as soon thereafter as counsel may be heard, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, will ask this Honorable Court to enter an order granting his Motion

1

*in Limine* to Take Judicial Notice of the Contents of the Court-Certified Transcript of the Hearing held on July 26, 2023 in the District of Delaware in: 1) *United States v. Robert Hunter Biden*, CR No. 23-61-MN (D. Del. 2023); and 2) *United States v. Robert Hunter Biden*, CR No. 23-mj-274-MN (D. Del. 2023).

This Motion is made and based upon the attached Memorandum of Points and Authorities, and the Biden Plea Transcript (July 26, 2023) (attached as Exhibit 1), which Mr. Smirnov filed October 31, 2024.

On October 22, 2024, Mr. Smirnov sent an email to counsel for the Government, seeking the government's position on this motion. Counsel indicated that the Government reserved the right to oppose this motion.

Dated this 31st day of October, 2024.

        Respectfully Submitted:

        CHESNOFF & SCHONFELD

        /s/ David Z. Chesnoff
        DAVID Z. CHESNOFF, ESQ.
        *Pro Hac Vice*
        RICHARD A. SCHONFELD, ESQ.
        California Bar No. 202182
        520 South Fourth Street
        Las Vegas, Nevada 89101
        Telephone: (702)384-5563
        dzchesnoff@cslawoffice.net
        rschonfeld@cslawoffice.net
        Attorneys for Defendant
        ALEXANDER SMIRNOV

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Background

The two-count Indictment in the present case (ECF No. 1) charges Mr. Smirnov with: 1) Making False Statements to a Government Agent, in violation of 18 U.S.C. § 1001; and 2) Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. As alleged in the Indictment, Mr. Smirnov served as a confidential human source for the FBI for at least 10 years, from 2013 through October 2023.

Nearly seven months before the Indictment in this case (February 14, 2024), however, the Government—on July 26, 2023—tried to strike a negotiated plea agreement with defendant Robert Hunter Biden, the son of the current President. The plea agreement was designed—along with an accompanying "Diversion Agreement"—to resolve the "firearms case" (CR No. 23-61-MN (D. Del. 2023)) together with the "tax case" (CR No. 23-mj-274-MN), both of which were presided over by the Honorable United States District Judge Maryellen Noreika (the "Delaware Judge") in the District of Delaware.[1]

---

[1] Summarizing both cases, proposed plea agreement, and the July 26, 2023 hearing in an order dated April 12, 2023, the Delaware Judge wrote:

> On June 20, 2023, the government filed two Informations against Defendant. One charged Defendant with two misdemeanor tax offenses under 26 U.S.C. § 7203 ("the Tax Case"), and the other with one count of possession of a firearm by a person who is an unlawful user of or addicted to a controlled substance in violation

After a protracted hearing on July 26, 2023, however, the Delaware Judge declined to either accept or reject the proposed resolution of both cases. While the official transcript of that hearing is the best evidence of the basis of the Delaware Judge's decision, that Court did summarize its reasoning in a later order, dated April 12, 2024.[2]

---

of 18 U.S.C. § 922(g)(3) ("the Firearm Case") . . . . On the same day, the government filed a letter indicating that Defendant had agreed to plead guilty to both misdemeanor tax offenses and also agreed to enter a pretrial diversion program as to the felony firearm charge . . . . The Court set a hearing for July 26, 2023.

As to the misdemeanor tax charges, the parties proposed a Memorandum of Plea Agreement ("the Plea Agreement"), whereby Defendant would plead guilty to two counts of willful failure to pay tax in violation of 26 U.S.C. § 7203 and, in exchange, the government would, *inter alia*, [1] "not oppose a two-level reduction in the Offense Level pursuant to . . . § 3E.1(a)" at the time of sentencing and [2] "recommend a sentence of probation" . . . . The Plea Agreement itself contained no language indicating that, in exchange for Defendant's guilty plea, the government was agreeing to dismiss or forego any charges, but it did reference a pretrial diversion agreement ("the Diversion Agreement") related to the firearm charge, the latter of which did contain an agreement not to prosecute.

*United States v. Biden*, No. CR 23-61 (MN), 2024 WL 1603367, at *1 (D. Del. Apr. 12, 2024) ("*Biden (Apr. 12, 2024 Order)*").

[2] The Delaware Judge summarized the "immunity dispute" that arose at the July 26, 2023 hearing as follows:

Under oath, Defendant repeatedly told the Court [at the July 26, 2023 hearing] that his guilty plea in the Tax Case was conditional on the immunity conferred by the Diversion Agreement in the Firearm Case—*i.e.*, the government's promise not to prosecute Defendant "for any federal crimes encompassed by" the statement of facts attached to both the Diversion Agreement and Plea Agreement . . . .

Having received contradictory sworn statements about Defendant's reliance on immunity, the Court proceeded to inquire about the scope of any immunity. At this point, it became apparent that the parties had different views as to the scope of the immunity provision in the Diversion Agreement.

4

For the reasons set forth below, Mr. Smirnov now moves this Court to enter an order taking judicial notice of the transcript of the July 26, 2023 hearing in the United States District Court for the District of Delaware.

**B.    This Court Should Take Judicial Notice of the Transcript of the Hearing in *United States v. Biden* (D. Del.) on July 26, 2023**

Citing related cases, a representative district court case from the Ninth Circuit illustrates the "undisputable" subject matter—including official transcripts like the one at issue in this motion—that properly forms the basis of a motion for a finding of judicial notice.

> Courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute," Fed. R. Civ. P. 201(b) . . . . [T]he Court will only take judicial notice of the *reasonably undisputed facts*, such as the *existence* of [1] the warrant and [2] statement of probable cause, their *filing date*, the *date of the arrest* at issue, and the *existence of the preliminary hearing transcript* . . . . Thus, for this limited purpose, judicial notice of the two documents is GRANTED. *See, e.g., Bryan v. City of Carlsbad*, 297 F. Supp. 3d 1107, 1115–16 (S.D. Cal. 2018) (although affidavit, warrant, and return of service were "official documents . . . appropriate for judicial notice[,]" the court only "t[ook] note of their existence as public records, rather than of reasonably disputable facts they contain[ed]"); *Beckway v. DeShong*, 717 F. Supp. 2d 908, 912 n.1 (N.D. Cal. 2010) (judicial notice of *existence of documents* from the criminal proceeding against plaintiff, including a *transcript of the preliminary hearing* . . . , but did not accept as true the facts alleged in the documents "[s]ince it would be inappropriate to take

---

At the conclusion of the hearing, the Court explained that it could not accept or reject the Plea Agreement as offered. The Court remained unconvinced that the Plea Agreement was properly offered under Rule 11(c)(1)(B) and concerned that, if not, Defendant's contradictory sworn testimony as to whether he believed the Diversion Agreement's immunity was part of his plea bargain left issues unresolved – as did the confusion surrounding the scope of immunity.

*Biden* (Apr. 12, 2024 Order), No. 2024 WL 1603367, at *3-4.

judicial notice of a fact that is subject to reasonable dispute") . . . . ; *see also, e.g., Ward v. City of Barstow*, 2017 WL 4877389, at *5 (C.D. Cal. June 23, 2017) (court judicially noticed "as facts *not* reasonably subject to dispute that: (1) *the warrants and supporting affidavits* were issued and signed by the persons and on the dates *indicated on their face*, and (2) the *certified copies filed by Defendants* accurately reflect the contents of those documents"). In finding limited judicial notice appropriate, the Court is *not* making a finding that the contents of the documents are true.

*Cooley v. City of Walnut Creek*, No. 18-CV-00719-YGR, 2019 WL 1533430, at *2 n.3 (N.D. Cal. Apr. 9, 2019) (internal parentheticals amended) (emphases added); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Judicial notice . . . permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.' Fed. R. Evid. 201(b). A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(1)–(2). Accordingly, '[a] court *may* take judicial notice of *matters of public record*' . . . [b]ut . . . *cannot take judicial notice of disputed facts* contained in such public records.") (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)) (emphases added).

Pursuant to these principles, this Court should enter an order taking judicial notice of the contents of the official court transcript of the July 26, 2023 hearing in the District of Delaware, and permitting Mr. Smirnov to introduce that transcript into evidence at trial, upon a showing of admissibility. Specifically, Mr. Smirnov asks

6

this Court to take judicial notice of (and permit the jury to consider) *the transcript itself*, the contents of which cannot be anything other than "reasonably undisputed." *Khoja*, 899 F.3d at 999 ("Judicial notice . . . permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'"); *see also Ward*, 2017 WL 4877389, at *5 (C.D. Cal. June 23, 2017) (facts judicially noticed "as facts not reasonably subject to dispute" include "(1) the warrants and supporting affidavits . . . and (2) the certified copies . . . [that] accurately reflect the contents of those documents").

Moreover, the contents of the Delaware transcript are relevant to one of Mr. Smirnov's theories of defense. While it is not Mr. Smirnov's intent to "speak for the transcript" in the present motion, he notes that a fair reading of the July 26 hearing transcript shows that the Government offered defendant Biden a "sweetheart deal" that 1) offered defendant Biden a host of valuable (including immunity) to plead guilty to a couple of tax misdemeanors, and 2) that the Delaware Judge rightly rejected.

The Delaware transcript—coupled with the eventual, lenient resolution of the Biden cases and the subsequent indictment of Mr. Smirnov—thus tends to establish a fact "of consequence" to the defense, namely, that Mr. Smirnov's prosecution (indicted in February 2024, *after* the Hunter Biden deal blew up in July 2023) smacks of political bias and targets a United States citizen who has the misfortune of 1) not having a familial relationship with the sitting President, and 2) being baselessly

accused, after a decade of loyal service to the FBI, of being a "Russian Spy." Fed. R. Evid. 401; *see also United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007) ("Rule 401 defines relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' To be 'relevant,' evidence need not be conclusive proof of a fact sought to be proved, or even strong evidence of the same. *All that is required is a 'tendency' to establish the fact at issue*.") (emphases added). This Court should, therefore, grant the present motion and take judicial notice of the July 23, 2023 transcript and its undisputed contents.

### C. Conclusion

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court grant this motion *in limine*.

DATED this 31st day of October, 2024.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
Attorneys for Defendant
ALEXANDER SMIRNOV

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

<u>/s/ Camie Linnell</u>
Employee of Chesnoff & Schonfeld