DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:  (771) 217-6090
    E-mail:       LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:       SFM@usdoj.gov; CMR@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>Defendant. | No. CR 2:24-cr-00091-ODW<br><br>**GOVERNMENT'S FIRST MOTION IN LIMINE TO PRECLUDE PROPOSED DEFENSE EXPERT GREGORY SCOTT ROGERS**<br><br>Hearing Date: November 25, 2024<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom of the Hon.<br>         Otis D. Wright |
|---|---|

    Plaintiff United States of America, by and through its counsel of record, hereby files its Motion in Limine to preclude the defendant from calling his proposed expert, Gregory Scott Rogers, to testify at trial.

This motion is based upon the attached memorandum of points and authorities and the declaration of Leo J. Wise, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: November 1November 1, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ _____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

The United States, by and through undersigned counsel, respectfully moves to exclude the testimony of Gregory Scott Rogers, a proposed expert witness that the defendant noticed for the first time on October 24, 2024. *See* Exhibit 1 (hereafter "Disclosure"). According to the defendant, Rogers, the owner of "2 Shots Private Investigations," is an expert "regarding use of confidential informants and undercover operations. *Id*. at 1. Rogers' testimony should be excluded because (1) he does not satisfy Fed. R. Crim. P. 16 and (2) the testimony is inadmissible under F.R.E. 702.

## I.  LEGAL STANDARDS

Federal Rule of Criminal Procedure 16 requires a defendant to provide the government with "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief; the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. Pro. 16(b)(1)(C)(iii). The proposed expert "must approve and sign the disclosure." *Id*. at 16(b)(1)(C)(v). If a defendant does not comply with Rule 16, the Court may "prohibit [the defendant] from introducing the undisclosed evidence." *Id*. at 16(d)(2)(C).

A defendant seeking to admit expert testimony must also comply with the Federal Rules of Evidence. Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise, if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. These criteria boil down to two main considerations: "reliability and relevance." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ("*Daubert I*"). The burden of proving admissibility rests on party seeking to submit the expert

testimony. *Lust ex rel. Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Encompassed in the determination of whether expert testimony is "relevant" is whether it is helpful to the trier of fact. *See Daubert I*, 509 U.S. at 590-93. The test for "reliability" is whether the testimony is "based on specialized knowledge, derived from sufficient facts or data, and obtained using scientific or other valid methods rather than "subjective belief or unsupported speculation." *Id.* at 589-93. Here, the focus is not only on the methodology, but also on the expert's facts and data and application of the methodology to the data. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *United States v. W.R. Grace*, 504 F.3d 745, 762 (9th Cir. 2007). "The trial court's gatekeeping function requires more than simply 'taking the expert's word for it.'" *In re Silicone Gel Breast Implants Prod. Liab. Litig.*, 318 F. Supp. 2d 879, 890 (C.D. Cal. 2004) (citing Fed. R. Evid. 702 Advisory Committee's Notes).

The Court has a special "'gatekeeping' obligation" to exclude expert testimony that does not meet these standards. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Expert testimony poses "special dangers to the fact-finding process." *Daubert v. Merrell Down Pharms., Inc.*, 43 F.3d 1311, 1321 n.17 (9th Cir. 1995) (citation omitted) ("*Daubert II*"). Accordingly, "[p]roposed testimony must be supported by appropriate validation—*i.e.*, 'good grounds,' based on what is known." *Daubert I*, 509 U.S. at 590, 593-94; *see* Fed. R. Evid. 702 Advisory Committee Notes to 2000 Amendments; *Kumho Tire*, 526 U.S. at 149-50.

## II. ARGUMENT

### A. The Court Should Exclude Rogers' Testimony for Failure to Comply With Rule 16.

The Court should exclude Rogers' proposed testimony because the defendant's skeletal expert notice fails to comply with Federal Rule of Criminal Procedure 16. *See United States v. Boam*, No. 21-30272, 2023 WL 3722904, at *3 (9th Cir. May 30, 2023) (affirming exclusion of expert whose "cursory disclosures failed to provide . . . what opinions [the defendant] intended to elicit from the expert, the bases and reasons for the

2

expert's opinions, the facts and data the expert relied upon, or the reliable principles and methods the expert used").

As a threshold matter, Rule 16 requires the expert disclosure for Rogers include "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. Pro. 16(b)(1)(c)(iii). The disclosure instead states, "Since 2020, I have prepared expert opinions in 17 cases. Only two of those cases have proceeded to trial," and then lists those two cases by name. Disclosure at 12. This is insufficient under Rule 16. Regardless of whether a case goes to trial, the defendant must disclose the names of cases in which Rogers was deposed. He has not done that.

1. <u>The defendant has not adequately disclosed any of Rogers' opinions.</u>

The disclosure fails to adequately disclose Rogers' opinions and, as a result, falls far short of a "complete statement of all" of his opinions as Rule 16 requires. Nor does it describe the "bases and reasons" for them. Rule 16 was amended in 2022 to address "the lack of adequate specificity regarding what information must be disclosed." Advisory Committee Notes to the 2022 Amendments. Rule 16 is "intended to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." *Id*. That cannot occur here because of what defense counsel has chosen to do.

The following is the all the disclosure contains as to Rogers' purported opinions and the bases for them:

> It is my opinion that Smirnov was poorly handled as a CHS from the outset and even though numerous deficiencies on the part of his HA were noted over the years he, the HA, was allowed to continue operating Smirnov as a CHS likely due to how effective, verified by his statistical accomplishments, Smirnov was as a CHS. One of the clearly demonstrable problems noted by the file reviewers was a repeated lack of required reporting on the part of the HA. A CHS providing the type and amount of information provided by Smirnov should be handled with the upmost diligence. Further, Smirnov should have been polygraphed concerning his reporting on the Biden family in an effort to verify the accuracy of that reporting.

3

1  Disclosure at 5.  The first problem arises in the first sentence, which fails to define what
2  "poorly handled" actually means. That is not a term that appears in the law nor in any FBI
3  policy or procedure. Without explaining that term, the there is no way for the government
4  or the Court to know if it is one that is based on a recognized area of expertise as opposed
5  to Rogers' "subjective belief." *Daubert*, 509 U.S. at 590. Without that information, the
6  Court cannot exercise its gatekeeping function to ensure that junk science is not presented
7  to the jury as expert opinion testimony.

8      The next problem is with the second clause: that it is Rogers' opinion that the
9  defendant was "allowed to continue operating" "*likely* due to how effective," he was.
10 Disclosure at 5. That is nothing more than speculation. He points to nothing in the
11 materials he has reviewed that supports that conclusion. Nor is there anything. "An
12 expert's testimony may [be] excluded where it is based on subjective beliefs or
13 unsupported speculation which is no more than unreliable *ipse dixit* guesswork." *Friend
14 v. Time Mfg. Co.*, 422 F. Supp. 2d 1079, 1081 (D. Ariz. 2005); *see General Electric Co.
15 v. Joiner,* 522 U.S. 136, 146 (1997); *Domingo ex rel. Domingo v. T.K.,* 289 F.3d 600, 607
16 (9th Cir. 2002).

17     Next, the disclosure states, "A CHS providing the type and amount of information
18 provided by Smirnov should be handled with the upmost [sic.] diligence."  Disclosure at
19 5. According to Merriam-Webster, "upmost is frequently used as a mistaken spelling of
20 utmost in its adjective and noun forms." https://www.merriam-
21 webster.com/grammar/utmost-vs-upmost-
22 difference#:~:text=In%20its%20dictionary%20sense%2C%20upmost,its%20adjective%
23 20and%20noun%20forms (last viewed by author on November 1, 2024). The government
24 assumes that Rogers meant to say "utmost," but the fact that he can't even produce an
25 error free disclosure speaks to the quality of his proposed testimony. In any event, like his
26 opinion that the defendant was "poorly handled," his opinion that the defendant should
27 have been handled with the "upmost diligence" is also undefined. So what does "upmost
28 diligence" mean? The disclosure doesn't tell us. As a result, there is no way for the

4

government or the Court to know if it is one that is based on a recognized area of expertise as opposed to Rogers' "subjective belief." *Daubert*, 509 U.S. at 590. Rogers also entirely fails to explain the basis for his opinion that the "type" of information provided by the defendant should "be handled with the upmost diligence," which is required by Rule 16. Fed. R. Crim. Pro. 16(b)(1)(c)(iii).

Finally, the disclosure states that "Smirnov should have been polygraphed concerning his reporting on the Biden family in an effort to verify the accuracy of that reporting." Disclosure at 5. Rogers offers no basis for this opinion and thus fails to meet the requirements of Rule 16. Fed. R. Crim. Pro. 16(b)(1)(c)(iii). The disclosure notes that in an FBI source validation report for the period March 2021 to November 2023— importantly, *after* the conduct charged in the indictment, and thus of no relevance here— the author recommended that the defendant be polygraphed. Simply repeating that recommendation does not explain why *Rogers* thinks that a polygraph was necessary.

The "failure to provide the required level of detail as to the expert's opinions and the bases, reasons, and sources of those opinions can [] lead to preclusion." *United States v. Ulbricht*, 2015 WL 413318, at 5 (S.D.N.Y. Feb. 1, 2015) (finding Rule 16 disclosures insufficient); *United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002) (affirming district court's exclusion of expert witness testimony because Rule 16 disclosure "did not describe [the expert's] opinions beyond stating the conclusion he had reached and did not give the reasons for those opinions"). That is what should happen here.

**B.     The Court Should Exclude Rogers' Testimony for Violating Rule 702.**

Rogers' testimony should also be excluded for at least three reasons under F.R.E. 702. *See Boam*, 2023 WL 3722904, at *3. *First*, it would not "help the trier of fact to understand the evidence or to determine a fact in issue" because it is irrelevant. *See Daubert*, 509 U.S. at 597 ("Rule 702 . . . assign[s] to the trial judge the task of ensuring that an expert's testimony . . . is relevant to the task at hand."). None of the opinions described above are relevant to the jury's determination of whether the elements of the charged offenses have been proven. Section 1001 (Count One) requires the government

prove "that the defendant: 1) made a statement, 2) that was false, and 3) material, 4) with specific intent, 5) in a matter within the agency's jurisdiction." *United States v. Fortenberry*, 89 F.4th 702, 705 (9th Cir. 2023). Section 1519 (Count Two) requires that the government prove that "the defendant (1) knowingly committed one of the enumerated acts in the statute, such as destroying or concealing; (2) towards 'any record, document, or tangible object'; (3) with the intent to obstruct an actual or contemplated investigation by the United States of a matter within its jurisdiction." *United States v. Singh*, 979 F.3d 697, 715 (9th Cir. 2020) (citation omitted). Whether the defendant was "poorly handled" (whatever that means) is not something that has any tendency to make a fact of consequence—in other words, something that the jury must determine in deciding whether the elements have been proven—more or less probable. *See* F.R.E. 401. This is not an administrative board within the FBI determining whether their policies were followed. It is a trial in which the defendant is charged with making false statements and obstructing an investigation. To the extent Rogers may opine that the defendant's Handling Agent did not follow internal guidelines, he cannot not do so, as a defendant may not "exploit an agency's internal guidelines for his own legal advantage." *United States v. Lecco*, 2010 WL 1507891, at *3 (S.D.W. Va. Apr. 14, 2010) (excluding experts who sought to testify that agents violated FBI protocols). In this case, the defendant's conduct and the defendant's state of mind is what is at issue. Not his Handling Agent's. And whether the defendant should have been handled with "upmost diligence" (whatever that means) is also not something the jury will decide in order to determine whether the elements have been met. Nor will the jury decide whether the defendant should have been polygraphed, assuming he wasn't, as Rogers does. Relatedly, courts may exclude "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Allowing Rogers to testify about whether the defendant's Handling Agent followed FBI internal policies would also invite a trial-within-a-trial about to what extent FBI procedures were followed which could

1  confuse the issues, mislead the jury and result in undue delay and wasting time and should
2  be excluded for that reason as well.

3      *Second*, the expert disclosure fails to satisfy Rule 702's requirement that the opinion
4  be based on sufficient facts or data. *See* Fed. R. Evid. 702 Advisory Committee's Notes.
5  ("[T]he trial judge in all cases of proffered expert testimony must find that it is properly
6  grounded, well-reasoned, and not speculative before it can be admitted."). The disclosure
7  says that Rogers reviewed eight items that were produced by the government in discovery.
8  But he does not connect those eight items to any of the opinions he purports to offer. His
9  first opinion, that the defendant was "poorly handled," does not reference any of the eight
10 items he says he reviewed. Instead, he vaguely states there were "numerous deficiencies
11 on the part of his HA [] noted over the years," without bothering to identify which
12 documents he is referring to or which of these "deficiencies" he believes forms the basis
13 for his "poorly handled," opinion. Similarly, his opinion that the defendant should have
14 been handled with the "upmost diligence" given the "type and amount of information
15 provided by" the defendant doesn't identify what "type and amount of information"
16 Rogers is relying on to reach that undefined opinion. Similarly, Rogers' opinion that the
17 defendant "should have been polygraphed" does not identify what Rogers is relying on to
18 reach that conclusion.

19     *Third*, Rogers' opinions are also not the product of any reliable principles or
20 methods, nor do they reflect a reliable application of such principles and methods to the
21 facts of this case. To the extent that Rogers offers any cognizable opinions, the disclosure
22 simply provides no description of the methodology that he applied. "An expert opinion
23 requires some explanation as to how the expert came to his conclusion and what
24 methodologies or evidence substantiate that conclusion." *Riegel v. Medtronic*, Inc., 451
25 F.3d 104, 127 (2d Cir. 2006). And Rogers' experience alone cannot establish the reliability
26 of his testimony. *See United States v. Kelly*, No. 21-CR-00402-RS-1, 2023 WL 4032011,
27 at *2 (N.D. Cal. June 14, 2023). Indeed, in the only two cases identified by Rogers, he
28 offered one opinion about "narcotics cartels common use of street level dealers in

7

furtherance of their distribution schemes and the presence of different cartels in the state of Utah," Disclosure at 12, and one opining that the undercover agent entrapped the defendant, *see* Exhibit 2. Based on his disclosure, Rogers has never offered an expert opinion on how a Handling Agent should treat a confidential informant.

### C. Exclusion Is the Appropriate Remedy.

Exclusion is the appropriate remedy under the facts and circumstances of this case. *See, e.g.*, *United States v. Concessi*, 38 Fed. App'x 866, 868 (4th Cir. 2002); *Amorgianos v. National Railroad Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002) (citations omitted); *United States v. Mahaffy*, 2007 WL 1213738, at *2-3 (E.D.N.Y. Apr. 24, 2007); *United States v. Wilson*, 493 F. Supp. 2d 484, 487 (E.D.N.Y. 2006). The government requested reciprocal discovery from the defendant in April; however, the defendant did not produce any discovery to the government until October 24, 2024, when he provided, for the first time, what purports to be an expert witness disclosure, six months after the government requested discovery and a little over a month before trial. The deficiencies in the defendant's disclosure hampers the government's ability to meaningfully challenge Rogers' reasoning and to adequately prepare for examining him at trial. To reward the defendant by permitting him to supplement his disclosures would have the effect of endorsing and even rewarding his flagrant Rule 16 and *Daubert* violations. The defendant should not be permitted to gain a strategic advantage in this way, and these deficiencies warrant exclusion under both Rule 16(d)(2)(C) and F.R.E. 702.

### III. CONCLUSION

For these reasons, the Court should issue an order excluding Rogers' testimony.