DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail:    LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:    SFM@usdoj.gov; CMR@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>**GOVERNMENT'S SECOND MOTION IN LIMINE TO EXCLUDE FBI HANDLING AGENT'S ALLEGED MISTAKES**<br><br>Hearing Date: November 25, 2024<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom of the Hon.<br>          Otis D. Wright |

Plaintiff, United States of America, by and through its counsel of record, hereby files its Motion in Limine to preclude the defendant from introducing evidence relating to the alleged mistakes made by the defendant's FBI Handling Agent while he served as a confidential human source, including any alleged documentation errors he made. This

evidence is irrelevant under Federal Rule of Evidence 401 and, even if it did have any probative value, is unduly prejudicial under Federal Rule of Evidence 403.

      This motion is based upon the attached memorandum of points and authorities and the declaration of Leo J. Wise, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: November 1, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

In communications with the government, defense counsel has suggested that he may attempt to rely on certain evidence pertaining to the conduct of the FBI Handling Agent who worked with the defendant as a confidential human source (CHS), including administrative reports that contain minor notes about the sufficiency of the Handling Agent's documentation. These alleged mistakes have no relevance to the elements of either of these offenses, and even if they did, evidence about the Handling Agent's conduct would risk confusing the jury and cause undue prejudice. Accordingly, the Court should exclude any evidence relating to the Handling Agent's alleged mistakes as irrelevant and otherwise inadmissible pursuant to Federal Rules of Evidence 402 and 403.

## I. ARGUMENT

### A. Evidence of the FBI Handling Agent's Alleged Mistakes Is Not Relevant to the Charges.

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

Defense counsel has indicated that he may introduce evidence relating to purported documentation errors made by the Handling Agent in his dealings with the defendant. Specifically, in a letter to government counsel, defense counsel stated that the defendant's Handling Agent "failed to properly document" the defendant's "[otherwise illegal activity]; consensually monitored conversations; Mr. Smirnov's foreign travel including trips to Ukraine, Italy, Switzerland, Austria, England France, Moldova, and UAE for personal, business, and operational reasons; Mr. Smirnov's residence in Las Vegas, and Mr. Smirnov's assistance with the FBI Seattle's Office." Def.'s October 24, 2024 Touhy Letter. These allegations appear to be primarily based on three administrative reports: (1) a February 13, 2013 Human Source Validation Report; (2) a Standard Validation Report

from February 13, 2013 to March 18, 2021; and (3) a Standard Validation Report from March 18, 2021 to November 16, 2023.

Any mistakes made by the Handling Agent—including those noted in the three administrative reports—are irrelevant to the charges in this case. Under § 1001, the government must prove that the defendant "1) made a statement, 2) that was false, and 3) material, 4) with specific intent, 5) in a matter within the agency's jurisdiction." *United States v. Fortenberry*, 89 F.4th 702, 705 (9th Cir. 2023). Under § 1519, the government must prove that the defendant "(1) knowingly committed one of the enumerated acts in the statute, such as destroying or concealing; (2) towards 'any record, document, or tangible object'; (3) with the intent to obstruct an actual or contemplated investigation by the United States of a matter within its jurisdiction." *United States v. Singh*, 979 F.3d 697, 715 (9th Cir. 2020). Even if the Handling Agent occasionally made documentation mistakes over the course of ten years, this has nothing to do with whether *the defendant* provided materially false information or knowingly obstructed a federal investigation. Both offenses involve statements made by *the defendant*, not his Handling Agent. And both offenses involve *the defendant's* state of mind, not his Handling Agent's. Because any purported errors made by the Handling Agent do not make any of the elements of § 1001 or § 1519 more or less likely, none of this evidence is relevant, and it should be excluded. *See* Fed. R. Evid. 401, 402.

A closer look at the administrative reports referenced by the defendant reveals the extent of their irrelevance. Two of the three administrative reports fall outside of the time period covered by the indictment—the Human Source Validation Report is dated February 13, 2013, and one of the Standard Validation Reports is dated March 2021 to November 2023. The indictment concerns statements made by the defendant to his Handling Agent from 2017 to 2020. These reports address time periods occurring years before and after the charged conduct, and accordingly, they are not relevant.

Further, the only remarks about the Handling Agent's conduct in the administrative reports reflect what are essentially ministerial errors. For example, the Standard Validation

Report dated February 2013 to March 2021—the only report that coincides with the dates in the indictment—states that the Handling Agent documented the defendant's operational travel, but did not document his "extensive" foreign travel for personal and business reasons. There is nothing in this Standard Validation Report that concludes that the Handling Agent failed to document the travel connected to the false statements in this case. In another example, defense counsel claims that the Handling Agent did not properly document the defendant's address (a claim which, again, comes from a statement in the 2013 Human Source Validation Report issued years before the relevant time period)—but this has no bearing on the elements of either offense. And nothing in any of the three administrative reports suggests that the Handling Agent failed to properly document statements made by the defendant or comes close to a finding of impropriety.

Moreover, to the extent the defendant is trying to claim that the Handling Agent did not follow FBI internal guidelines, he cannot do so. Internal agency guidelines are not enforceable by third parties, so they "offer no assistance to an accused complaining of their violation." *United States v. Lecco*, No. CRIM.A. 2:05-0010701, 2007 WL 295487, at *2-3 (S.D. W. Va. Jan. 29, 2007) (granting motion in limine to exclude references to violations of confidential informant guidelines); *see also United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) (holding internal agency guidelines do not create substantive or procedural rights). Thus, whether the Handling Agent's documentation occasionally fell short of FBI guidelines is irrelevant for this reason as well. *See United States v. Smith*, 817 F. Supp. 1366, 1369 (E.D. Ky. 1993) (excluding evidence relating to claim that FBI agents failed to follow guidelines as irrelevant).

### B. Evidence of the Handling Agent's Alleged Mistakes Is Unfairly Prejudicial.

Even if evidence of the Handling Agent's conduct was relevant (and it is not), it would be inadmissible under Federal Rule of Evidence 403. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading

the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Permitting evidence about the Handling Agent's purported errors would pose a threat of confusing and misleading the jury. *See United States v. Miles*, No. 1:19-cr-0183-TWP-DML, 2022 WL 474721, at *1 (S.D. Ind. Feb. 16, 2022) (excluding written reprimand received by law enforcement witness because of "the high risk of unfair prejudice and confusion to a jury"); *United States v. Harris*, 551 F. App'x 699, 706 (4th Cir. 2014) (affirming exclusion of officer disciplinary records because they "had little probative value and posed a risk of 'sidetrack[ing]' the trial"). It would be unduly prejudicial to the government because it would lead to a mini-trial over whether the Handling Agent adequately followed internal FBI guidelines—something that not only is wholly irrelevant to the defendant's false statement and obstruction charges, but is also unenforceable by the defendant. Given the risk of prejudice and confusion of issues, the evidence should also be excluded on these grounds.

## II.   CONCLUSION

For these reasons, the Court should issue an order excluding evidence about alleged mistakes made by the defendant's Handling Agent.