DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:  (771) 217-6090
    E-mail:    LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:    SFM@usdoj.gov; christopher.rigali2@usdoj.gov
    Attorneys for the United States

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ALEXANDER SMIRNOV,<br><br>        Defendant. | No. CR 2:24-cr-00091-ODW<br><br>**GOVERNMENT'S THIRD MOTION _IN LIMINE_ TO EXCLUDE IMPERMISSIBLE "SPECIFIC INSTANCES OF CONDUCT" EVIDENCE**<br><br>    Hearing Date: November 25, 2024<br>    Hearing Time: 10:00 a.m.<br>    Location: Courtroom of the Hon. Otis D. Wright |

Plaintiff United States of America, by and through its counsel of record, hereby files its Third Motion in <u>Limine</u> to preclude Defendant Alexander Smirnov from seeking to introduce "specific instances of conduct" evidence.

This motion is based upon the attached memorandum of points and authorities and the declaration of Leo J. Wise, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: November 1, 2024               Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/_____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels


Attorneys for Plaintiff
UNITED STATES OF AMERICA

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2        The defendant has indicated his intent to introduce at trial "specific instances of
3   conduct" to prove his purported character for "truthfulness," "honesty," "helpfulness," or
4   "reliability."  *See* attached Decl. of Leo J. Wise, ¶ 5. But Federal Rule of Evidence 405(b)
5   permits specific instances of conduct to be introduced *only* where a person's character is
6   an "essential element" of the charges or defenses. In this prosecution for violations of 18
7   U.S.C. §§ 1001 and 1519, character for truthfulness or honestly is not an essential element
8   of the charges, nor is it an actual defense. Accordingly, the Court should preclude the
9   defendant's "specific instances" evidence.

10

11  ## I.        ARGUMENT

12        In his *Touhy* request and elsewhere, the defendant has indicated his clear intent to
13  introduce at trial "specific instances of conduct" evidence aimed at proving his alleged
14  character for truthfulness, honesty, helpfulness, and/or reliability.  *See* Decl. of Leo J.
15  Wise, ¶ 5 ("It is anticipated that these [FBI employee] witnesses will, among other items
16  of evidence value, provide testimony illustrating that . . . Mr. Smirnov performed
17  numerous specific acts demonstrating honestly and trustworthiness during his many years
18  of service to the United States."); *see id.* ("This 'specific acts' evidence—which can only
19  be provided by the witnesses listed above—is necessary and admissible in this case."); *see
20  id.* ("In this case, Rule 405(b) both compels the evidence detailing the numerous 'specific
21  instances' of good 'conduct' that Mr. Smirnov rendered to the United States during his
22  years of service.").  The crux of the defendant's argument is that his character is an
23  "essential element" of the charges or defenses in this prosecution for violations of 18
24  U.S.C. §§ 1001 and 1519, and, as such, Rule 405(b) permits him to introduce "specific
25  instances of conduct" to prove his character for truthfulness or honesty.  Decl. of Leo J.
26  Wise, ¶ 5 ("Thus, the issue of Mr. Smirnov's character—*viz.*, whether he possesses a
27  character for truthfulness or lying (as the Government urges)—is the quintessential
28  'essential element' of a defendant's trial 'defense' under Rule 405(b).").  Because the law

is clear that character for truthfulness or honestly is **not an essential element** of the charges or an actual defense, the Rules of Evidence do not allow the defendant to introduce "specific instances of conduct" to prove his alleged character for truthfulness or honesty. As such, the Court should preclude the defendant from seeking to introduce "specific instances" evidence (or argument to that effect).

The default rule is that character evidence is prohibited "to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). There is an exception, however, for a defendant in a criminal case: "[A] defendant may offer evidence of the defendant's **pertinent** character trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A) (emphasis added).

But the story doesn't end there—Rule 405 governs the "methods of proving character," and sets forth the rules of what type of character evidence is admissible, and under what circumstances. The main method of proving character is by reputation or opinion testimony: "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Rule 405(b) provides another method for proving character—specific instances of conduct—but it is limited to circumstances where a person's character is an "essential element": "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct."

Because so much of the information the defendant seeks to introduce constitutes "specific instances" evidence, he seeks to smuggle that evidence into this trial by contending that truthfulness and honesty are "quintessential 'essential element[s]' of a criminal defendant's planned trial 'defense.'" Decl. of Leo J. Wise, ¶ 5. He similarly argues that "specific instances" evidence is required not only to establish truthfulness under Rule 405(b), but also to negate Mr. Smirnov's specific intent to commit the charged

offenses.  *Id.*  As explained below, the defendant is wrong on the law, and the Court should not permit evidence of "specific instances" of alleged truthfulness or honesty.

Even assuming for present purposes that a character for truthfulness or honesty is a "pertinent" character trait under Rule 404(a)(2)(A), such character or character trait is **not** an "essential element" of charges or defenses in this prosecution for violations of 18 U.S.C. §§ 1001 and 1519.  The Ninth Circuit, like other circuits, takes a narrow view of when character constitutes an essential element.  *United States v. Keiser*, 57 F.3d 847, 856 (9th Cir. 1995) (approving the formulation that "character trait is essential element if it is an operative fact that determines the rights and liabilities of the parties"); *see also United States v. Charley*, 1 F.4th 637, 647 (9th Cir. 2021).  Relying on *Keiser*'s test, <u>several district courts have squarely held that character for truthfulness or honesty is not an essential element in prosecutions for violations of 18 U.S.C. §§ 1001 and 1519</u>.  *See United States v. Covington*, No. 3:23cr68, 2023 WL 8482581, at *3 (E.D. Va. Dec. 7, 2023); *United States v. Mixon*, No. CR-14-631-001, 2015 WL 13849032, at *3 (D. Ariz. Dec. 11, 2015).  Quoting *Keiser*, 57 F.3d at 856, these district courts set forth the pertinent analysis:

> In determining whether a person's trait is an essential element of the crime, the relevant question is:  would proof, or failure of proof, of the character trait by itself actually satisfy an element of the charge, claim, or defense?  If not, then character is not essential and evidence should be limited to opinion or reputation. . . .   In other words, proof of the character trait itself, not an example of the trait, must be an essential element.

*Covington*, 2023 WL 8482581, at *3 (internal quotation marks and citations omitted); *see also Mixon*, 2015 WL 13849032, at *3.  Asking and answering these questions, both courts expressly held that a character for truthfulness or honesty is not an essential element of a charge or defense in prosecutions such as this one.

Neither § 1001 nor § 1519 have the trait of untruthfulness as an element, nor would a character for truthfulness be a defense to these charges; these charges simply require proof that the Defendants were untruthful in a discrete

instance. *See United States v. Mixon*, No. 14CR00631-001-TUCJGZ, 2015 U.S. Dist. LEXIS 195403, 2015 WL 13849032, at *3 & n.3 (D. Ariz. Dec. 11, 2015) ("[T]he character trait of honesty is not an element of 18 U.S.C. § 1001[] or 18 U.S.C. § 1519."). In other words, even if the jurors were presented with evidence—and believed—that the Defendants Farley and Covington possessed general truthful or honest character, the jurors would be free to find that the Defendants nevertheless made the alleged false statements or false report in the instances in question. *See id.* Truthful *character* is thus not an "essential element" of either the § 1001 charge or the § 1519 charge; Defendants Farley and Covington thus cannot use evidence of specific instances (e.g., awards or commendations) to prove their truthful character. *See* Fed. R. Evid. 405(b); *cf. Ralston v. Garabedian*, No. 19CV1539, 2022 U.S. Dist. LEXIS 49, 2022 WL 19273, at *15 n.141 (E.D. Pa. Jan. 3, 2022) (refusing to admit specific-acts evidence under 405(b) because the proponent's "affirmative defense of truth does not make his *character* for truthfulness an essential element of his defense; his defense simply turns on whether the allegation was true" (emphasis in original)).

*Covington*, 2023 WL 8482581, at *3.

Unlike the cases cited above, the cases cited by the defendant are not persuasive— among other things, they don't address the specific criminal charges at issue in this case. For instance, *United States v. Thomas*, 134 F.3d 975 (9th Cir. 1998), concerned whether "prior good acts offered by a defendant in support of [an] entrapment defense" were admissible under Rules 404(b) or 405(b). In a case involving an entrapment defense, the court explained, "[t]he government must prove [a defendant's] predisposition beyond a reasonable doubt." *Id.* at 980. "For the jury to find predisposition beyond a reasonable doubt, it must consider the defendant's character," *id.*, as character is one of the "[f]ive factors . . . relevant in determining whether a defendant was predisposed to commit a

4

crime," *id.* at 978.  In short, *Thomas* held that prior specific instances of good conduct were admissible in a case involving an entrapment defense because overcoming an entrapment defense requires proof of the defendant's character.  As the *Covington* and *Mixon* courts explained, that is *not* the case for prosecutions involving 18 U.S.C. §§ 1001 and 1519:  "[E]ven if the jurors were presented with evidence—and believed—that the Defendants . . . possessed general truthful or honest character, the jurors would be free to find that the Defendants nevertheless made the alleged false statements or false report in the instances in question."  *Covington*, 2023 WL 8482581, at *3.

The defendant also relies on *Schafer v. Time, Inc.*, 142 F.3d 1361 (11th Cir. 1998), and *United States v. Tangen*, No. 2:15-cr-73, 2016 WL 3676451 (E.D. Wash. July 7, 2016), the first of which is a civil libel case and the second of which does not implicate the crimes at issue in this case.  *Schafer* is not persuasive, as the court there explained that "a charge to defamation or libel commonly makes damage to the victim's reputation or character an essential element of the case."  142 F.3d at 1371–72 (quoting *Johnson v. Pistilli*, No. 95 C 6424, 1996 WL 587554 (N.D. Ill. Oct. 8, 1996) for the proposition:  "It is rare that character is an essential element. The typical example of such a case is defamation where injury to reputation must be proven.").  *Tangen*, an unpublished district court decision, also did not involve the statutes at issue in this case; it was a prosecution for bank fraud under 18 U.S.C. § 1344.  2016 WL 3676451, at *2.  There, the court reasoned, without citing to any authority, that "because bank fraud requires knowingly executing a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by . . . a financial institution, by means of false or fraudulent pretenses, representations, or promises, . . . specific instances of truthful or honest conduct by Defendant are admissible under Rule 405(b) . . . ."  *Id.*  Notably, *Tangen* has subsequently been criticized by other courts, which observed that "*Tangen* appears not only to be incorrectly decided, but also contrary to Ninth Circuit precedent on the issue."  *United States v. Boutte*, 2019 WL 4261745, at *4 (D.N.M. Sept. 9, 2019); *see id.* ("*Tangen* did not cite to *any* case law to support its position

on Rule 405. Rather, it cites to an Eleventh Circuit decision, that . . . was quoting Rule 404(a)(2)(A) and 405(a), *not* Rule 405(b).").

The only other authority the defendant cites on this matter is *United States v. Giese*, 597 F.3d 1170, 1188–91 (9th Cir. 1979). In *Giese*, the court **held** that the district court did not commit plain error by allowing the government to cross-examine the defendant, who opened the door to his own character when taking the stand, on various books that the defendant sold, owned, or read. *Id.* at 1191; *see also id.* ("[T]he government had a right to respond once the defendant had, of his own volition, chosen that method of proving he was a peaceable, law-abiding individual."). In describing the defendant's opening of the door to cross-examine on his character, the court said, ***in dicta***, "unlike character witnesses, who must restrict their direct testimony to appraisals of the defendant's reputation, a defendant-witness may cite specific instances of conduct as proof that he possesses a relevant character trait such as peaceableness." *Id.* at 1190. The court cited no authority for this observation, and the observation was not necessary to the holding of the case because it mattered not *how* the defendant opened the door to evidence of his character, it mattered only that he had opened the door. The Government is not aware of other authorities holding that a criminal defendant is not bound, even as a witness, by the limits of Rule 405(a) and 405(b).

Elsewhere, the defendant has raised *United States v. Ciccone*, 219 F.3d 1078 (9th Cir. 2000), and *Ciccone*'s discussion of *United States v. Thomas*, 32 F.3d 418 (9th Cir. 1994), for the proposition that "specific acts" evidence is required to negate the defendant's specific intent to commit the charged offenses. But these cases, too, are unavailing to the defendant's attempt to smuggle specific acts evidence into this case. To begin with, the Ninth Circuit in *Ciccone* affirmed the district court's decision to "exclude[] evidence of satisfied donors and charities to support his good faith defense at trial." 219 F.3d at 1082. Further, although *Thomas* "recognized that evidence of benefits customers received can be relevant to the issue of whether an accused had the requisite intent to defraud," *id.*, *Thomas* was about evidence the defendant sought to introduce *related to the*

*charged scheme.* In other words, the situation in *Thomas* is nothing like the situation before us; here, the defendant seeks to inject alleged specific instances of good conduct or truthfulness into his trial even though those specific instances have absolutely nothing to do with the charged conduct.

As is clear from the defendant's *Touhy* request, the evidence he seeks to elicit or introduce at trial constitutes "specific instances of conduct" (and he concedes as much). For example, he argues that certain FBI witnesses would "relevant to establish that Mr. Smirnov . . . contributed [to] the Eurasian organized crime provide, provided info to the AUSA in Los Angeles regarding person[s] of interest, and was used in an undercover operation targeting Armenian and Russian immigrants." Decl. of Leo J. Wise, ¶ 5. As another example, he argues certain FBI witnesses "are relevant to Mr. Smirnov being helpful, suitable for continued operation, having his information corroborated, [and] having satisfied FBI Intelligence collection requirements . . . ." *Id.* The *Touhy* letter also notes that the defendant's information "led to the identification or location of 20 criminal subjects, initiated six FBI criminal investigations, and led to the arrest of 13 subjects." *Id.* All of these examples and the others that the defendant provides he seeks to introduce to establish not that the information he provided to Special Agent Walters in June of 2020 was true, but that he was "truthful," "honest," "helpful," or "reliable" on some *other* occasion. In other words, they are alleged "specific instances" intending to prove that he has a character for truthfulness, honesty, helpfulness, or reliability. As discussed above, because those character traits are not "essential elements" of the charges or defense in this case, Rule 405(b) simply <u>does not permit</u> this type of evidence.

This Court should adhere to the Ninth Circuit's approach *Keiser* and find, as the *Covington* and *Mixon* courts found, that character for truthfulness or honestly is not an essential element in prosecutions for violations of 18 U.S.C. §§ 1001 and 1519. Upon making that finding, the Court should preclude the defendant from seeking to introduce "specific instances of conduct" evidence aimed at proving his alleged character for truthfulness, honesty, helpfulness, or reliability.

.

## II.    CONCLUSION

For these reasons, the Court should issue an order excluding impermissible "specific instances of conduct" evidence.