DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone:   (771) 217-6091
    E-mail:      LJW@USDOJ.GOV, DEH@USDOJ.GOV

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>**DECLARATION OF LEO J. WISE IN SUPPORT OF GOVERNMENT'S THIRD MOTION IN LIMINE TO EXCLUDE IMPERMISSIBLE "SPECIFIC INSTANCES OF CONDUCT" EVIDENCE** |

**DECLARATION OF LEO J. WISE**

I, Leo J. Wise, declare as follows:

1. I am an attorney of record for the United States in the above-captioned case. I have personal knowledge of the matters contained in this declaration and, if called as a witness to testify, I would competently testify to them. This declaration is offered in support of the government's Third Motion in Limine to Exclude Impermissible "Specific Instances of Conduct" Evidence.

2. The defendant opposes the motion, suggesting that he intends to improperly introduce evidence, argument, or questioning at trial regarding specific instances of conduct to prove his purported character for "truthfulness," "honesty," "helpfulness," or "reliability."

3. On Friday, October 25, 2024, my office emailed a letter to counsel for the defendant regarding the subject of the government's proposed motions in limine, including the Third Motion in Limine. On Monday, October 28, 2024, defendant's counsel emailed his response, opposing the motion and therefore refusing to stipulate that he will not make reference to "specific instances of truthfulness, including, but not limited to, statements made by the defendant about other investigations that are unrelated to the investigations involving the 2017 1023 and the 2020 1023 alleged in the indictment" in the presence of the jury unless and until the Court so rules.

4. The government will suffer prejudice if its Third Motion in Limine is denied, and the defendant is permitted to introduce evidence of specific instances of conduct because the Federal Rules of Evidence prohibit the introduction of specific instances of conduct "to prove that on a particular occasion the person acted in accordance with the character or trait," Fed. R. Evid. 404(a)(1), and the exception to this default rule set forth in Fed. R. Evid. 405(b) does not apply where, as here, the defendant's character is not an "essential element" of the charges or defenses. The introduction of such evidence would therefore mislead the jury and waste the jury's time under Federal Rule of Evidence 403.

5. On October 24, 2024, the government received a letter from the defendant's counsel marked "confidential" with the subject *"Touhy* Request in *United States v. Smirnov,* 2:24-cr-00091-ODW.*"* Because that letter contains sensitive information including personally identifying information and was marked "confidential," the government has accurately quoted the non-confidential portions of that letter for background and context in its Third Motion in Limine to Exclude Impermissible "Specific Instances of Conduct" Evidence, but has not filed it publicly.

Executed on this 1st day of November, 2024 in Baltimore, MD.

Respectfully submitted,

_____

Leo J. Wise