# EXHIBIT 3

LAW OFFICES

*Chesnoff & Schonfeld*

AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

DAVID Z. CHESNOFF, CHARTERED
RICHARD A. SCHONFELD, CHARTERED

ROBERT Z. DeMARCO

520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593

TELEPHONE
(702) 384-5563

FAX
(702) 598-1425

September 27, 2024

Via email LJW@usdoj.gov

Leo J. Wise
Principal Senior Assistant Special Counsel
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Room B-200
Washington, DC 20530

    Re:   *United States v. Smirnov*, 2:24-cr-00091-ODW

Dear Mr. Wise:

    I write regarding the government's discovery production in the above-referenced case.

    First, we have previously sent three letters (dated March 5, May 28, and August 28, 2024) requesting certain specific discovery in addition to (or, as part of) the government's discovery obligations under Rule 16, *Jencks*, *Brady*, and *Giglio*, among others. Our comparison between our letters and the discovery that the government has produced to date reveals that we have not received complete (or, any) discovery, as follows:

I.    **March 5 letter (no discovery in response to request, by paragraph)**

- ¶7    [No discovery.]
- ¶10   [We assume your response only includes ████████, in which case we have received nothing in response to subparagraphs (a) through (h). We are in receipt of a recorded interview, reports of interviews, grand jury testimony, grand jury subpoena, photographs of messages between him and AS, and photos of passport.]
- ¶12   [We do not see this assessment.]

1

LAW OFFICES
*Chesnoff & Schonfeld*.
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

- ¶23 [We do not see any communication from the FBI's Pitt.]
- ¶37 [We see no response from Mr. Weiss' team.]

In addition to the foregoing, the government's response raises the following issues regarding our March 5 letter:

- ¶19 [Some responsive discovery was provided in government production no. 1 (with ▮▮▮▮ travel summary), but we do not have any records of compensation, cooperation benefits, or equivalent items, pertaining to the government's witnesses.]
- ¶¶24–27 [The only item that appears responsive regarding communications between AS and Associate 2 are some emails, texts, and travel records; none of these, however, appear to relate to interaction with Burisma officials.]
- ¶38 [We received the CHS reporting document in government production no. 1, but there appears to be more communication on this topic that has not been produced.]

## II. May 28 Letter

- The production of only three FD 1023s appears to be incomplete, given the duration of the contact between AS and his handler. We need all FD 1023's from the beginning of their relationship.

## III. August 28 Letter

- We have not, since our specific August 28, 2024 request, received any discovery related to Hunter Biden's or Mr. Smirnov's work or interaction with Burisma. This request included, but was not limited to State Department released to information that was provided to the New York Times and a letter that was evidently sent by Hunter Biden to the Italian Embassy.

Second, we need to confirm that the government has provided us with all discovery documenting any contact or communication between Mr. Smirnov and his handler. In particular, we have not received any evidence from this category of discovery reflecting Smirnov-Handler communications dating from *before 2016*.

2

**LAW OFFICES**
*Chesnoff & Schonfeld.*
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS

We thus request discovery evidence any and all such contacts or communications, from *any* date.

Third, should the government possess, but decline to produce, any discoverable evidence of any sort (including, but not limited to pre-2016 communications), we request that you 1) state your position in writing, and 2) set forth the basis of the refusal to produce it.

Finally, the CIPA restrictions in this case 1) have limited defense counsel, to date, to only one authorized viewing (in the Secure Unit in Los Angeles) of that discovery, and 2) necessarily preclude any substantive discussion in this letter of any viewed CIPA-discovery. Should you believe that any restricted CIPA-discovery is responsive to any of the items identified in this letter, please notify me about that fact only (with nothing substantive), so that the parties and security officers can agree on a mutually acceptable way to further Mr. Smirnov's effective trial preparation without compromising any aspect of the statutory CIPA restrictions, the Protective Order, or the government's interest in confidentiality.

Thank you for your attention to this matter.

Sincerely,

CHESNOFF & SCHONFELD

David Z Chesnoff, Esq.

cc: deh@usdoj.gov; sean.mulryne@usdoj.gov; christopher.rigali2@usdoj.gov

3