DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 2:24-CR-00091-ODW |
| Plaintiff, | ) **DEFENDANT'S NOTICE OF** ) **MOTION AND MOTION TO DISMISS** |
| v. | ) **FOR DISCOVERY VIOLATION** |
| ALEXANDER SMIRNOV, | ) |
| Defendant, | ) **Honorable Otis D. Wright II** ) **December 2, 2024 at 10:00 a.m.** |

PLEASE TAKE NOTICE that on December 2, 2024, or as soon thereafter as counsel may be heard, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, will ask this

1

Honorable Court to enter an Order Dismissing the Indictment Based on the Government's Flagrant Discovery Violation.

This Motion is made and based upon the attached Memorandum of Points and Authorities, the papers and pleadings on file herein, and any argument that is heard.

Counsel for the government has stated that it will oppose this Motion.

Dated this 4th day of November, 2024.

          Respectfully Submitted:

          CHESNOFF & SCHONFELD

          /s/ David Z. Chesnoff
          DAVID Z. CHESNOFF, ESQ.
          *Pro Hac Vice*
          RICHARD A. SCHONFELD, ESQ.
          California Bar No. 202182
          520 South Fourth Street
          Las Vegas, Nevada 89101
          Telephone: (702)384-5563
          dzchesnoff@cslawoffice.net
          rschonfeld@cslawoffice.net
          Attorneys for Defendant
          ALEXANDER SMIRNOV

# MEMORANDUM OF POINTS AND AUTHORITIES

## A.

## BACKGROUND AND RELEVANT FACTS

This Motion is based upon the government's late disclosure (on October 25, 2024, and only able to be accessed by defense counsel as of October 29, 2024, as a result of a problem with the government's uploading of the material) of over 1,200 pages of Federal Bureau of Investigation CHS Reporting Documents (FD-1023) as well as the Federal Bureau of Investigations Assessment (referenced in the Indictment) that had all been requested on March 5, 2024. This newly produced discovery, which was requested in writing almost 8 months prior to it being produced, consists of over 400 reports. The government has provided no explanation as to why this discovery was produced long after the Motion deadline in this case and just prior to the Motion in Limine deadline.

On September 26, 2024, Defendant filed an Ex Parte Motion to Continue the trial in this matter based in large part on the volume of discovery in this matter. See Dkt 131. On September 26, 2024, the government opposed the Motion. See Dkt 135. The government's Opposition in large part argued that the Defendant has had enough time to review the voluminous discovery and therefore did not establish good cause for a continuance.

Now, after the Defendant had requested this specific discovery on March 5, 2024, May 28, 2024, September 27, 2024, had to file a Motion to Compel Discovery (Dkt 136, redacted version at 139), disclosed his expert witness which relates in part to Defendant's historical cooperation and the handler's deficiencies and failure to properly report, and had the government oppose a request for continuance, the government has produced over 1,200 pages of FBI FD-1023 reports and the Assessment all of which the Defendant expressly requested in writing 3 separate times. This discovery is material, is Brady, supports the theory of defense in this case, and the government has no excuse for the late disclosure.

### B.

### ARGUMENT

**This Court Should Dismiss the Indictment Under Its Supervisory Powers Due to Government Misconduct in Withholding Material, Exculpatory Evidence Until Less Than One Month Before Trial**

The Ninth Circuit has explained that, in addition to discovery violations that rise to the level of a due process violations, a Court "may [also] dismiss an indictment under its inherent supervisory powers '(1) to implement a remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal conduct.'" *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020) (quoting *United States v. Struckman*, 611 F.3d 560,

574 (9th Cir. 2010) and *United States v. Hasting*, 461 U.S. 499, 505 (1983) (internal citations and quotation marks omitted)).

> The court's exercise of its supervisory powers protects the integrity of the federal courts and prevents the courts from "making . . . themselves accomplices in willful disobedience of law." *McNabb v. United States*, 318 U.S. 332, 345 (1943). A district court can dismiss an indictment under its supervisory powers even if "the conduct does not rise to the level of a due process violation." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). Because it is unnecessary to decide if both standards are met here, we will only review whether the district court properly dismissed the indictment under its supervisory powers. *See United States v. Chapman*, 524 F.3d 1073, 1084 n.5 (9th Cir. 2008) ("Because the district court did not abuse its discretion in dismissing the indictment under its supervisory powers, we need not consider whether the dismissal was also justified by the government's violation of Defendants' due process rights.").
>
> When considering an exercise of its supervisory powers, a district court has various options . . . . The most drastic remedy is dismissal with prejudice because this prevents the government from retrying the defendants at all. *See Chapman*, 524 F.3d at 1085 (explaining that improper dismissal of "an indictment with prejudice encroaches on the prosecutor's charging authority" (internal quotation marks omitted)) . . . . Such dismissal exercised under the guise of 'supervisory power' is impermissible absent 'a clear basis in fact and law for doing so.' "). Under its supervisory powers, a district court may dismiss an indictment with prejudice for prosecutorial misconduct only if there is "(1) flagrant misbehavior and (2) substantial prejudice." *Kearns*, 5 F.3d at 1253.

*Bundy*, 968 F.3d at 1030–31.

Dismissal of the indictment is warranted here. As set forth in greater detail in Mr. Smirnov's contemporaneously filed Second *Ex Parte* Motion to Continue the Trial Date (which is fully incorporated into the present motion to dismiss), the

present motion is based upon the government's late disclosure (on October 25, 2024, but inaccessible for review until October 29, 2024, due to a problem with the government's uploading of the material) of over 1,200 pages of FBI CHS Reporting Documents (FD-1023), as well as the FBI Assessment (referenced in the Indictment), which had been requested as early as March 5, 2024. This newly produced discovery—requested in writing *nearly eight months before it was produced*—consists of over 400 reports. The government has provided no explanation as to why this discovery was produced long after the Motion deadline in this case and just prior to the *Motion in Limine* deadline.

The Defendant, who is in custody and knows more about the details of his cooperation than anybody else, will be deprived of a fair opportunity to review this newly produced material—and to assist his defense counsel to prepare a cross-examination that ensures and vindicates Mr. Smirnov's constitutional rights. *See, e.g., Turner v. State of La.*, 379 U.S. 466, 472–73 (1965) ("In the constitutional sense, trial by jury in a criminal case necessarily implies at the very least that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel."); *see also Moore v. Frauenheim*, No. 20-15578, 2022 WL 14423499, at *1 (9th Cir. Oct. 25, 2022)

(quoting *Turner*). Additionally, Defendant's expert was deprived of an opportunity to review the material and consider them for his trial opinions.

This motion is also related to the rapidly approaching trial date. On September 26, 2024, Defendant filed an *Ex Parte* Motion to Continue the trial based in large part on the volume of discovery. *See* ECF No. 131. On September 26, 2024, the government opposed the Motion. *See* ECF No. 135. The government's Opposition argued that the Defendant has had enough time to review the voluminous discovery.

But now, *after* the Defendant 1) requested this specific discovery three times (on March 5, May 28, and September 27, 2024), 2) was forced to file a Motion to Compel Discovery (ECF No. 136, redacted version at 139), 3) disclosed his expert witness (which relates to Defendant's cooperation and the handler's deficiencies), and 4) had the government oppose a request for continuance, the government has finally produced over 1,200 pages of FBI FD-1023 reports and the Assessment, all of which had been expressly requested in writing three separate times. This discovery is material; qualifies as *Brady* evidence; and supports the theory of defense in this case. The government has no excuse for the late disclosure. *See, e.g., United States v. Bundy*, 968 F.3d 1019, 1031 (9th Cir. 2020) ("It is, of course, beyond dispute that under *Brady* a defendant is entitled to evidence "both favorable to the accused and 'material either to guilt or to punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985) (quoting *Brady*, 373 U.S. at 87). "*Brady* evidence" can be

favorable "either because it is exculpatory or impeaching." *Milke v. Ryan*, 711 F.3d 998, 1012 (9th Cir. 2013)).

The government's conduct in this case thus constitutes "flagrant misbehavior" which has caused (and, will continue to cause) "substantial prejudice" to Mr. Smirnov, who has been locked up since February 2024 and thus deprived not only of his freedom, but also of any real ability to assist his counsel. The government knew—from the time of Mr. Smirnov's first written request back in March 2024—that it possessed material, exculpatory information that Mr. Smirnov (continuously incarcerated since late February) needed to review *well before trial*. Rather than produce what was in its possession, however, the government, over the months that followed, sent Mr. Smirnov a false assurance to the effect that the government has, and will continue, to comply with its discovery obligations.

For example, as shown in Exhibits 4 and 5 to the contemporaneously filed Second *Ex Parte* Motion to Continue, the government acknowledged receiving Mr. Smirnov's March 5, 2024, discovery request as of March 6, 2024. In response to the numerous discovery requests contained in the March 5 request, the government replied simply: "We have and will continue to comply with our discovery obligations pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. Section 3500 (the "Jencks Act"), Federal Rule of Criminal Procedure 5(f) (see ECF No. 43) and Brady, Giglio and related cases."

The government's assurances—as we now see—were demonstrably not the case, and Mr. Smirnov cannot possibly be expected, less than one month before trial, to 1) review this last-minute dump of over 1,200 additional pages of exculpatory discovery, and 2) meaningfully assist in the preparation of his own defense. This, then, constitutes a rare instance where the "drastic" remedy of dismissal is warranted. *See, e.g., Bundy*, 968 F.3d at 1038 ("'[R]eckless disregard for the prosecution's constitutional obligations' is sufficient to give rise to flagrant misconduct.") (quoting *Chapman*, 524 F.3d at 1085); *see also id.* at 1037 ("[W]e agree with the district court that the defendants suffered not only prejudice, but substantial prejudice . . . in [1] not being able to prepare their case fully, [2] refine their *voir dire* strategy, and [3] make stronger opening statements."). Accordingly, this Court should dismiss the Indictment with prejudice.

///

9

### C. CONCLUSION

For the foregoing reasons, Mr. Smirnov respectfully requests that this Court grant this motion and enter an Order dismissing the Indictment, for the reasons set forth above.

DATED this 4th day of November, 2024.

          Respectfully Submitted:

          CHESNOFF & SCHONFELD

          /s/ David Z. Chesnoff
          DAVID Z. CHESNOFF, ESQ.
          *Pro Hac Vice*
          RICHARD A. SCHONFELD, ESQ.
          California Bar No. 202182
          520 South Fourth Street
          Las Vegas, Nevada 89101
          Telephone: (702)384-5563
          rschonfeld@cslawoffice.net
          dzchesnoff@cslawoffice.net
          Attorneys for Defendant
          ALEXANDER SMIRNOV

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November, 2024, I caused the forgoing document to be filed electronically with the Clerk of the Court through the CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system.

<u>/s/ Camie Linnell</u>
Employee of Chesnoff & Schonfeld