DAVID C. WEISS
Special Counsel
LEO J. WISE
Principal Senior Assistant Special Counsel
DEREK E. HINES
Senior Assistant Special Counsel
SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels
    950 Pennsylvania Avenue NW, Room B-200
    Washington, D.C. 20530
    Telephone: (771) 217-6090
    E-mail:    LJW@usdoj.gov, DEH@usdoj.gov
    E-mail:    SFM@usdoj.gov; CMR@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>    Defendant. | No. CR 2:24-cr-00091-ODW<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE REFERENCES TO DEFENDANT'S LAWFULLY OWNED FIREARMS**<br><br>Hearing Date: November 25, 2024<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the Hon.<br>                 Otis D. Wright |

Plaintiff, United States of America, by and through its counsel of record, hereby files its opposition to the defendant's motion in limine to preclude any references to his lawfully owned firearms. In the event that the defendant contests that certain pieces of

evidence seized at his residence are his, the firearms are relevant to establishing the defendant's ownership and control over that residence and its contents. Evidence of the defendant's lawfully owned firearms, offered to establish his ownership and control of other evidence seized at his residence, is also not unduly prejudicial, so excluding them under Federal Rule of Evidence 403 is unwarranted. In the event that the defendant does not contest that the evidence seized at his residence was his, then the government will not seek to introduce the firearms.

    This motion is based upon the attached memorandum of points and authorities, the indictment in this case, and any further evidence and argument as the Court may deem necessary.

Dated: November 15, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel

/s/ _____
LEO J. WISE
Principal Senior Assistant Special Counsel

DEREK E. HINES
Senior Assistant Special Counsel

SEAN F. MULRYNE
CHRISTOPHER M. RIGALI
Assistant Special Counsels

United States Department of Justice

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The defendant has moved to exclude all references to firearms that were found in his residence when FBI agents were executing a search warrant. *See* ECF 146 ("Def. Mot."). In the event that the defendant contests that items of evidence seized at his residence were not his, the government seeks to introduce evidence of the firearms[1] to establish that the other evidence seized from the defendant's residence, such as electronic devices and a hat that evidences bias against Public Official 1, belonged to the defendant. In an effort to streamline the evidence at trial and obviate the need for the firearms evidence, the government told the defendant that it was amenable to a stipulation, as long as he agreed not to dispute that the evidence seized from the defendant's residence belonged to him. The defendant refused to do so, and accordingly, the government is entitled to introduce the firearms evidence to establish this fact if the defendant contests that the items seized as his residence were his.

The defendant primarily contends that he will be unduly prejudiced by the firearms evidence. But the government does not dispute that he lawfully possessed the firearms, and he entirely fails to explain why his possession of lawfully owned firearms poses a risk of "unfair prejudice" or "misleading the jury," if it is offered for the purpose of establishing that other evidence seized at his residence was his. Fed. R. Evid. 403. Because the firearms evidence is relevant and not unduly prejudicial for that purpose, the Court should deny the defendant's motion in limine to exclude it.

**I.    ARGUMENT**

On February 21, 2024, after securing a search warrant signed by United States Magistrate Judge Brenda Weksler, FBI agents executed a search of the defendant's residence in Las Vegas. During the search, agents found nine firearms. Agents also found other items, including electronic devices, and other evidence, such as a hat emblazoned

---

[1] At this time, the government does not plan to introduce the physical firearms into evidence; it plans to either offer photographs of the firearms or reference the firearms during witness testimony.

1  with an anti-Public Official 1 euphemism. These items are directly relevant to the charges
2  in this case. For example, the government plans to introduce communications found on
3  the defendant's electronic devices that similarly evidence bias again Public Official 1. And
4  the hat seized from his residence demonstrate the same bias, which bears on the
5  defendant's motive in providing the FBI with false derogatory information about Public
6  Official 1, who was a candidate for President of the United States, in the months leading
7  up to the 2020 election. The Indictment alleges exactly this. *See, e.g.*, Indict. ¶¶ 8-21, ECF
8  1.
9      In the event that the defendant contests that the items which contain evidence of his
10 bias are not his, the government seeks to introduce evidence of the firearms to establish
11 that these items, and others seized from the defendant's residence, belong to him. The
12 firearms are registered to the defendant and are highly probative of his control of the
13 residence and the items within it, as it is only logical to infer that the defendant controlled
14 the residence where he kept nine of his guns. This is particularly significant because two
15 other individuals were staying at the defendant's residence when the search warrant was
16 executed. The firearms make it more likely that the items seized belong to him, not anyone
17 else who may have had access to his residence. And because those seized items are
18 relevant to the charges in this case—something the defendant does not even contest—the
19 firearms are necessary to establish the defendant's ownership and control over them. *See*
20 Fed. R. Evid. 401.
21     Indeed, the government told the defendant that it only intends to offer the evidence
22 of the firearms for this purpose—not, as the defendant incorrectly states, to use "during its
23 case-in-chief, opening statement, closing argument, and/or rebuttal." Def. Mot. at 5. The
24 government also offered to work toward a stipulation with the defendant. On October 25,
25 2024, government counsel wrote in an email to defense counsel:
26     You asked for our position on whether we intend to reference "[t]he firearms
27     seized from Mr. Smirnov's residence in Las Vegas at or around the time of
28     his initial arrest in February 2024." (Letter dated October 21, 2024, Paragraph

2

2). We oppose. While we do not intend to introduce the seizure of the guns in our case in chief at this time, we reserve the right to do so to establish, among other things, that items seized from the defendant's residence belong to him. If you do not intend to challenge whether evidence seized from the defendant's residence belongs to him, we believe we can reach a stipulation that we will not introduce the firearms at trial.

The defendant refused to entertain the stipulation and continues to refuse to do so. Because the defendant will not stipulate that the other items in his residence belong to him, the government may need to rely on the firearms to establish this fact. The government should not be penalized for the defendant's refusal to agree to a solution that would be more efficient for both the parties and the Court.

In his motion, the defendant does not even attempt to engage with the government's justification for introducing the firearm evidence. Instead, he merely states in a conclusory fashion that the evidence is an "inflammatory tangent" that "has nothing to do with any element of the charged offenses." Def. Mot. at 9. But as described, the firearms bear on the central issue of whether the evidence seized from the residence belong to the defendant, and not the two other individuals staying at the residence. *See Slaughter-Payne v. Shinseki*, 522 F. App'x 409, 410 (9th Cir. 2013) (noting the "low bar for relevancy under Federal Rule of Evidence 401").

Evidence of the defendant's lawfully owned firearms would also not be unduly prejudicial under Federal Rule of Evidence 403. The government does not dispute that the defendant *legally* possessed the firearms, so it is unclear what the risk of unfair prejudice would be. Unsurprisingly, the defendant fails to identify any case that holds evidence concerning lawfully owned firearms that belonged to the defendant was unduly prejudicial. Indeed, the defendant's cited cases are easily distinguishable. In *Schagene v. Mabus*, the court excluded evidence that an employee *illegally* brought a gun to a federal facility. No. 13CV0333-WQH-RBB, 2015 WL 13566925, at *2 (S.D. Cal. Mar. 10, 2015). And in *United States v. Hitt*, the court excluded a photograph that displayed dozens of

3

weapons that *did not belong to* the defendant, explaining that the jury "must have assumed" incorrectly that the weapons belonged to the defendant.[2] At least one other Ninth Circuit case distinguished *Hitt* on similar grounds. *See United States v. Bascue*, 97 F.3d 1461 (9th Cir. 1996) (admitting photographs of firearms and distinguishing *Hitt* because "this is not a case in which the jury wrongly was led to believe that weapons belonged to the defendants when in fact the weapons belonged to someone else"). In sum, the danger of "unfair prejudice, confusion of the issues and of misleading the jury" does not "substantially" outweigh the evidence's probative value. *See* Fed. R. Evid. 403.

## II. CONCLUSION

For these reasons, the Court should deny the defendant's motion in limine seeking to preclude evidence about his firearms.

---

[2] The court in *Hitt* also rested its holding on the evidence's "exceedingly small" probative value. 981 F.2d at 424. There, the defendant was convicted of possessing an unregistered machine gun. *Id*. at 423. The defendant admitted to owning the firearm in question, only arguing that the firearm was defective internally, and so it would not rapid-fire in the manner of a machine gun. *Id*. The government sought to introduce the photograph to demonstrate that the firearm at issue was not defective, but the court concluded the probative value was minimal, because the defendant's argument rested on its internal parts, not its external shell that appeared in the photograph. *Id*. Far from the "exceedingly small" probative value, as explained, the firearms are necessary to link the defendant to the evidence seized from a residence shared by three people.