1 | DAVID C. WEISS
2 | Special Counsel
  | LEO J. WISE
3 | Principal Senior Assistant Special Counsel
  | DEREK E. HINES
4 | Senior Assistant Special Counsel
5 | SEAN F. MULRYNE
  | CHRISTOPHER M. RIGALI
6 | Assistant Special Counsels
7 |    950 Pennsylvania Avenue NW, Room B-200
  |    Washington, D.C. 20530
8 |    Telephone: (771) 217-6090
9 |    E-mail:    LJW@usdoj.gov, DEH@usdoj.gov
  |    E-mail:    SFM@usdoj.gov; CMR@usdoj.gov
10 |
11 | Attorneys for Plaintiff
12 | UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:24-cr-00091-ODW |
|---|---|
| Plaintiff, | **JOINT PROPOSED JURY INSTRUCTIONS** |
| v. | |
| ALEXANDER SMIRNOV, | Trial Date:   December 3, 2024 |
| Defendant. | Trial Time:   9:00 a.m. |
| | Location:   Courtroom of the Hon. Otis Wright |

The parties— the Plaintiff, United States of America, by and through its counsel of record, and Defendant Alexander Smirnov, by and through his counsel of record— pursuant to the Court's April 12, 2024 Order Continuing Trial (ECF 65), which

i

incorporates by reference the parties' joint stipulation (ECF 64) submit their Proposed Joint Jury Instructions for the trial of defendant Alexander Smirnov.

Unless otherwise noted, the parties have used the most recent version (as of December 2023) of the Model Criminal Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated:    November 18, 2024

Respectfully submitted,

DAVID C. WEISS
Special Counsel


_____/s/_____          _____/s/_____
LEO J. WISE                      DAVID Z. CHESNOFF, ESQ.
Principal Senior Assistant Special   *Pro Hae Vice*
Counsel                          RICHARD A. SCHONFELD, ESQ.
DEREK E. HINES                   CHESNOFF & SCHONFELD
Senior Assistant Special Counsel   520 South Fourth Street
                                 Las Vegas, Nevada 89101
SEAN F. MULRYNE                  Telephone: (702) 384-5563
CHRISTOPHER M. RIGALI           dzchesnoff@cslawoffice.net
Assistant Special Counsels       rschonfeld@cslawoffice.net

Attorneys for Plaintiff          Counsel for Alexander Smirnov
UNITED STATES OF AMERICA

ii

# I.    INDEX OF PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| 1 | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury] | 1 |
| 2 | Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No 1.2 (2022 ed.) [Presumption of Innocence] | 2 |
| 3 | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.3 (2022 ed.) [What is Evidence] | 3 |
| 4 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.4 (2022 ed.) [What is Not Evidence] | 4 |
| 5 | Direct & Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No 1.5 (2022 ed.) [Direct and Circumstantial Evidence] | 5 |
| 6 | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No 1.6 (2022 ed.) [Ruling on Objections] | 6 |
| 7 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No 1.7 (2022 ed.) [Credibility of Witnesses] | 7 |
| 8 | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.8 (2022 ed.) [Conduct of the Jury] | 9 |
| 9 | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No 1.9 (2022 ed.) [No Transcript Available to Jury] | 12 |
| 10 | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No 1.10 (2022 ed.) [Taking Notes] | 13 |
| 11 | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No 1.11 (2022 ed.) [Outline of Trial] | 14 |
| 12 | Questions to Witnesses by Jurors | Ninth Circuit Model Criminal Jury Instructions, No 1.12 (2022 ed.) [Questions to Witnesses by Jurors] | 15 |

| 13 | Bench Conferences & Recesses | Ninth Circuit Model Criminal Jury Instructions, No 1.16 (2022 ed.) [Bench Conferences and Recesses] | 16 |
|----|------|------|----|
| 14 | Cautionary Instructions | Ninth Circuit Model Criminal Jury Instructions, No 2.1 (2022 ed.) [Cautionary Instructions] | 17 |
| 15 | Stipulations of Facts | Ninth Circuit Model Criminal Jury Instructions, No 2.3 (2022 ed.) [Stipulations of Facts] | 19 |
| 16 | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No 3.1 (2022 ed.) [Statements by Defendant or Codefendant] | 20 |
| 17 | Impeachment Evidence – Witness | Ninth Circuit Model Criminal Jury Instructions, No 3.8 (2022 ed.) [Impeachment Evidence - Witness] | 21 |
| 18 | Charts & Summaries Not Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No 3.16 (2022 ed.) [Charts and Summaries Not Admitted into Evidence] | 22 |
| 19 | Duty of Jury to Find Facts & Follow Law | Ninth Circuit Model Criminal Jury Instructions, No 6.1 (2022 ed.) [Duty of Jury to Find Facts and Follow Law] | 23 |
| 20 | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No 6.2 (2022 ed.) [Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof] | 24 |
| 21 | Defendant's Decision Not to Testify | Ninth Circuit Model Criminal Jury Instructions, No 6.3 (2022 ed.) [Defendant's Decision Not to Testify] | 25 |
| 22 | Defendant's Decision to Testify | Ninth Circuit Model Criminal Jury Instructions, No 6.4 (2022 ed.) [Defendant's Decision to Testify] | 26 |
| 23 | Reasonable Doubt - Defined | Ninth Circuit Model Criminal Jury Instructions, No 6.5 (2022 ed.) [Reasonable Doubt - Defined] | 27 |

iv

| 24 | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.6 (2022 ed.) [What is Evidence] | 28 |
|---|---|---|---|
| 25 | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.7 (2022 ed.) [What is Not Evidence] | 29 |
| 26 | Direct & Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No 6.8 (2022 ed.) [Direct and Circumstantial Evidence] | 30 |
| 27 | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) [Credibility of Witnesses] | 31 |
| 28 | Separate Consideration of Multiple Counts | Ninth Circuit Model Jury Instructions, No. 6.11 (2022 ed.) [Separate Consideration of Multiple Counts] | 33 |
| 29 | On or About Defined | Ninth Circuit Model Criminal Jury Instructions, No 6.18 (2022 ed.) [On or About Defined] | 34 |
| 30 | False Statement to Government Agency (18 U.S.C. § 1001) | Ninth Circuit Model Criminal Jury Instructions, No 24.10 (Rev'd. Mar. 2024) [False Statement to Government Agency (18 U.S.C. § 1001)] | 35 |
| 31 | Obstruction of Justice – Destruction, Alteration or Falsification of Records in Federal Investigations and Bankruptcy (18 U.S.C. § 1519) | Ninth Circuit Model Criminal Jury Instructions, No 19.4 (Rev'd. June 2021) [Obstruction of Justice – Destruction, Alteration or Falsification of Records in Federal Investigations and Bankruptcy (18 U.S.C. § 1519)] | 36 |
| 32 | Aiding and Abetting (18 U.S.C. § 2(b)) | Ninth Circuit Model Criminal Jury Instructions, No 4.2 (2022 ed.) [Aiding and Abetting (18 U.S.C. § 2(b))] | 37 |
| 33 | Knowingly | Ninth Circuit Model Criminal Jury Instructions, No 4.8 (2022 ed.) [Knowingly]. | 38 |

v

| 34 | Venue | Ninth Circuit Model Criminal Jury Instructions, No 6.19 (2022 ed.) (rev'd Mar. 2024) 6.32 [Venue] | 39 |
| --- | --- | --- | --- |
| 35 | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No 6.19 (2022 ed.) [Duty to Deliberate] | 40 |
| 36 | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No 6.20 (2022 ed.) [Consideration of Evidence – Conduct of the Jury] | 42 |
| 37 | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No 6.21 (2022 ed.) [Use of Notes] | 44 |
| 38 | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No 6.22 (2022 ed.) [Jury Consideration of Punishment] | 45 |
| 39 | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No 6.23 (2022 ed.) [Verdict Form] | 46 |
| 40 | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No 6.24 (2022 ed.) [Communication with Court] | 47 |
| 41 | Post-Discharge Instruction | Ninth Circuit Model Criminal Jury Instructions, No 6.31 (2022 ed.) [Post-Discharge Instruction] | 48 |

## I.    PRELIMINARY INSTRUCTIONS

## JOINT PROPOSED INSTRUCTION NO. 1

### Duty of Jury

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) (rev'd Mar. 2024) [Duty of Jury]

1

**JOINT PROPOSED INSTRUCTION NO. 2**

**Presumption of Innocence**

This is a criminal case brought by the United States government. The government charges the defendant with knowingly and willfully making a false statement to the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001, and knowingly causing the making of a false entry in an FBI form with the intent to impede, obstruct, and influence a matter within the jurisdiction of the United States Department of Justice, in violation of 18 U.S.C. §§ 1519 and 2(b). The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.2 (2022 ed.) [Presumption of Innocence]

**JOINT PROPOSED INSTRUCTION NO. 3**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.


<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.3 (2022 ed.) [What is Evidence]

3

**JOINT PROPOSED INSTRUCTION NO. 4**

**What Is Not Evidence**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.4 (2022 ed.) [What is Not Evidence]

4

**JOINT PROPOSED INSTRUCTION NO. 5**

**Direct & Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.5 (2022 ed.) [Direct and Circumstantial Evidence]

**JOINT PROPOSED INSTRUCTION NO. 6**

**Ruling on Objections**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.6 (2022 ed.) [Ruling on Objections]

6

**JOINT PROPOSED INSTRUCTION NO. 7**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what

7

happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

 The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.7 (2022 ed.) (rev'd Mar. 2024) [Credibility of Witnesses]

## JOINT PROPOSED INSTRUCTION NO. 8

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to

9

the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.8 (2022 ed.) [Conduct of the Jury]

**JOINT PROPOSED INSTRUCTION NO. 9**

**No Transcript Available to Jury**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.9 (2022 ed.) [No Transcript Available to Jury]

**JOINT PROPOSED INSTRUCTION NO. 10**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.10 (2022 ed.) [Taking Notes]

13

**JOINT PROPOSED INSTRUCTION NO. 11**

**Outline of Trial**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Source: Ninth Circuit Model Criminal Jury Instructions, No 1.11 (2022 ed.) [Outline of Trial]

14

## JOINT PROPOSED INSTRUCTION NO. 12

### Questions to Witnesses by Jurors

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.12 (2022 ed.) [Questions to Witnesses by Jurors]

15

## JOINT PROPOSED INSTRUCTION NO. 13

### Bench Conferences and Recesses

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 1.16 (2022 ed.) [Bench Conferences and Recesses]

## II.    INSTRUCTIONS DURING THE TRIAL

**JOINT PROPOSED INSTRUCTION NO. 14**

**Cautionary Instruction**

*At the End of Each Day of the Case*:

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

*At the Beginning of Each Day of the Case*:

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (*in open court*): If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands.] I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (*during voir dire with each juror, individually*): Have you

17

learned about or shared any information about this case outside of this courtroom? . . .
Thank you for your careful adherence to my instructions.]

Source: Ninth Circuit Model Criminal Jury Instructions, No 2.1 (2022 ed.) [Cautionary
Instructions]

18

## JOINT PROPOSED INSTRUCTION NO. 15

### Stipulations of Fact

[IF APPLICABLE]

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.


Source: Ninth Circuit Model Criminal Jury Instructions, No 2.3 (2022 ed.) [Stipulations of Facts]

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JOINT PROPOSED INSTRUCTION NO. 16

### Statements by Defendant

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.1 (2022 ed.) [Statements by Defendant or Codefendant]

20

## JOINT PROPOSED INSTRUCTION NO. 17

### Impeachment Evidence—Witness

[IF APPLICABLE]

You have heard evidence that [_name of witness_], a witness, [_specify basis for impeachment_].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.8 (2022 ed.) [Impeachment Evidence - Witness]

21

**JOINT PROPOSED INSTRUCTION NO. 18**

**Charts and Summaries Not Admitted into Evidence**

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 3.16 (2022 ed.) [Charts and Summaries Not Admitted into Evidence]

### III.    INSTRUCTIONS AT END OF CASE
### JOINT PROPOSED INSTRUCTION NO. 19
#### Duty of the Jury to Find Facts and Follow Law

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases[.][, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.]

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.1 (2022 ed.) [Duty of Jury to Find Facts and Follow Law]

23

1

## JOINT PROPOSED INSTRUCTION NO. 20

2

**Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of**

3

**Proof**

4

The indictment is not evidence. The defendant has pleaded not guilty to the charges.

5

The defendant is presumed to be innocent unless and until the government proves the

6

defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to

7

testify or present any evidence. The defendant does not have to prove innocence; the

8

government has the burden of proving every element of the charges beyond a reasonable

9

doubt.

10

11

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.2 (2022 ed.) [Charge

12

Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof]

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

1
2

## JOINT PROPOSED INSTRUCTION NO. 21

### Defendant's Decision Not to Testify

3  [IF APPLICABLE]

4       A defendant in a criminal case has a constitutional right not to testify.  In arriving at

5  your verdict, the law prohibits you from considering in any manner that the defendant did

6  not testify.

7

8  <u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.3 (2022 ed.) [Defendant's

9  Decision Not to Testify]

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT PROPOSED INSTRUCTION NO. 22**

**Defendant's Decision to Testify**

[IF APPLICABLE]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.


<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.4 (2022 ed.) [Defendant's Decision to Testify]

## JOINT PROPOSED INSTRUCTION NO. 23

### Reasonable Doubt – Defined

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.5 (2022 ed.) [Reasonable Doubt - Defined]

1

## JOINT PROPOSED INSTRUCTION NO. 24

## What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.6 (2022 ed.) [What is Evidence]

28

## JOINT PROPOSED INSTRUCTION NO. 25

### What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.7 (2022 ed.) [What is Not Evidence]

## JOINT PROPOSED INSTRUCTION NO. 26

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.8 (2022 ed.) [Direct and Circumstantial Evidence]

30

# JOINT PROPOSED INSTRUCTION NO. 27

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

- First, the opportunity and ability of the witness to see or hear or know the things testified to;

- Second, the witness's memory;

- Third, the witness's manner while testifying;

- Fourth, the witness's interest in the outcome of the case, if any;

- Fifth, the witness's bias or prejudice, if any;

- Sixth, whether other evidence contradicted the witness's testimony;

- Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

- Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these

31

differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias[, conscious or unconscious,] based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.9 (2022 ed.) (rev'd. Mar. 2024) [Credibility of Witnesses]

## JOINT PROPOSED INSTRUCTION NO. 28

### Separate Consideration of Multiple Counts

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.11 (2022 ed.) [Separate Consideration of Multiple Counts]

**JOINT PROPOSED INSTRUCTION NO. 29**

**On or About – Defined**

The indictment charges that the offenses alleged in Counts One and Two were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in Counts One and Two of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.18 (2022 ed.) [On or About Defined]

34

**JOINT PROPOSED INSTRUCTION NO. 30**

**False Statement to Government Agency**

**(18 U.S.C. § 1001)**

*[The parties have not reached agreed as to a joint submission for this instruction. The parties disputed instructions shall be filed separately.]*

35

## JOINT PROPOSED INSTRUCTION NO. 31

### Obstruction of Justice – Destruction, Alteration, or Falsification of Records in Federal Investigation (18 U.S.C. §§ 1519 & 2)

The defendant is charged in Count Two of the indictment with obstruction of justice in violation of Section 1519 of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly made a false entry in a record or document, or caused another to do so; and

Second, the defendant acted with the intent to impede, obstruct, or influence an actual or contemplated investigation of a matter within the jurisdiction of the Federal Bureau of Investigation, which is a department or agency of the United States.

The government need not prove that the defendant's sole or even primary intention was to obstruct justice so long as the government proves beyond a reasonable doubt that one of the defendant's intentions was to obstruct justice.  The defendant's intention to obstruct justice must be substantial.

Source: Ninth Circuit Model Criminal Jury Instructions, No 19.4 (2022 ed.) (rev'd. June 2021) [Obstruction of Justice – Destruction, Alteration or Falsification of Records in Federal Investigations and Bankruptcy (18 U.S.C. § 1519)].

36

## JOINT PROPOSED INSTRUCTION NO. 32
### Aiding and Abetting (18 U.S.C. § 2(b))

A defendant may be found guilty of the crimes charged even if the defendant did not personally commit the acts constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States.  A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed the element himself.

Source: Ninth Circuit Model Criminal Jury Instructions, No 4.2 (2022 ed.) [Aiding and Abetting (18 U.S.C. § 2(b))].

# JOINT PROPOSED INSTRUCTION NO. 33

## Knowingly

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 4.8 (2022 ed.) [Knowingly].

## JOINT PROPOSED INSTRUCTION NO. 34

### Venue

The indictment alleges that some act or acts in furtherance of the crime charged occurred in the Central District of California. There is no requirement that all aspects of the crime charged take place here in the Central District of California. Before you may return a verdict of guilty, however, if that is your decision, the government must convince you that the defendant made the false statement in the Central District of California which includes Los Angeles, Ventura, San Luis Obispo, Santa Barbara, Orange, Riverside, and San Bernardino counties.

Unlike all the specific elements of the crimes charged that I have described elsewhere in these instructions, this fact regarding venue need only be proven by a preponderance of the evidence. This means the government need only convince you that it is more likely than not that the defendant made the false statement in the Central District of California.

The government, however, must prove all the offense-specific elements of any crime charged, as I have described elsewhere in these instructions, beyond a reasonable doubt. The lesser standard of preponderance of the evidence only applies to your decision on the issue of venue.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.32 (2022 ed.) (rev'd Mar. 2024) [Venue]; *United States v. Fortenberry*, 89 F.4th 702, 712 (9th Cir. 2023).

39

## JOINT PROPOSED INSTRUCTION NO. 35

### Duty to Deliberate

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases[.] [, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.]

40

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.19 (2022 ed.) (rev'd Mar. 2024) [Duty to Deliberate]

## JOINT PROPOSED INSTRUCTION NO. 36

### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

42

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.20 (2022 ed.) [Consideration of Evidence – Conduct of the Jury]

43

## JOINT PROPOSED INSTRUCTION NO. 37

### Use of Notes

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.21 (2022 ed.) [Use of Notes]

## JOINT PROPOSED INSTRUCTION NO. 38

### Jury Consideration of Punishment

The punishment provided by law for these crimes is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

<u>Source</u>: Ninth Circuit Model Criminal Jury Instructions, No 6.22 (2022 ed.) [Jury Consideration of Punishment]

.

45

## JOINT PROPOSED INSTRUCTION NO. 39

### Verdict Form

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.23 (2022 ed.) [Verdict Form]

46

## JOINT PROPOSED INSTRUCTION NO. 40

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.24 (2022 ed.) [Communication with Court]

47

## JOINT PROPOSED INSTRUCTION NO. 41

### Post-Discharge Instruction

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence.  Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.

Source: Ninth Circuit Model Criminal Jury Instructions, No 6.31 (2022 ed.) [Post-Discharge Instruction]

48