DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
* * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS: |
| | ) | 2:24-CR-00091-ODW |
| | ) | 2:24-CR-00702-ODW |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S RESPONSE IN** |
| | ) | **OBJECTION TO PRESENTENCE** |
| v. | ) | **REPORT GUIDELINE** |
| | ) | **CALCULATION** |
| ALEXANDER SMIRNOV, | ) | |
| | ) | **Honorable Otis D. Wright** |
| Defendant, | ) | **January 8, 2025 at 10:30 a.m.** |
| _____ | ) | |

Comes Now, Defendant Alexander Smirnov, by and through his counsel of record, David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., of the law firm of Chesnoff & Schonfeld, and hereby submits his Response in Objection to the Presentence Report Guideline Calculation.

This Objection is made and based upon the papers and pleadings on file herein, any exhibits to this Memorandum, and any argument that is heard or testimony that is adduced.

Dated this 7th day of January, 2025.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant
ALEXANDER SMIRNOV

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      The PSR Calculates the Guideline Range as Follows:**

A. **Falsification of Records (Count 2):**

| | |
|---|---|
| Base Offense Level 2J1.2(a): | 14 |
| Substantial Interference with Administration of Justice 2J1.2(b)(2): | 3 |
| Destruction or Alteration of an Especially Probative or Essential Record 2J1.2(b)(3) | 2 |
| Official Victim 3A1.2(A) | 3 |
| Abuse of Position of Trust 3B1.3 | 2 |
| Total Offense Level before Acceptance of Responsibility | 24 |

**B. Count Group 2 (Tax Counts):**

| | |
|---|---|
| Base Offense Level 2T4.1(H) | 20 |
| Sophisticated Means 2T1.1(b)(2) | 2 |
| Total Offense Level Before Acceptance of Responsibility | 22 |

**C. Multiple Count Adjustment:**

| | |
|---|---|
| Two Units are Assessed 3D1.4(a), (b) and (c) | 2 |

**D. Combined Offense Level:**

| | |
|---|---|
| Combined Adjusted Offense Level (prior to Acceptance of Responsibility and Zero-Point Offender | 26 |

**E. Acceptance of Responsibility:**

Acceptance of Responsibility 3E1.1(a) and (b)                    -3

**F. Zero Point Offender:**

Zero Point Offender 4C1.1                                        -2

**G. Total Offense Level:**

Total Offense Level                                             21

**H. Sentencing Range:**

37 to 46 months.

The Defendant, as outlined below, objects to the enhancement of 3 levels under 2J1.2(b)(2), and two levels under 2J1.2(b)(3) but still requests that the Court apply an upward variance to a sentence of 48 months.

**II.    Objections to the Proposed Enhancements:**

**A.    Substantial Interference with Administration of Justice/ Unnecessary Expenditure of Substantial Government Resources 2J1.2(b)(2):**

Under the precedent, a three-level enhancement under U.S.S.G. § 2J1.2(b)(2) (for "substantial interference with the administration of justice") is permitted only where the "substantial interference" enhancement is distinct from the already-applied guideline governing the "obstruction of justice" conviction. Where both penalties encompass the same conduct, however, impermissible "double counting"

has occurred. See, e.g., *United States v. Hahn*, No. 20-10417, 2022 WL 16707180, at *2 (9th Cir. Nov. 4, 2022) ("Nguyen claims there was double counting at sentencing when the district court applied a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.)

Thus, the proposed enhancement only applies where the conduct it seeks to punish was different from the obstruction of justice crime of conviction and constituted "a significant further obstruction" within the meaning of Application Note 7. See id.; *United States v. Fries*, 781 F.3d 1137, 1153-54 (9th Cir. 2015) (enhancement justified where defendant was convicted of obstruction and the enhancement accounted for obstructive conduct that was not encompassed by the crime of conviction). For the same reason, the district court did not double-count that conduct toward the U.S.S.G. § 2J1.2(b)(2) sentencing enhancement. There was no abuse of discretion.")

These principles show that the enhancement is inapplicable here. The Government's sentencing memorandum, which promotes this enhancement, ignores *Fries*—and, indeed, cites nothing—to support its claim for the enhancement under U.S.S.G. § 2J1.2(b)(2). Instead, the crux of the government's argument is that Mr. Smirnov's "obstruction" (an indictment-based charge to which he pled guilty) resulted in a costly Congressional investigation into (among other persons) the recently pardoned Hunter Biden, the sitting President's son.

But even if costly, the hearings resulted from an independent decision made by the legislative branch, and not by the sometimes informal communications that Mr. Smirnov sent to his FBI handler. Stated slightly differently, it was a Congressional subcommittee's independent decision that proximately caused the costly hearings; to say that Mr. Smirnov's communications to his FBI handler ended up "causing" (in a legal sense) Congressional hearings years later is not the conduct contemplated by the Sentencing Commission when considering USSG § 2J1.2(b)(2). By pleading guilty to obstruction, Mr. Smirnov agrees and admits that he threw his handler and the FBI off-track; but under the analysis for USSG § 2J1.2(b)(2), the unforeseeable legislative decisions that were made years later in Washington cannot be the basis for this enhancement. See, e.g., *United States v. Tankersley*, 296 F.3d 620, 624 (7th Cir. 2002) ("The conduct upon which the district court enhanced Tankersley's sentence did not obstruct the investigation or prosecution of the instant offense, rather it obstructed the administration of justice with respect to the FTC civil proceedings. Therefore, as the government conceded at oral argument, the district court's basis for enhancing Tankersley's sentence was erroneous."). Mr. Smirnov thus requests that this proposed enhancement not apply.

Additionally, the only assertion by the government and the PSR related to this enhancement (which does not address the double counting) is that substantial government resources were expended. For the Court to impose the enhancement

6

based upon that argument, evidence would have to be produced by the government

to (1) identify a particular expenditure of governmental resources (time or money),

(2) which but for the defendant's conduct would not have been expended, and (3)

was "substantial" in amount. *United States v. Tackett*, 193 F.3d 880, 887 (6th Cir.

1999). The government has failed in those efforts.

**B.    Especially Probative or Essential Record U.S.S.G. § 2J1.2(b)(3)**

The enhancement in U.S.S.G. § 2J1.2(b)(3) requires that the conduct involve

the selection of any essential or especially probative record, document, or tangible

object, to destroy or alter. In Mr. Smirnov's case, however, no documents were

destroyed or altered. The charge is premised on a verbal false statement that was

later placed into document form by the FBI. The fact that the FBI created a record

thereafter does not support the enhancement for destroying or altering a document.

Thus, in *United States v. Kesoyan*, 782 Fed. Appx. 576 (9th Cir. 2019), the

Court stated in part:

> In applying the enhancement, the district court relied on *United States v.
> Mathews*, 874 F.3d 698 (11th Cir. 2017), which it found both factually
> analogous and legally persuasive. We similarly find the case persuasive. In
> Mathews, the Eleventh Circuit held application of the enhancement was
> proper where a [VA] hospital nurse falsified entries in a patient's medical
> chart that were essential "to the VA's investigation into the [p]atient's quality
> of care and would furnish, establish, or contribute toward proof (i.e., be
> especially probative) on that point." *Mathews*, 874 F.3d at 705 (original
> alterations and internal quotation omitted). Kesoyan similarly falsified records
> "in order to derail and deceive [an] investigation." *Id*.

7

*Id.*; see also *United States v. Al Qatamin*, 816 Fed. Appx. 814, 820 (4th Cir. 2020) (defendant "challenge[d] the district court's imposition of a[n] . . . enhancement under § 2J1.2(b)(3)," contending "that because he merely omitted certain records turned over to the FBI, his conduct does not fall within § 2J1.2(b)(3)'s scope, which refers to altering or destroying records;" Court assumes any error was harmless).

### III.    Defendant's Proposed Guideline Calculation:

| | |
|---|---|
| Base Offense Level 2J1.2(a): | 14 |
| Official Victim 3A1.2(A) | 3 |
| Abuse of Position of Trust 3B1.3 | 2 |
| Total Offense Level before Acceptance of Responsibility | 19 |

### A. Count Group 2 (Tax Counts):

| | |
|---|---|
| Base Offense Level 2T4.1(H) | 20 |
| Sophisticated Means 2T1.1(b)(2) | 2 |
| Total Offense Level Before Acceptance of Responsibility | 22 |

### B. Multiple Count Adjustment:

| | |
|---|---|
| Two Units are Assessed 3D1.4(a), (b) and (c) | 2 |

### C. Combined Offense Level:

| | |
|---|---|
| Combined Adjusted Offense Level (prior to Acceptance of Responsibility and Zero-Point Offender | 24 |

**D. Acceptance of Responsibility:**

Acceptance of Responsibility 3E.1.1(a) and (b)                                    -3

**E. Zero Point Offender:**

Zero Point Offender 4C1.1                                                          -2

**F.  Total Offense Level:**

Total Offense Level                                                               19

**G. Sentencing Range:**

30 to 37 months[1].

/ / /

---

[1] It should be noted that both the government and the probation report identify a potential upward departure under USSG 3A1.2 for "exceptionally high level official victim".  This upward departure is not applicable to the instant sentencing as the false statement for which Mr. Smirnov was charged with and pled guilty to was made in  June of 2020 as reflected in paragraphs 22 and 23 of the PSR and paragraph 2 of Count 2 on page 37 of the Indictment (Dkt 1 in case number 2:24-cr-00091-ODW).  In June of 2020 President Joseph Biden was not an "exceptionally high level official" as defined by USSG 3A1.2, as he was not the President or the Vice President.

## IV.    CONCLUSION:

The Defendant respectfully requests that the Court vary upward from the guideline calculation and sentence him to a total term of imprisonment of 48 months with one year of supervised release.

DATED this 7th day of January, 2025.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/  David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
Attorneys for Defendant
ALEXANDER SMIRNOV

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 7th day of January, 2025, I caused the forgoing

document to be filed electronically with the Clerk of the Court through the CM/ECF

system for filing; and served on counsel of record via the Court's CM/ECF system.

<u>/s/ Camie Linnell</u>
Employee of Chesnoff & Schonfeld