DAVID Z. CHESNOFF, ESQ.
Pro Hac Vice
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant, ALEXANDER SMIRNOV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. 2:24-CR-00091-ODW |
| Plaintiff, | DEFENDANT'S *EX PARTE* MOTION TO AMEND JUDGMENT OF CONVICTION |
| v. | (ECF NO. 216) |
| ALEXANDER SMIRNOV, | |
| Defendant. | Honorable Otis D. Wright II |

COMES NOW, Defendant, ALEXANDER SMIRNOV ("Mr. Smirnov"), by and through his attorneys, DAVID Z. CHESNOFF, ESQ., and RICHARD A. SCHONFELD, ESQ., of the law firm of CHESNOFF & SCHONFELD, and hereby moves this Honorable Court *Ex Parte* to enter an order amending the Judgment of Conviction (ECF No. 216), dated Jan. 8, 2025.

1

This *Ex Parte* Motion is made and based upon the attached Memorandum of Points and Authorities.

The government has advised as follows in response to the present *Ex Parte* Motion: "The government does not believe the J&C is unclear. However, the government does not oppose amending the J&C to include the language used by the court during the oral pronouncement of the sentence."

Dated this 13th day of January 2025.

Respectfully Submitted:

CHESNOFF & SCHONFELD

/s/ David Z. Chesnoff
DAVID Z. CHESNOFF, ESQ.
*Pro Hac Vice*
RICHARD A. SCHONFELD, ESQ.
California Bar No. 202182
520 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702)384-5563
dzchesnoff@cslawoffice.net
rschonfeld@cslawoffice.net
Attorneys for Defendant ALEXANDER SMIRNOV

## MEMORANDUM AND POINTS AND AUTHORITIES

On January 8, 2025, Defendant Alexander Smirnov was sentenced pursuant to his guilty plea agreement with the government. Pursuant to that agreement, Mr. Smirnov (who has been in continuous federal custody since February 22, 2024, and who was in federal custody for several days before then) pled guilty to one count of Falsification of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519, and several counts of Tax Evasion, in violation of 28 U.S.C. § 7201.

In imposing a custodial sentence at the high-end of the sentencing range specified in the plea agreement, this Court stated (at pp. 51-52): "Count 2 of indictment 91, the sentence on Count 2 is 72 months. With respect to indictment 702, Count 1 of that indictment is a sentence of 60 months. Count 5 of indictment 702 is also a term of imprisonment of 60 months, concurrently with the term of 60 months on Count 1. Count 8 on indictment 702 is 12 months, and that will be consecutive to the terms imposed on Counts 1 and 5 of indictment 702. And the terms imposed on indictment 702 are to run concurrently with the terms of imprisonment imposed in 91. In the final analysis, the total term of imprisonment on both indictments, all four counts, is 72 months."

The written judgment, on the other hand, states: "72 months on Count 2 in case CR 24-00091. This term consists of 60 months on Count 1 and Count 5 of the Indictment in case CR 24-00702, such terms to run concurrently, and 12 months on

Count 8 of the Indictment in Docket No. CR 24-00702, to be served consecutively to Counts 1 and 5." ECF No. 216 at 1.

Mr. Smirnov respectfully submits that the written order might contain an inadvertent, latent ambiguity that could result in Mr. Smirnov not receiving concurrent sentences and not receiving the "total term of imprisonment on both indictments, all four counts" of 72 months.

In fact, nowhere in the Judgment does it state that case number CR 24-00702 is to run concurrent to case number CR 24-00091.

Mr. Smirnov respectfully submits that this Court file an Amended Judgment of Conviction that replaces the written language from ECF No. 216 with the following:

> The sentence on Count 2 of the indictment in case number CR 24-00091 is 72 months.
>
> With respect to the indictment in case number CR 24-00702, as to Count 1, the sentence is 60 months. As to Count 5, the sentence is 60 months concurrent with Count 1. As to Count 8, the sentence is 12 months consecutive to the terms imposed on Counts 1 and 5 of that Indictment.
>
> The terms of imprisonment imposed in case number CR 24-00702 are to run concurrently with the terms of imprisonment imposed in CR 24-00091. As a result of the foregoing, the total term of imprisonment on both indictments, all four counts, is 72 months.

Entry of an Amended Judgment containing the foregoing written language will eliminate any discrepancy with the Court's in-court pronouncement and avoid

any possible sentencing ambiguity. *See, e.g., Turner v. Baker*, 912 F.3d 1236, 1239 (9th Cir. 2019) ("A scrivener's error occurs when there is a discrepancy between the court's oral pronouncement of the judgment and the written record of that judgment in the minute order or in the abstract of judgment . . . . We reasoned that when an amended judgment corrects a scrivener's error, it does not change the underlying judgment, but only the written record that erroneously reflects that judgment . . . . As a result, an amended judgment correcting a scrivener's error has no legal consequences, and thus is not a new judgment.").

## **CONCLUSION**

For the foregoing reasons, Mr. Smirnov respectfully requests that this Honorable Court grant this *Ex Parte* Motion.

Respectfully submitted,

*s/ David Z. Chesnoff*
*s/ Richard A. Schonfeld*
CHESNOFF & SCHONFELD
Attorneys for Alexander Smirnov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January 2025, I caused to be served via the Court's e-filing/e-service system a true and correct copy of the foregoing to all parties listed on the Court's Service List.

/s/ Camie Linnell
Employee of Chesnoff Schonfeld