BILAL A. ESSAYLI
United States Attorney
DAVID R. FRIEDMAN
Assistant United States Attorney
Chief, Criminal Appeals Section
312 North Spring Street, Suite 1000
Los Angeles, California 90012
Ph: (213) 894-7418
David.Friedman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-91-ODW |
|---|---|
| Plaintiff, | [PROPOSED] AMENDED AND MODIFIED PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION; PRIVACY ACT INFORMATION; GRAND JURY INFORMATION; AND SENSITIVE U.S. GOVERNMENT INFORMATION |
| v. | |
| ALEXANDER SMIRNOV, | |
| Defendant. | |

The Court has read and considered the Defendant's Unopposed Ex-Parte Motion to Modify the Protective Order that was entered at ECF No. 59, and good cause appearing, hereby enters this Amended and Modified Protective Order, which amends and modifies the Protective Order that was entered at ECF No. 59. Accordingly, the Court Orders as follows:

1. The government's discovery in this case relates to Defendant's alleged crimes, that is, violations of 18 U.S.C. §§ 1001 (false statements to law enforcement) and 1519 (causing a false and fictitious record).

2. A protective order is necessary because the government has produced to the defense materials containing third parties' personal identifying information ("PII") and

related sensitive information (e.g., private communications, financial information, personal travel records). The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners, especially in a case such as this where immense public interest and media attention are present, and where those third parties include potential trial witnesses. Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to Defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, PII and related sensitive information make up a significant part of the discovery in this case, and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that could be confusing and difficult to understand, and it could be challenging for defense counsel to adequately evaluate the case, provide advice to Defendant, or for further proceedings.

      3.    An order is also necessary because the government has produced to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a. The Court finds, to the extent that these materials contain Privacy Act information, disclosure is authorized pursuant to 5 U.S.C. § 552a(b)(11).

      4.    An order is also appropriate because the government has produced to the defense materials related to a grand jury investigation, with such materials being governed by the restrictions set forth in Federal Rule of Criminal Procedure 6(e). *See, e.g., Douglas Oil v. Petrol Stops Nw.*, 441 U.S. 211, 218, 219-22 (1979) (discussing policies underlying grand jury secrecy requirements and noting that they remain in effect after grand jury's proceedings conclude).

5.  Finally, an order is necessary because the government has produced sensitive U.S. government information, including information about confidential human source operations and other ongoing investigations.

6.  The information described in Paragraphs 2 through 5 shall collectively be referred to as "Confidential Discovery."

7.  The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information in a timely manner to adequately represent Defendant.

8.  Accordingly, the discovery that the government has provided to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

   a.  As used herein, "Defense Team" includes (1) Defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case; and (6) vendors utilized by defense counsel for purposes of processing, organizing, and/or printing discovery. The Defense Team does not include Defendant, Defendant's family members, or any other associates of Defendant.

   b.  Any and all discovery materials the government produced to Defendant and his attorneys of record in discovery that are designated as Confidential Discovery material shall be reviewed by only the Defense Team, with officials in the Executive Branch provided that counsel for the Government consents to the disclosure, and other individuals or entities as provided in this Order, as has been agreed by the parties, or as further ordered by the Court. No Confidential Discovery material or copies of any Confidential Discovery material, nor the contents of any Confidential Discovery material, shall be provided to any individual or entity except as provided in this Order, as has been agreed by the parties, or as further ordered by the Court.

  c. The Defense Team and any other individual or entity as permitted herein shall use Confidential Discovery material and its contents solely for the preparation, trial, direct appeal (if any), collateral attack (if any) of this case, and can share said Confidential Discovery with officials in the Executive Branch provided that counsel for the Government consents to the disclosure, and for no other purpose whatsoever. No additional copies of any Confidential Discovery material shall be made except as necessary for those purposes. With the exception of sharing Confidential Discovery with the Executive Branch, before first disclosing Confidential Discovery material or its contents to any member of the Defense Team (except for those employed by defense counsel's law firm), or any other individual or entity as permitted herein, defense counsel must give to that individual or entity a copy of this Order and maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded. The Defense Team shall not permit anyone other than members of the Defense Team or the Executive Branch to have possession of Confidential Discovery material, including Defendant, while outside the presence of the Defense Team.

  d. The Defense Team may review Confidential Discovery material with a witness or potential witness in this case, including Defendant, so long as a Defense Team member is present if the discovery material is being shown. Before being shown any portion of the Confidential Discovery material, however, any witness or potential witness must be informed of, and expressly agree, without qualification, to be bound by the requirements of this Order, whose terms shall be communicated to that person by a Defense Team member who is present, in accordance with the requirements set forth above in subparagraph c. As to the Defendant, he was previously advised of the content of ECF 59 which satisfies this requirement. No witness or potential witness may retain any Confidential Discovery material, or any copy thereof, after his or her review of those materials with a Defense Team member is complete, including any notes generated from those materials. Notwithstanding the foregoing, this provision will not apply to notes

taken by Defendant while consulting with his counsel of record in preparation for his defense (but see subparagraph k, designating such notes as Confidential Discovery material).

   e. The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any Confidential Discovery material containing PII or other sensitive information, including: (1) Social Security numbers, (2) names of minor children, (3) dates of birth, and (4) financial account numbers. *See* Fed. R. Crim. P. 49.1. The parties also shall apply the requirements of Rule 49.1 when showing any Confidential Discovery material containing PII or other sensitive information to any third party. In addition, public references to any names of potential witnesses in this case, including but not limited to unsealed court filings and open proceedings, shall be sufficiently anonymized or redacted as to properly safeguard the privacy and security interests of those potential witnesses. The parties will confer with one another before publicly referencing a potential witness, whether in a public filing or otherwise, to ensure there is no objection to the potential witness reference; should the parties be unable to reach an agreement, they will present the issue to this Court for resolution.

   f. Should Defendant, the Defense Team, or any of the other individuals or entities referenced herein find any material inadvertently produced by the government that is marked as classified, they shall immediately double-seal the material and all copies of the material, inform the government of such inadvertent disclosure, and make arrangements for the secure return of such material to the government.

   g. At the request of the government, Defendant, the Defense Team, and any other individuals or entities referenced herein shall return all copies of material that was inadvertently produced in discovery.

   h. Within 60 days following the conclusion of these proceedings, or any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the Confidential Discovery material disclosed by the government and any duplicates made

for the preparation, trial, direct appeal (if any), or collateral attack (if any) of this case shall be returned to the government or destroyed by the Defense Team, unless the Court (or government) gives specific written permission for an exception to this requirement.

    i. This Order applies to any and all individuals to whom the Defense Team or any other individual or entity referenced herein, pursuant to this Order, shows or discloses the contents or substance of any Confidential Discovery material produced to them by the government, but not to the Executive Branch. By signing and dating a copy of this Order, as set forth above, any person or entity that receives copies of any Confidential Discovery material produced, or to whom the contents of such material is otherwise disclosed, with the exception of the Executive Branch, submits himself, herself, or itself to the jurisdiction of this Court for all purposes, including sanctions or contempt for violation of this Order.

    j. The Defense Team shall maintain the Confidential Discovery material safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than those individuals or entities referenced herein to access the Confidential Discovery material subject to the restrictions set forth herein; (2) not divulging to anyone other the individuals or entities referenced herein the contents of the Confidential Discovery material; and (3) except as otherwise provided herein, not permitting the Confidential Discovery material to be outside the offices, homes, vehicles, or personal presence of the Defense Team.

    k. With the exception of the Executive Branch, to the extent that Defendant, the Defense Team, witnesses or potential witnesses, or any other individual or entity as permitted herein, creates notes that contain, in whole or in part, information memorialized in the Confidential Discovery material, or to the extent that copies are made for authorized use by the Defense Team, such notes, copies, or reproductions become Confidential Discovery material subject to this Order and must be handled in accordance with the terms of this Order; however, as it applies to subparagraph h above, said notes,

copies, or reproductions will be destroyed and do not have to be provided to government counsel.

l.    In the event there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of this Order before the undersigned defense counsel transfers any Confidential Discovery material to the new defense counsel. New defense counsel's written agreement to be bound by the terms of this Order must be returned to counsel for the government assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to this Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning the Confidential Discovery material to the government or destroying them in accordance with this Order.

m.    With the exception of the Executive Branch, Defense counsel shall advise Defendant and all members of the Defense Team, as well as any of the other individuals and entities referenced herein, of their obligations under this Order and ensure their agreement to follow this Order, prior to providing Defendant, members of the Defense Team, or any others as permitted herein with access to any materials subject to this Order. Notwithstanding the foregoing, this Order does not require Defense counsel to secure new signatures acknowledging the terms of this Order for discovery previously shared by Defense counsel and/or the Defense team under the terms of ECF 59.

IT IS SO ORDERED.

DATE              HONORABLE OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE