**NOT FOR PUBLICATION**

FILED

SEP 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>Defendant - Appellant. | No. 25-400<br><br>D.C. No.<br>2:24-cr-00091-ODW-1<br><br>MEMORANDUM* |
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALEXANDER SMIRNOV,<br><br>Defendant - Appellant. | No. 25-408<br><br>D.C. No.<br>2:24-cr-00702-ODW-1 |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted September 17, 2026**
Pasadena, California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: NGUYEN, R. NELSON, and DESAI, Circuit Judges.

Alexander Smirnov appeals from the district court's criminal judgments following his guilty pleas pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo whether the district court erred in interpreting the plea agreement's terms, and reviewing for clear error "whether the facts demonstrate that there was a breach of [the] plea agreement," *United States v. Salemo*, 81 F.3d 1453, 1460 (9th Cir. 1996), we dismiss in part and affirm in part.

1. Because computation of custody credit "must occur after the defendant begins his sentence," 18 U.S.C. § 3585(b) "does not authorize a district court to compute the credit at sentencing" and instead places responsibility solely on the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 333–35 (1992). To the extent the parties argue that the district court breached the plea agreement by refusing to make a nonbinding recommendation that Smirnov receive custody credit for the time he spent in pretrial detention, "a recommendation to the Bureau of Prisons is not part of a sentence and cannot be appealed." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam). Therefore, we lack jurisdiction over Smirnov's custody credit claim and dismiss that portion of the appeal.

2. To the extent the parties argue that the district court breached the plea agreement by failing to "adjust the sentence" under U.S. Sentencing Guidelines ("U.S.S.G.") section 5G1.3(b)(1), we disagree. Section 5G1.3(b) "address[es] the 'unfairness' that would result from receiving a second sentence for activities which were considered as relevant conduct in a prior proceeding." *United States v. Kimble*, 107 F.3d 712, 714–15 (9th Cir. 1997) (quoting *Witte v. United States*, 515 U.S. 389, 404 (1995)). At the time of sentencing, Smirnov had no criminal history and thus had not "already served" a period of imprisonment on an "undischarged term of imprisonment." U.S.S.G. § 5G1.3(b)(1). Because there was no basis for a sentencing adjustment, and because the plea agreement does not require one, we affirm the district court's non-application of section 5G1.3.

**DISMISSED in part and AFFIRMED in part.**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**

**A. Panel Rehearing:**

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - The proceeding involves a question of exceptional importance; or

- The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**

- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
    - **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| **COST TAXABLE** | **REQUESTED** *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*